Filed By The Court
11/21/2024 5:16 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Jacqueline Elizabeth Ard<br>Terry Frank Nicola<br>              Debtor(s). | CASE NO. 24-03611-JD<br><br>CHAPTER 13 |

**DEBTORS' MOTION FOR ORDER (I) AUTHORIZING A FURTHER EXTENSION OF TIME TO FILE ALL REMAINING SCHEDULES, CHAPTER 13 PLAN, STATEMENT OF FINANCIAL AFFAIRS, CH 13 STATEMENT OF INCOME/CALCULATION, PAYMENT ADVICES, AND STMT OF INCREASE INCOME/EXP (II) REMOVE CIVIL ACTIONS (III) TO ADJOURN THE SCHEDULED TIME OF THE 341 MEETING PURSUANT TO BANKRUPTCY RULE 1007(c) AND FRBP RULE 9006**

Jacqueline E. Ard ("Debtor 1") and Terry F. Frank ("Debtor 2") the debtors in the above captioned case (colectively, the "Debtors"), hereby move (this "Motion") for entry of an order pursuant to rules 1007(c) and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time to file all schedules of (including but not limited to the Schedule Declaration, Schedules A-J, and the Summary of Schedules), Chapter 13 Plan, Statement of Financial Affairs, Chapter 13 Statement of Income / Calculation, Copies of Payment Advices, Current Income, and the Statement of Increase Income/Exp. (collectively, the "Schedules and Statements"); to file the necessary civil action for violation of the automatic stay; and to adjourn the scheduled 341 Meeting to a later date. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, and Bankruptcy Rules 1007(c), 2003(a) and 9006(b)(1).

5. The Debtors request such extensions without prejudice to their rights to seek further extensions or waivers from the Court if needed.

## BACKGROUND

6. On October 04, 2024 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") with the United States Bankruptcy Court for the District of South Carolina (the "Court"), commencing the Debtors chapter 13 case (this "Chapter 13 Case"). The Debtors continue to handle all of their financial affairs, operate their business and manage their properties as debtors in possession pursuant to Rule 9001(5) FRBP.

7. On October 21, 2024 Debtors filed a motion requesting an extension of time to file schedules, statements, and plan documents. Order was granted, extending the deadline to file documents to November 1, 2024.

8. On November 6, 2024 Debtors filed their second request for an extension to file schedules, statements, and plan documents. The second request was granted, extending the deadline to file documents to November 18, 2024.

9. The Debtors income consists of fixed and self-employed revenue. Debtor (1) is self-employed and authorized to operate the Debtors businesses and manage all financial affiars as debtor-in-possession pursuant to § 1107(a) and 1108 of the Bankruptcy Code. Debtor (2) is totally disabled and retired from a global manufacturing company where he receives a fixed pension payment along

with a social security benefit payment.

10. The events leading up to the Petition Date are as follows: Approximately, June 2023, the Debtors begin to experience financial difficulties as a result of a number of adverse events that occurred. As the months proceeded Debtors total income declined. Debtor 2's income significantly decreased based on a loss of benefits and a spousal wage attachment. Debtor 1's income significantly decreased after experiencing abusive, harassing misconduct from Creditors resulting in a loss of business income.

11. Days prior to the Petition Date the Debtors attention was focused on handling pending legal proceedings that the Debtors were facing. The Debtors were forced to file a Chapter 13 Bankruptcy to get relief. Unfortunately, Debtors did not have the opportunity to complete the entire Bankruptcy package or gather any of the documents needed prior to filing on the Petition Date.

12. Proceeding the Petition Date, the Debtors continued to experience intimidation, interference, and collection actions from several Creditor's. These Creditor's egregious behavior demonstrates a complete and utter disregard for the Law. The Creditors willful and intentional violation of the Bankruptcy law has deprived the Debtors the opportunity for a fresh start.

13. Based on the Debtors dire financial situation the Debtors are forced to proceed *pro se*, therefore, all matters financial and legal must be handled solely by the Debtors.

14. The Creditors misconduct, coupled with the magnitude of information the Debtors must compile (located in multiple places), and the number of hours required to gather and complete the Schedules consitute a reason for "good cause" to extend the existing deadline dates, therefore, the Debtors respectfully submit this Motion.

## RELIEF REQUESTED

15. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) require the Debtors to file their Schedules within fourteen (14) days of the Petition Date unless the Court orders otherwise. The Debtors were required to file their Schedules originally on October 18, 2024. By this Motion, the Debtors respectfully request that the Court enter an order extending the time to file the Schedules and Statements through and including December 18, 2024 (an extension of 60 days from the Deadline Date) without prejudice to the Debtors' ability to request additional time should it become necessary.

16. The 341 meeting is currently set for December 2, 2024, based on the current circumstances it seems appropriate and necessary to adjourn the meeting to a later date. The adjournment would give the Debtors the opportunity to submit the remaining documents and address the misconduct of the Creditors through legal proceedings.

## BASIS FOR RELIEF

17. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors ordinarily would be required to file the Schedules and Statements within 14 days after the Commencement Date. This Court is authorized to extend the filing deadline "for cause" by Bankruptcy Rules 1007(c) and 9006(b)(l).

18. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested by the Debtors herein. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

19. To prepare their Schedules, the Debtors must compile information from various books, records, and documents relating to their creditors' claims, the assets they hold, and the contracts that they are bound by. The Debtors have filed pro se, and they are continually searching

to retain counsel regarding this matter.

20.  The Debtors have spent, and continue to spend, a considerable amount of time, energy, and resources to ensure that all requirements are met. But the Debtors have suffered severe hardship imposed by their Creditors, willful and intentional violation of the Automatic Stay order. This intentional disregard for the law has created major interference in reorganizing our financial affairs and transitioning into a successful Chapter 13 reorganization plan.

21.  In addition, the Debtors have a limited amount of resources and the adverse actions of their Creditors have made it impossible to properly and accurately reorganize their financial affairs within the time allotted, which constitutes good and sufficient cause for granting an additional extension of time to submit the required documents.

22.  Accordingly, the Debtors submit that the relief requested by this Motion is in the best interests of the Debtors, their estate, and their creditors claims because it will maximize the Debtors' likelihood of a successful reorganization. .

WHEREFORE, the Debtors respectfully request that the Court enter an Order, granting the relief requested herein and providing such other and further relief as the Court deems just and proper.

Dated: November 21, 2024

By: _____
Jacqueline Elizabeth Ard, *pro se*
239 Beach City Rd unit 3218
Hilton Head, SC 29926
Email: jacquelineard72@gmail.com

By: _____
Terry Frank Nicola, *pro se*
663 William Hilton Pkwy unit 4408
Hilton Head, SC 29928
Email: terrynicola5821@yahoo.com