Filed By The Court

01/05/25 6:07 p.m.
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

JACQUELINE ELIZABETH ARD and
TERRY FRANK NICOLA

DEBTOR(S)

Case No. 24-03611-JD
Chapter 13

**DEBTORS RESPONSE TO THE
TRUSTEES' OBJECTION TO:
MOTION TO REOPEN
DISMISSED CASE**

Jacqueline E Ard and Terry F Nicola (hereinafter referred to as the "Debtors") *pro se*, hereby respond to the Objection filed by James, M. Wyman, Trustee (the "Trustee") and would show unto this Court the following:

1.    This case was filed by voluntary petition on October 4, 2024.  The Debtors were required to file all missing documents, statements, schedules and plan within 14 days of the date of filing or by October 18, 2024.

2.    On October 18, 2024, debtors requested an extension of time to file those documents (ECF No 22). The Motion to Extend outlined the Debtors' challenges with collecting and accurately disclosing their financial affairs. ("the Debtors must compile information from various books, records, and documents relating to their creditors' claims....").

3.    On November 4, 2024 (ECF No 35), the debtors filed a second motion to extend. The Second Motion to Extend outlined the Debtors continued challenges imposed by Creditors willfully violating the automatic stay. ("the Debtors have suffered severe hardship imposed by their Creditors, willful and intentional violation of the Automatic Stay order. This intentional disregard for the law has created major interference in reorganizing our

financial affairs...") The order was granted with the new deadline of November 18, 2024. (ECF No 36).

4.    November 18, 2024, marked the 45th day of my filing.  Pursuant to 11 U.S.C. §521(a)(1) Debtors are required to file all documents required or the case would automatically dismiss, the Debtors were unaware of this provision and subsequently on or around that time filed a third Motion to Extend the deadline to submit the remaining documents. But the case was automatically dismissed on November 19, 2024.  As described in his duties, the Trustee submitted a Motion to Dismiss based on 11 USC §521.

5.    According to the Bankruptcy Code, the Chapter 13 trustee is responsible for the estate and does not represent either the creditor or the person filing for bankruptcy. The primary duties of the Chapter 13 bankruptcy trustee are as follows, Pursuant to 11 USC §704:

> The trustee shall-
> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
> (2) be accountable for all property received;
> (3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;
> (4) investigate the financial affairs of the debtor;
> (5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;
> (6) if advisable, oppose the discharge of the debtor;
> (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;
> (8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and
> (9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

6. On November 4, 2024, when I submitted my second Motion to Extend, I outlined the challenges I faced with creditors that willfully disregarded the Bankruptcy Law and committed fraud against the estate. I attempted to contact the Trustee on multiple occasions to get assistance in fighting the violations, but the Trustee was unresponsive. Based on the outlined duties of the Trustee, his core responsibility is preservation of the estate.

7. The unlawful acts of my Creditors have jeopardized the integrity of the estate. It is my belief that the Trustee is responsible for overseeing the estate and monitoring the activity of the estate. Notifying the Debtors of important deadlines to protect the integrity of the assets should be part of this process. I spoke with representatives in the trustee's office several times but no one ever made me aware that I was facing an automatic dismissal.

8. Failure to disclose this vital information initiated an automatic dismissal which allowed Creditors that act unlawfully to cease my assets. It also prevented me from taking proactive measures to protect the estate.

9. Based on the Bankruptcy code, the Trustee's main priorities is to protect the integrity of the estate so that no one Creditor gets an unfair advantage to recover assets.

10. Facilitating the automatic dismissal has exposed the estate to an enormous amount of risk. There are three Creditors that committed fraud by initiating unlawful foreclosure proceedings seeking to recover my assets.

11. These Creditors have fraudulent unsecured claims against my assets, and after I filed on October 4, 2024, they disregarded the Automatic Stay and

proceeded to violate the order by using intimidation, force, and harassment to collect their debts. This caused great financial harm as I stated in my Motion to Extend (ECF No 35), their unlawful acts and interference led to the failure to submit my required documents.

12. In my November 4, 2024, statement where I disclosed that my Creditors were committing unlawful acts, based on the Bankruptcy Law, it should have triggered a response or an investigation from the Trustee to protect the estate. The Trustees' failure to investigate the unlawful acts of these Creditors has aided in their illegal and unlawful move of my assets. These dishonest Creditors have unsecured fraudulent claims that do not warrant disbursement.

13. These Creditors have stated that the Laws of Bankruptcy have no effect on their right to claim my assets. (SEE EXHIBIT A) They have blatantly disregarded the Order of the Automatic Stay and continued their collection actions while the Automatic Stay was in place. They currently have 4 pending cases for foreclosure of my assets.

14. These Creditors have arranged for a private judicial foreclosure sale to be conducted in the office of the attorney that they have chosen to act as Special Referee over the proceedings. Their motive is to sell my properties through a private sale amongst themselves so that no equity is realized over the value of their claim. Once the unlawfully foreclose is finalized, they will resale the property at maximum value and distribute the funds amongst the group of members in their centralized enterprise.

15. Failure to reopen my Bankruptcy case will not serve in the best interest of justice. The unlawful "take over" of my most valuable assets will

force us to file a Chapter 7 Bankruptcy, resulting in the remaining 160 honest Creditors that we owe being defrauded and deprived of the opportunity to recover their claims.

16. Effectively filing a Bankruptcy is not easy for a seasoned attorney, and nearly impossible for the 2% of pro se Debtors that successfully proceed without an attorney; But filing a Bankruptcy is a right (regardless to attorney representation or non-attorney representation) of every US Citizen that qualifies for the relief. It is well known that a debtor that is self-represented has a very low rate of success due to the lack of knowledge in preparing the complicated series of paperwork that is required for submission. Trustees are assigned to assist in facilitating the flow of the filing.

17. A trustee that devotes their attention to the pro se debtor adhering to every deadline and obligation set forth within the Bankruptcy Code without disclosing or making the debtor aware of the deadlines and requirements, serves as an obstruction to the debtors' ability to successfully obtain relief.

18. When a trustee overlook's acts of fraud on the estate, holds a debtor that is self-represented to stringent requirements without notice, and objects to reopening/reinstating a case that will preserve the integrity of the estate, is counter-productive to the roles and responsibilities of a trustee.

19. Failing to communicate via phone, email, or motion of an important provision of law that automatically dismisses the case, jeopardizes the integrity of the estate. Objecting to reopening the bankruptcy case, 15 days after the Motion was submitted, and an hour and seventeen minutes before the close of business on the last day to object, just creates undue delay and further abets in the deterioration of the estate.

20. There are no statutory criteria set forth for reopening a closed case, therefore motions to reopen should be decided on a case-by-case basis, "consider[ing] the equities of each case with an eye toward the principles which underlie the Bankruptcy Code." In re Kapsin, 265 B.R. 778, 779-80 (Bankr. N.D. Ohio 2001). In considering the question of whether to reopen a closed bankruptcy case, courts generally consider the following three interests: 1) the benefit to the debtor; 2) the prejudice or detriment to the defendant and the pending litigation; and 3) the benefit to the debtors creditors. Tarrer, 273 B.R. at 732 (cites omitted). Motions to reopen are liberally granted to give debtors relief and further the "fresh start" policy. In re Winkle, 616 B.R. 896,900 (Bankr. D.N.M. 2020); In re Collis, 223 B.R. 814, 815 (Bankr. M.D. Fla. 1997).

21. There is good cause to reopen and reinstate our bankruptcy because 1) It will provide the financial relief that the Debtors need to preserve their quality of life. 2) It will not prejudice the pending litigation because there is a dispute as to the material facts of the litigation. 3) justice will be served if the debtors assets are distributed fairly and evenly amongst their creditors.

22. Our properties are in gated communities controlled by Associations that have acted unlawfully, wielding their power and authority to abuse the members. These Association members have locked us out of our home, disabled our gate entrance keys, instructed security that we are not allowed on property, and canceled our parking decals to prevent us from accessing our homes.

23. Without the protection that Bankruptcy provides, we will not have the resources to fight the unjust actions of our Creditors and protect our assets from seizure.

24. Once our case is reopened, we will Motion the court to reinstate our case, and at that time we will provide the deficient documents that are needed to satisfy our submission.

25. We look forward to working with the Trustees office in a proactive manner to eliminate delays or potential harm to the estate. Not expecting legal advice but anticipating full disclosure on the requirements needed to aid in the efficient flow of the case with a focus on obtaining a successful outcome and gaining the "fresh start" afforded by Congress.

26. The Debtors are requesting this Honorable Court to reopen our Bankruptcy case so that we can proceed with our filing and obtain a "fresh start" which would be in the best interest of the Creditors with integrity, that we owe.

WHEREFORE, the Debtors pray that this Court deny the Trustee's Objection and **GRANT** the reopening and reinstatement of our Bankruptcy which will afford us the "fresh start" that we need and the ability to preserve the integrity of the estate.

Respectfully submitted,

JACQUELINE E ARD
PRO SE DEBTOR
jacquelineard72@gmail.com

TERRY F NICOLA
PRO SE DEBTOR
terrynicola5821@yahoo.com

Dated: January 5, 2025

# Exhibit A

List of My Creditors that Willfully Violated the Automatic Stay Order

1. Ron Zold, Judy Vanderveer – Hilton Head Resort locked out of property, disabled all access to units
2. Evan Bromley – Bromley Law Firm- coordinated all owner access disabled
3. Matthew Paul, Janet Spinelli, John Curttis, Ralph Paine, Debra Schumann – towed work van
4. Palmetto Towing- illegally towed work van
5. Weston Newton – Jones, Simpson & Newton- locked out of property
6. Hilton Head Resort Council of Co-Owners- locked out of property, all access disabled
7. Estate at Westbury Owners Association- locked out of property, all access disabled
8. ADT Security- services disconnected
9. State Farm Insurance- insurance canceled
10. Allstate Insurance- insurance canceled
11. Beaufort County Sheriff's Department- continued pursuit of obtaining assets
12. Rose- Coyne Oil - removed propane tank causing water and pipe damage in home
13. Consumers Energy – services disconnected deposit added to account to restore
14. DTE- services disconnected deposit added to account to restore
15. Go Store It – locked out of units
16. HughesNet- services disconnected
17. Michelle Tyler – Palmetto Electric services disconnected deposit added to account to restore
18. PODS storage containers – locked out of unit and property auction scheduled
19. Polly Nicola- refused to return spousal payments that are non-qualifying DSO payments
20. Mark Harder- Komatsu, Matthew Hawes- Morgan Lewis, refused to cancel wage attachment and return payments
21. Taybron Law Firm- refused to cancel wage attachment and return payments
22. TitleMax- continued to call and send notices to collect debt
23. Norman's- refused to return property they held
24. Zeidman's- refused to return property, and sold all property they held as collateral for a personal loan

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Filed By The Court
01/05/25 6:07 p.m.
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re
JACQUELINE ELIZABETH ARD and
TERRY FRANK NICOLA

                        Debtors

CASE NO.: 24-03611-JD
CHAPTER 13

**CERTIFICATE OF SERVICE**

I, Jacqueline Ard, do hereby certify that I have this day served a copy of the

Debtor's Response to the Trustee's Objection to the Motion to Reopen, dated January 5,

2025, by electronically via CM/ECF Electronic Messaging System and email on the

persons listed below.

**Date: January 5, 2025**

**JACQUELINE E ARD _PRO SE_ DEBTOR**
239 BEACH CITY RD #3218
HILTON HEAD ISL, SC 29926
jacquelineard72@gmail.com

**PERSONS SERVED:**
(Served via CM/ECF)
**US Trustee's Office**
Strom Thurmond Fd Bldg
835 Assembly St ste 953
Columbia, SC 29201
USTPRegion04.CO.ECF@usdoj.gov

**James M. Wyman**
Chapter 13 Trustee
P.O. Box 997
Mt. Pleasant, SC 29465-0997
13info@charleston13.com

1 | Certificate of Service Case No. 24-03611