**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **24-03611-jd**

### ORDER DENYING AMENDED MOTION TO REOPEN DISMISSED CASE; MOOTING MOTION TO WAIVE FEE; AND SETTING SCHEDULING REQUIREMENTS

The relief set forth on the following pages, for a total of 16 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/10/2025**



Entered: 01/10/2025

*S. Jefferson Davis IV*
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No.: 24-03611-JD |
| | Chapter 13 |
| Jacqueline Elizabeth Ard and Terry Frank Nicola, | **ORDER DENYING AMENDED MOTION TO REOPEN DISMISSED CASE; MOOTING MOTION TO WAIVE FEE; AND SETTING SCHEDULING REQUIREMENTS** |
| Debtor(s). | |

Before the Court are the Motion to Reopen, filed on December 18, 2024;[1] the Amended Motion to Reopen, filed on December 19, 2024;[2] and the Motion to Waive the Fee to Reopen,[3] filed on December 31, 2024, by Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors"). Debtors' case was dismissed pursuant to the Order of Dismissal entered on November 21, 2024.[4]

## **FACTS**

Debtors, *pro se*, filed their Chapter 13 petition on October 4, 2024.[5] Debtors filed an application to pay the filing fee for the Chapter 13 petition in installments on October 4, 2024.[6] Absent from Debtors' submission were supporting documents required by 11 U.S.C. § 521(a)(1). On October 4, 2024, Debtors were provided with two notices, each notice informing the Debtors of the obligation to file certain documents. The Notice of Chapter 13 Case specifically provided Debtors with notice that this case may be dismissed if Debtors failed to file a confirmable plan or

---

[1] ECF No. 56.
[2] ECF No. 59.
[3] ECF No. 71.
[4] ECF No. 46.
[5] The Court notes that debtor Jacqueline Elizabeth Ard previously filed for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Michigan in 1997 (Case No. 97-56979-WSD) and 2011 (Case No. 11-55392-WSD). Ard obtained a discharge in both of her prior bankruptcy cases.
[6] The Court granted Debtors' application to pay the petition filing fee in installments on October 7, 2024. ECF No. 14.

1

file required documents.[7] The Clerk's Office provided further notice to Debtors that they must file the Chapter 13 Plan, the Schedules Declaration, the Summary of Schedules, Schedules A/B, Schedule C, Schedule D, Schedule E/F, Schedule G, Schedule H, Schedule I, Schedule J, a Statement of Financial Affairs, a Chapter 13 Statement of Income/Calculation, Copies of Payment Advices, and a Statement of Increased Income Expenses on or before October 18, 2024.[8]

The Chapter 13 Trustee filed a Notice of Intent to Request Dismissal or Conversion ("Notice of Intent to Dismiss") on October 9, 2024, informing Debtors that they must provide documents to the Court, including all documents required by 11 U.S.C. § 521(a)(1).[9] In this Notice of Intent to Dismiss, the Trustee noted that Debtors are required to file this information and documentation under 11 U.S.C. § 521 within the time period prescribed therein, or the case may be dismissed or converted.

Debtors filed their first Motion to Extend Time to File Schedules and Statements ("First Motion to Extend") on October 18, 2024.[10] The Court issued an Order granting Debtors' First Motion to Extend ("First Order to Extend") on October 21, 2024.[11] The First Order to Extend granted Debtors an extension of time to file the requisite schedules, statements, and plan until the earlier of: (i) five business days before the first date set for the § 341 Meeting of Creditors;[12] (ii) two business days before any hearing on a motion to extend or impose the automatic stay;[13] or (iii) November 1, 2024. The earlier of these three deadlines occurred on November 1, 2024. Debtor did not file the delinquent documents on or before November 1, 2024.

Debtors filed their Second Motion to Extend Time to File Schedules and Statements

---

[7] ECF No. 10.
[8] ECF No. 13.
[9] ECF No. 15.
[10] ECF No. 22.
[11] ECF No. 23.
[12] The § 341 meeting was set for December 2, 2024. *See* ECF No. 10.
[13] A motion to extend or impose the automatic stay was not filed in this case.

("Second Motion to Extend") on November 4, 2024.[14] Therein, Debtors stated they had "suffered severe hardship imposed by their Creditors, [sic] willful and intentional violation of the Automatic Stay Order" and alleged that their creditors' violations of the automatic stay taxed Debtors' limited resources such that Debtors were unable to properly and accurately file a plan and schedules. Debtors did not specify which creditors had violated the automatic stay or describe how the automatic stay had been violated. The Court issued an Order granting Debtors' Second Motion to Extend ("Second Order to Extend") on November 6, 2024.[15] The Second Order to Extend stipulated that Debtors must file the documents identified in the Second Motion to Extend on or before November 18, 2024, the 45th day of the case. Debtors did not file the delinquent schedules, statements, or plan on or before November 18, 2024.[16]

The Chapter 13 Trustee filed a Motion to Dismiss Case for Failure to File Documents Required under Section 521(i) ("Motion to Dismiss")[17] on November 20, 2024. Therein, the Trustee noted Debtors' failure to file and/or provide Schedules D, E/F, I, and J; a valid Declaration regarding the Schedules; Debtors' Statement of Financial Affairs; Copies of Payment Advices; the Chapter 13 Statement of Income/Calculation; the Statement of Increased Income/Expenditures; a Summary of Assets and Liabilities; the Chapter 13 Plan; Debtors' most recently filed tax return(s); proof of Debtors' social security numbers; copies of county real estate tax assessments for all parcels of real property; and a completed *pro se* bankruptcy questionnaire within 45 days of filing their petition in accordance with 11 U.S.C. § 521(i)(1). The Motion to Dismiss was granted on

---

[14] ECF No. 35.
[15] ECF No. 36.
[16] Debtors filed Schedules A/B ("Schedules") listing their assets on November 19, 2024. ECF No. 40. Shortly thereafter, the Court issued a deficiency notice because the Schedules failed to include a valid Declaration with a properly signed verification. *See* ECF No. 41. Debtors subsequently filed an amended copy of Schedules A/B ("Amended Schedules"). *See* ECF No. 43. However, the Amended Schedules failed to include a valid Declaration, and the Court issued a second deficiency notice concerning the Amended Schedules. *See* ECF No. 44.
[17] ECF No. 45.

3

November 21, 2024 ("Order Granting Dismissal").[18] The Order Granting Dismissal deemed the case automatically dismissed, pursuant to 11 U.S.C. §521(i)(1), effective November 19th, 2024—the 46th day after the date Debtors filed the petition.

Debtors filed a third and untimely Motion to Extend Time to File Schedules and Statements ("Third Motion to Extend") on November 21, 2024.[19] Therein, Debtors requested an order extending their deadline to file the documents and information listed in the Motion to Dismiss to December 18, 2024. The Court entered an order stating that no action would be taken with respect to the Third Motion to Extend due to the case's dismissal.[20] The Chapter 13 Trustee filed a Final Report and Account of the case on December 3, 2024.[21]

Debtors filed a Motion to Reopen the Chapter 13 Case ("Motion") on December 18, 2024.[22] The Court issued a deficiency notice ("Deficiency Notice") informing Debtors that the Motion lacked valid signatures[23] and a certificate of service, and that Debtors failed to pay the filing fee mandated for motions to reopen, on December 19, 2024.[24] Debtors filed an Amended Motion to Reopen ("Amended Motion") on December 19, 2024.[25] Therein, Debtors asserted they had complied with the Court's order granting Debtors' application to pay the petition filing fee in installments[26] and argued the Court must reopen the case so Debtors may submit the documents listed in the Order Granting Dismissal, file a motion to reinstate, and bring adversary proceedings

---

[18] ECF No. 46.
[19] ECF No. 49.
[20] ECF No. 50.
[21] ECF No. 54.
[22] ECF No. 56.
[23] The Motion was only signed by debtor Jacqueline Elizabeth Ard.
[24] ECF No. 57. The deficiency notice ordered Debtors to cure the deficiencies listed therein by December 30, 2024.
[25] ECF No. 59.
[26] The Court notes that under 28 U.S.C. § 1930, Judicial Conference Schedule of Fees, debtors are required to pay a filing fee of $235.00 when filing a motion to reopen a chapter 13 case. *See* 28 USCA § 1930, Judicial Conference Schedule of Fees(11). Debtors did not pay this fee when they filed their Motion or Amended Motion.

against creditors to address violations of the automatic stay.[27] The Amended Motion further argued that Debtors' failure to file the documents cited in the Motion to Dismiss was due to the chapter 13 Trustee's refusal or inability to help Debtors file the delinquent documents when Debtors asked the Trustee's office for assistance in submitting their schedules electronically. Additionally, the Amended Motion avers that reinstatement of Debtors' dismissed case was necessary so Debtors may pursue an action for violations of the automatic stay by various creditors.

Debtors filed a motion seeking waiver of the fee to reopen the case and permission to proceed *in forma pauperis* on December 31, 2024.[28] The chapter 13 Trustee filed an objection to the Motion and the Amended Motion ("Objection") on January 2, 2025.[29] Debtors filed a response in opposition to the Objection ("Response in Opposition") on January 5, 2025.[30] Therein, Debtors argue that the chapter 13 trustee is "assigned to assist in facilitating the flow of [filing]" in *pro se* matters, and that the chapter 13 Trustee's purported "failure" to advise *pro se* Debtors of applicable filing rules and deadlines resulted in violations of the automatic stay and diminished the value of Debtors' estate.

## APPLICABLE LAW

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1).

The filing of a bankruptcy case triggers an obligation for a debtor to make disclosures

---

[27] The Court notes that while the Amended Motion was signed by all Debtors, Debtors did not file a certificate of service as directed by the Deficiency Notice. *See* ECF No. 57.
[28] ECF No. 71.
[29] ECF No. 70.
[30] ECF No. 72.

5

required by the Bankruptcy Code. 11 U.S.C. § 521(a)(1) provides that the debtor shall file:

> (A) a list of creditors; and
> (B) unless the court orders otherwise—
>> (i) a schedule of assets and liabilities;
>> (ii) a schedule of current income and current expenditures;
>> (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate—
>>> (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
>>> (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
>> (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
>> (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
>> (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition.

11 U.S.C. § 521(a)(1). "[I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case **shall** be automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521(i)(1) (emphasis added). "[A]ny party in interest may request the court to enter an order dismissing the case. If requested, the court **shall** enter an order of dismissal not later than 7 days after such request." 11 U.S.C. § 521(i)(2) (emphasis added). "[U]pon request of the debtor made **within** 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing." 11 U.S.C. § 521(i)(3) (emphasis added).

"The term 'shall,' as the Supreme Court has reminded us, generally is mandatory and

6

leaves no room for the exercise of discretion by the trial court." *In re Minogue*, 632 B.R. 287, 290 (Bankr. D.S.C. 2021) (citing *In re Barbieri*, 199 F.3d 616, 619 (2d Cir. 1999) (quoting *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947))). "[S]ection 521 does not provide the Court discretion as to whether to dismiss a case if the debtor fails to file the documents required by section 521(a)(1) within 45 days of filing the petition, nor does it provide the Court discretion to reconsider its dismissal of the case pursuant to section 521(i)." *In re Bundrick*, 653 B.R. 809, 814 (Bankr. D.S.C. 2023). "Section 521(i) is a component of a strict statutory regimen...[A] dismissal [under section 521(i)] is statutory in nature and is not subject to being vacated or avoided based upon a party's mistake, inadvertence or excusable neglect." *In re Bundrick*, 653 B.R. 809, 814 (Bankr. D.S.C. 2023) (citing *In re Wallace*, No. 10-81205C-13D, 2010 WL 3584981, at *1 (Bankr. M.D.N.C. Sept. 14, 2010) (internal citations omitted); *see also In re Bosley*, C/A No. 22-02870-EG, ECF No. 49 (Bankr. D.S.C. Dec. 15, 2022) (denying motion to reconsider dismissal pursuant to section 521(i)).

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). However, "'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *L. v. Siegel*, 571 U.S. 415, 421 (2014) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). "Despite the more lenient standard applied to parties who are unrepresented by counsel, '[i]n order to promote efficiency and preserve the integrity of the system, courts may not allow *pro se* litigants to deviate completely from the rules of procedure or court-imposed deadlines.'" *In re Lents*, 650 B.R. 238, 243 (Bankr. D.S.C. 2023) (quoting *In re Cilwa*, C/A No. 15-00263-HB, 2016 WL 828284, at *3 (Bankr. D.S.C. Mar. 2, 2016)) (citation omitted). "The Court must also consistently and fairly apply the Court's rules to all parties, whether

7

they are *pro se* or represented by counsel." *Id.* "'If a party decides to appear *pro se*, [she] has the responsibility to educate [herself] about the rules and requirements of the court.'" *Id*.

"After an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "Case closing is a concept distinct from case dismissal." *In re Singleton,* 358 B.R. 253, 257 (D.S.C. 2006) (citing *Armel Laminates, Inc. v. The Lomas & Nettleton Co. (In re Income Property Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir.1982) for its holding that "[a]n order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing."). "[A] case can only be reopened if it was first closed." *In re Singleton*, 358 B.R. at 257 (citing *In re Geberegeorgis*, 310 B.R. at 65–66 (B.A.P. 6th Cir. 2004)). The dismissal of a case due to debtor's failure to file the required plan, schedules, and statements does not result in the "[full] administration" of the estate as required for a case to be closed pursuant to § 350(a); as such, bankruptcy courts lack authority to reopen a dismissed case pursuant to § 350(b). *Id.*

Bankruptcy courts are authorized to reconsider or vacate the dismissal of a bankruptcy case under Federal Rule of Bankruptcy Procedure 9024. *In re Loper*, 447 B.R. 466, 467 (Bankr. D.S.C. 2011); *In re Singleton*, 358 B.R. at 257. "Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code . . ." *In re Loper*, 447 B.R. at 467.[31]

---

[31] While Debtors have styled their Motion and subsequent Amended Motion as one for reopening and reinstatement of the case, it is clear that the motion is seeking relief from the Order and was properly made under Rule 60. Debtors have admitted that they are at fault for their failure to timely submit the delinquent documents and are not seeking reconsideration of the facts or law underlying the Order Granting Dismissal, because the dismissal was appropriate. Rather, Debtors were seeking relief from the Order on equitable grounds, as they argue that they were unable to timely file the required documents due to the chapter 13 Trustee's 'refusal' to assist Debtors in filing said documents, and Debtors will be able to cure the deficiencies in her petition. *See In re Singleton*, 358 B.R. at 258 n.5. The Court notes that it cannot consider Debtors' Motion or Amended Motion as a motion to alter or amend the Order under Fed. R. Civ. P. 59(e) because 59(e) motions must be filed by the movant within fourteen days after the entry of the order or

8

In the Fourth Circuit, before considering the grounds for relief from an order of dismissal, courts must first make a threshold determination of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Huennekens v. Reczek*, 43 Fed.Appx. 562, 567 (4th Cir.2002) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993)).

As to timeliness, "[a] motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "'To establish a meritorious defense, the [movant] must do more than merely allege that he has one. A [movant] must allege facts which, if established on trial, would constitute a complete defense to the action." *In re Bair*, No. CV 15-03488-DD, 2016 WL 4467859, at *5 (Bankr. D.S.C. Aug. 22, 2016). Further, the defenses must be more than "conclusory statements" or "mere denials.'" *Id.*

If the court finds the moving party meets the threshold requirements elucidated in *Huennekens v. Reczek*, it may then proceed to determine whether Fed. R. Civ. P. 60(b) mandates relief from the court's order or judgment. Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

---

judgment. As the Order was entered on November 21, 2024, and the Motion was filed on December 18, 2024, the Motion and Amended Motion did not meet the deadline prescribed by Rule 59(e) for filing a motion to alter or amend a judgment.

9

prospectively is no longer equitable; or
(6) any other reason that justifies relief.

### DISCUSSION AND CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A). The Court has authority to enter a final order and judgment in this matter.

**A. Dismissal of Debtors' Case is Mandatory Under 11 U.S.C. § 521(i)(1).**

Dismissal of Debtors' case is not only proper, but mandatory, under 11 U.S.C. § 521(i)(1). Debtors admit, and the record confirms, their failure to file the documents listed in 11 U.S.C. § 521(a)(1) on or before November 18, 2024—45 days after filing their Chapter 13 petition—in the Amended Motion. 11 U.S.C. § 521(i)(1) is clear: "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case **shall** be automatically dismissed effective on the 46th day after the date of the filing of the petition." The use of the term 'shall' in 11 U.S.C. § 521(i)(1) indicates that the dismissal of a case for failure to file the documents required under § 521(a)(1) within 45 days of filing the petition is mandatory and leaves no room for the exercise of discretion by the trial court.[32] *See In re Bundrick*, 653 B.R. at 814; *see also In re Minogue*, 632 B.R. at 290. While Debtors argue that their attempts to file the required plan, schedules, and documents were frustrated by technical difficulties and by the actions of their creditors, they nonetheless have admitted they failed to meet the deadline set by § 521(i)(1).[33] The dismissal of

---

[32] Further, the chapter 13 Trustee filed a motion seeking dismissal of the case. *See supra* n.17. The Bankruptcy Code mandates if "any party in interest" requests an order of dismissal under § 521(i)(1), "the court shall enter an order of dismissal not later than 7 days after such request." 11 U.S.C. § 521(i)(2). The Code's language indicates that the Court does not have discretion to deny dismissal for failure to adhere to § 521(a)(1) when it is requested by a party in interest, such as the chapter 13 Trustee. *See In re Minogue*, 632 B.R. at 290.

[33] Alleged interference by creditors to Debtors' efforts to prepare schedules after this case was filed would have been immaterial if Debtors complied with Fed. R. Bankr. P. 1007(c), which requires these documents to be filed with the petition or within 14 days thereafter.

Debtors' case was therefore "statutory in nature and not subject to being vacated or avoided based on a party's mistake, inadvertence, or excusable neglect." *In re Bundrick*, 653 B.R. at 814.

In their pleadings, Debtors have insinuated that their failure to adhere to the statutory filing deadlines imposed by the Bankruptcy Code should be excused because the chapter 13 Trustee did not inform them that dismissal for failure to adhere to § 521(i)(1) is mandatory. *See supra* n.30.; *see also* § 521(i)(1). To the extent that Debtors claim equity required this Court to deny the Motion to Dismiss due to their status as *pro se* litigants, the Court notes it is not entitled to utilize the equitable powers granted to it under 11 U.S.C. § 105(a) in a manner that contravenes the Bankruptcy Code. *See L. v. Siegel*, 571 U.S. at 421. Dismissal for failure to file the documents listed in § 521(a)(1) within 45 days of filing a bankruptcy petition is mandatory under § 521(i)(1); reversal of that dismissal would contravene the Bankruptcy Code. The Court therefore cannot order reconsideration of the Order Granting Dismissal on equitable grounds under § 105(a). Moreover, this Court must apply its rules consistently and fairly to all parties and cannot allow *pro se* litigants to deviate completely from the Bankruptcy Code, the rules of procedure, or this Court's deadlines and local rules. *In re Lents*, 650 B.R. 238, 243 (Bankr. D.S.C. 2023). If a party decides to appear *pro se*, they alone have the responsibility to educate themselves about the rules and requirements of the court.[34] *Id.* While Debtors cite 11 U.S.C. § 704 in support of their argument that the trustee should have taken action to protect them or the estate, the chapter 13 trustee's duties are found in 11 U.S.C. § 1302. Neither statute binds a trustee to perform the duties proposed by Debtors. Moreover, § 1302(b)(4) specifically prohibits a trustee from advising a debtor on legal matters. Simply put, it is not the responsibility of the trustee to advise a debtor on the pitfalls and

---

[34] While not material to the outcome of this case, Debtor Ard has represented herself in a prior chapter 7 bankruptcy case. *See* 11-55392-WSD (E.D.Mich). That matter was dismissed within 16 days of filing for Ard's failure to file documents. Ard successfully moved to reinstate the case, filed the required documents, and received a discharge.

11

landmines found in the Bankruptcy Code or shepherd a *pro se* party through the bankruptcy process as if the trustee were that party's bankruptcy attorney.

Debtors have not raised the question of whether their First, Second, and Third Motions to Extend extended their filing period beyond 45 days as prescribed by 11 U.S.C. § 521(i)(3), wherein "upon request of the debtor made within 45 days after the date of the filing of the petition," a court may extend the § 521(i)(1) deadline for up to 45 additional days. The Court notes that while Debtors filed three motions to extend the deadline by which they may file their required plan, schedules, and documents, they ultimately did not file a timely motion for an extension of the 45-day period contemplated in § 521(i)(1). Debtors were informed that the Court's deadline for filing the documents listed in § 521(a)(1) was October 18, 2024—two weeks from the date the Petition was filed. *See supra* n.8.[35] Debtors' First Motion to Extend asked the Court to allow Debtors a period of 31 days from the filing of the petition to file the delinquent documents. *See supra* n.10. The Second Motion to Extend asked the Court to allow Debtors to file the delinquent documents by November 18, 2024—the 45th day after Debtors filed their Petition. *See supra* n.14. The First and Second Motion to Extend therefore did not seek extension of time to file beyond 45 days of the date of filing the Petition. Debtors then filed the Third Motion to Extend on November 21, 2024—48 days after the Petition was filed. *See supra* n.19. As the Third Motion to Extend was not made within 45 days of filing the Petition, the Third Motion to Extend was not a timely motion to extend the filing period, and Debtors were bound to the 45-day filing period mandated in § 521(i)(1).

### B. Debtors' Amended Motion Seeks Improper Relief, as their Case was not Closed by Statute, but Dismissed.

The Amended Motion requests that the Court reopen Debtors' properly dismissed

---

[35] Fed. R. Bankr. P. 1007(c) requires these documents to filed with the petition or within 14 days thereafter.

bankruptcy case. However, the Bankruptcy Code dictates a case must be first closed to then be reopened. Bankruptcy courts shall close a case "[a]fter an estate is fully administered and the court has discharged the trustee." 11 U.S.C. § 350(a). Thereafter, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); see also *In re Singleton*, 358 B.R. at 257 (citing *In re Geberegeorgis*, 310 B.R. at 65–66) (holding "a case can only be reopened if it was first closed."). The dismissal of a case due to a debtor's inability to file the required plan, schedules, and statements does not result in a full administration of the estate, and therefore does not constitute the closing of a case under 11 U.S.C. § 350(a). *In re Singleton*, 358 B.R. at 257.

As Debtors' case was dismissed for their failure to file the required plan, statements, and schedules, the case was not closed, and the Court may not reopen it.[36] *Id*. This Court therefore treats the Amended Motion as a motion to reconsider the Order Granting Dismissal under Fed. R. Civ. P. 60(b). *See supra* n.31. The Amended Motion is thus moot to the extent that it asks the Court to reopen the case. The Court finds it is therefore appropriate to also moot the mandatory filing fee associated with a motion to reopen a case since the Court construes the Amended Motion as one to reconsider and not to reopen. *See* 28 U.S.C. § 1930(f)(3) ("This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors."); *see also* 11 U.S.C. § 105(a).

**C. Debtor's Motion and Amended Motion Fail to Meet the Threshold Determinations Required for This Court to Reconsider the Order Granting Dismissal under Fed. R. Civ. P. 60(b).**

Debtors styled their Motion and Amended Motion as a motion to reopen. However, *pro se*

---

[36] The dismissal of a case triggers the Clerk's Office to make an administrative entry noting that the case is closed. In this case, that entry was made on December 9, 2024. This docket entry is administrative in nature and does not equate to the statutory closing referenced in 11 U.S.C. § 350(a) as detailed in *In re Singleton*.

13

Debtors clearly intended to move for relief from the Order Granting Dismissal under Rule 60(b). *See supra* n.31. This Court is authorized to reconsider or vacate the dismissal of a bankruptcy case and to apply Fed. R. Civ. P. 60(b) to such matters under Federal Rule of Bankruptcy Procedure 9024. *See In re Loper*, 447 B.R. at 467; *In re Singleton*, 358 B.R. at 257. However, this Court finds Debtors have not met the Fourth Circuit's threshold requirement for reconsideration of a final order or judgment under Rule 60(b). *See Huennekens*, 43 Fed.Appx. at 567.

The Fourth Circuit has held this Court must first make a threshold determination of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances'" before it may determine whether reconsideration under 60(b) is proper. *Id.* Debtors have not alleged facts tailored to the *Huennekens* factors. Nonetheless, the Court finds Debtors' Motion was filed 26 days after the Order Granting Dismissal was entered, and therefore is timely made under Rule 60(c)(1). While not identified as such, the Court interprets Debtors' appeals to equity in light of their status as *pro se* Debtors as an attempt to establish a meritorious defense. "'To establish a meritorious defense, the [movant] must do more than merely allege that he has one. A [movant] must allege facts which, if established on trial, would constitute a complete defense to the action." *In re Bair*, No. CV 15-03488-DD, 2016 WL 4467859, at *5 (Bankr. D.S.C. Aug. 22, 2016). Further, the defenses must be more than "conclusory statements" or "mere denials.'" *Id.* Debtors' pleadings do not allege any facts that, if established at trial, would constitute a valid affirmative defense to statutory dismissal of their case. For the failure to show the existence of a meritorious defense, Debtors' Amended Motion does not meet the threshold requirements that must be present before this Court may consider the merits of any motion for reconsideration of a judgment or order under Rule 60(b). It follows that Debtors are therefore not entitled to relief under Rule 60(b). *See In re Norris*, No. 10-01729-DD, 2011 WL 5554268, at *2

(Bankr. D.S.C. Nov. 15, 2011) (finding when a debtor fails to meet the threshold requirements for review of a final order or judgment under Rule 60(b), he is not entitled to relief under Rule 60(b)).

**D. Scheduling Regarding Debtors' Purported 11 U.S.C. § 362(k) Claims**.

The Amended Motion indicates Debtors intend to pursue actions against various creditors for violation of the automatic stay under 11 U.S.C. § 362(k). In the interest of judicial economy, the Court orders Debtors to file any such § 362(k)(1) motions, with notice to such creditors and certificates of service that comport with the rules of this Court on or before 5 P.M. on January 24, 2025.  If Debtors do not file and properly notice such motions within 14 days of the entry of this Order, their claims concerning the violation of the automatic stay shall be deemed waived.

**IT IS ORDERED:**

1. That the Amended Motion to Reopen is **DENIED** and the Order of Dismissal entered November 21, 2024, remains in effect;

2. That the filing fee required of parties seeking to reopen a bankruptcy case is moot; and

3. That Debtors must file and properly notice any and all motions under 11 U.S.C. § 362(k)(1), with certificates of service that comport with the rules of this Court, on or before 5 P.M. on January 24, 2025.  If Debtors do not file such motions and properly notice within the time set forth herein, their claims concerning the violation of the automatic stay shall be deemed waived.

**AND IT IS SO ORDERED.**

15