IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Jacqueline Elizabeth Ard and | ) | |
| Teny Frank Nicola, | ) | Case No. 25-01384-jd |
| | ) | |
| Debtors. | ) | |

**OBJECTION OF ZEIDMAN'S JEWELRY & LOAN OF MICHIGAN TO DEBTORS' PROPOSED CHAPTER 13 PLANS FILED ON APRIL 28, 2025 AND MAY 8, 2025**

Zeidman's Jewelry & Loan of Michigan ("Zeidman's"), by and through its undersigned counsel hereby objects to the proposed Chapter 13 plans filed by the debtors Jacqueline Elizabeth Ard and Terry Frank Nicola (collectively the "Debtors") on April 28, 2025 [ECF 30] and May 8, 2025 [ECF 47] (collectively the "Proposed Plans"). In support of this objection, Zeidman's states as follows:

1. Zeidman's is a corporation organized and existing under the laws of the State of Michigan. Zeidman's does not conduct business in South Carolina.

2. Zeidman's was the holder of several claims against Debtor Ard arising out of several pawn transactions entered into by Debtor Ard with Zeidman's in the State of Michigan (collectively the "Transactions"). The Transactions were governed by Michigan Law. *See* MCL 446.201 *et seq.*

3. As set forth in the Debtors' schedules, Debtor Ard entered into the Transactions prior to filing the Debtors' first South Carolina Chapter 13 case on October 4, 2024, and assigned case number 24-03611-jd ("Case 1").

4. Case 1 was dismissed by Order of this Court entered November 21, 2024 ("Dismissal Order"). *See* South Carolina Case 1 at ECF. 46.

5. On January 31, 2025, Debtors filed a voluntary pro se petition under Chapter 13 of the Bankruptcy Code in the Eastern District of Michigan, which was assigned Case No. 25-40-952-mlo ("Case 2").  Case 2 was dismissed on March 3, 2025.

6. Debtors filed the above-captioned case, their third *pro se* Chapter 13 bankruptcy case, on April 10, 2025 ("Case 3").

7. Debtors' Proposed Plans purport to treat Zeidman's as a secured creditor, and to make "pro-rata" payments to it on account of its "estimated" claims. *See, e.g.,* ECF 30 at ¶ 3.3.

8. Michigan Code of Laws 446.210(1) provides, in relevant part, that:

> title to an item that is pledged or pawned vests in the pawnbroker 90 days after the pledge or pawn, or after the expiration of any longer period agreed to by the parties, if the borrower has not paid the debt, interest, and charges on the item that was pledged or pawned.

9. Debtor Ard failed to pay the debt, interest, and charges on any item that was pledged or pawned as part of Transactions.  As a result, as a matter of law, title to any items Debtor Ard pledged to Zeidman's as part of the Transactions is now vested in Zeidman's.

10. As a matter of fact and law, the items that were the subject of the Transactions are not property of the estate, as title to the items vested in Zeidman's by operation of law upon expiration of the statutory redemption period.  *See* 11 U.S.C. § 541(a).  The Debtors cannot use the Bankruptcy Code to regain title from Zeidman's.

11. Further, it is well established that a Chapter 13 plan cannot be used to revive a debtor's right to redeem pawned property once the statutory redemption period has expired.  *See, e.g., Dunlap v. Cash Am. Pawn of Nashville (In re Dunlap),* 158 B.R. 724, 728 (M.D.Tenn.1993) (applying similar Tennessee pawn law and stating that "after the redemption period has run, a

debtor may not seek to cure or modify the pawn contract under § 1322, because this remedy applies only to goods in which the estate retains an interest"); *USA Title Pawn v. Askew (In re Howard )*, 507 B.R. 394, 399 (Bankr.N.D.Ga.2014) (section 1322 "cannot be used to restructure the claims of a pawnbroker after the expiration of the redemption period"); *In re Thompson*, 609 B.R. 443 (Bankr. M.D. Ala. 2019), *aff'd*, 621 B.R. 278 (M.D. Ala. 2020) (same); *In re Northington*, 876 F.3d 1302, 1315 (11th Cir. 2017) ("It is axiomatic, though, that a plan can 'modify ... rights' arising under a 'claim' only if the claim exists at the time the plan would purport to modify the rights associated with it—namely, at confirmation.").

## CONCLUSION

For the foregoing reasons, Zeidman's asks the Court to inquire into the matters herein alleged, and to issue its order either denying confirmation to the Proposed Plans or requiring the Debtors to file an amended plan that eliminates all references to and/or proposed "treatment" of Zeidman's, and for such other and further relief as the Court deems just and proper.

    Respectfully submitted,

        BEST LAW, PA

        /s/ Tara E. Nauful
        Tara E. Nauful, SC DCID 5864
        tara@bestlawsc.com
        P.O. Box 2374
        Mount Pleasant, SC 29465
        Phone: 843.793.4744

        Attorneys for Zeidman's Jewelry & Loan of Michigan

June 5, 2025

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Jacqueline Elizabeth Ard and | ) | |
| Teny Frank Nicola, | ) | Case No. 25-01384-jd |
| | ) | |
| Debtors. | ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on June 5, 2025, I caused the foregoing:

**OBJECTION OF ZEIDMAN'S JEWELRY & LOAN OF MICHIGAN TO DEBTORS' PROPOSED CHAPTER 13 PLAN FILED ON APRIL 28, 2025**

to be served on all parties who are scheduled to receive notice through the Court's CM/ECF system via electronic filing and electronic transmission through CM/ECF, and on the parties shown below via First Class Mail:

Jacqueline Elizabeth Ard
21215 Dartmouth Drive
Southfield, MI 48076

Terry Frank Nicola
21215 Dartmouth Drive
Southfield, MI 48076

BEST LAW, PA

/s/ Tara E. Nauful
Tara E. Nauful, SC DCID 5864
tara@bestlawsc.com
P.O. Box 2374
Mount Pleasant, SC 29465
Phone: 843.793.4744

Attorneys for Zeidman's Jewelry & Loan of Michigan