Filed By The Court
1/10/2025 5:11PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Jacqueline E. Ard and
Terry F. Nicola

Debtor(s),

CASE NO. 24-03611-JD
CHAPTER 13
HON. L. JEFFERSON DAVIS IV

**DEBTOR'S MOTION FOR DAMAGES BASED ON CONTEMPT AND WILLFUL VIOLATION OF THE AUTOMATIC STAY**

The Debtors, Jacqueline E. Ard ("Debtor Ard") and Terry F. Nicola, ("Debtor Nicola") hereby moves, pursuant to 11 U.S.C. § 362(a)(6) and 362(k)(1), for an Order of damages for Contempt and Willful Violation of the Automatic Stay against Matthew Paul, Janet Spinelli, Ralph Paine, John Curtis, Debra Schumann, and Evan Bromley (collectively, the "Creditor(s)"), and to the extent the court determines that the Creditors have committed acts that constitute a willful violation of the automatic stay, award the Debtors cost and expenses and an award of punitive damages as the court deems reasonable under the circumstances, pursuant to §362(k)(1) Debtor Ard respectfully states the following:

## JURISDICTION AND THE PARTIES

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 (b).

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(1), as matters concerning the administration of the bankruptcy estate are specifically designated as "core

proceedings" pursuant to 28 U.S.C. § 157(b)(2)(A). Under 11 U.S.C. § 105 this court

has the inherent power to impose contempt sanctions and issue an order.

3. This matter is a contested matter pursuant to FRBP 9020. This adversary proceeding is

    one related to the above-captioned bankruptcy case, filed under Chapter 13 of Title 11

    now closed in this Court, case number 24-03611-JD. The actions for violating the

    automatic stay and for contempt are core proceedings under 28 U.S.C. § 157.

4. The creditors mentioned in this motion are the members that comprise the Board of

    Directors at the Estate of Westbury Owners Association, Inc.: Matthew Paul- President,

    Janet Spinelli- Vice President, Ralph Paine- Secretary, John Curtis- Treasurer,

    Debra Schumann- Member-At-Large, and Evan Bromley- Attorney.

## FACTS

5. Debtors are U. S. Citizens that reside in South Carolina. Debtor Ard is the owner of

    record for 100 Kensington Blvd, unit 1106, city of Bluffton, South Carolina,

    29910, Beaufort County ("Property"). This property was purchased on March 09,

    2021, and is utilized as the Debtors' secondary home, business office, and as a

    rental unit.

6. Debtor Ard is the owner of a white 2020 RAM Pro Master 1500 Commercial Van,

    VIN# 3C6TRVBG8LE103289. This vehicle was purchased on March 30, 2023,

    and is used as an essential element in the daily operations of the Debtors' business

    and to transport Debtor Nicola and his mobility equipment who is disabled.

7. Estate at Westbury Owners Association, Inc, is a South Carolina Non-Profit

Corporation whose members are the property owners of 320 condominium units (referenced as the "Co-Owners") within the horizontal property regime known as The Estate at Westbury Horizontal Property Regime, Town of Bluffton, Beaufort County, South Carolina. ("EAW")

8.  The Property is subject to certain restrictions and affirmative obligations pursuant to the Master Deed ("Master Deed") and By-Laws ("By-Laws") to which the Co-Owner and members of the Board agree to comply with.

9.  Estate at Westbury is administered and operated pursuant to the covenants, conditions and restrictions set forth in its Master Deed and By-laws by a Council of Co-owners referred to as the Board of Directors ("Board")

10. Section 7.1 of the Master Deed of The Estate At Westbury states:

> THE ASSOCIATION; BOARD OF DIRECTORS
> In order to provide for the effective administration of the Regime by the Unit Owners, Estate at Westbury Owners Association, Inc, a South Carolina not-for-profit corporation (the "Association") has been formed. The Association shall operate and manage the Regime and undertake and perform all acts and duties incident thereto in accordance with the provisions of this Master Deed and Bylaws of the Association, and the Rules and Regulations promulgated by the Association from time to time. The Board of Directors of the Association shall have authority to take all actions on behalf of the Association that do not require, by law, the Master Deed, or the ByLaws, a vote of by Owners, and the decision of the Board of Directors shall be binding upon the Association and the Owners.

11. Section 7.1 of the Master Deed of The Estate At Westbury states:

> The Declarant, Board of Directors, officers of the Association, and such employees of the Association and/or the Management Agent as the Board of Directors shall specify by written resolution from time-to-time (cumulatively,       "Non-Liable Person"), shall not be liable to the Owners or the Association for any mistake in judgment or acts or omissions unless such act or omission was made in       bad faith or was the result of gross negligence or fraud by such Person. The Association shall indemnify and hold harmless such Non-Liable Persons against all liabilities to others arising out of any agreement made by such Non-Liable Persons on behalf of the Association unless such agreement was made in bad faith, was the result of gross negligence or fraud by such

Non-Liable Person, or was in    clear violation of a contractual obligation of such Non-Liable Person to the Association. (SEE EXHIBIT A)

## BACKGROUND

1. On October 4, 2024 @ 2:53 PM, the Debtors filed a voluntary petition for relief under Chapter 13 of the U.S. Bankruptcy Code. (ECF 1)

2. Immediately after filing, the Notice of Bankruptcy was delivered by first-class mail by the court (ECF 10) to all creditors on the creditor matrix.

3. Prior to filing bankruptcy, the Debtors had a pending case in Beaufort County. Estate at Westbury Owners Assoc Inc. alleged that the Debtors were delinquent in unpaid association dues, assessments, authorized charges, interest, and costs. On Jine 25, 2024, Estate At Westbury filed a complaint in Beaufort County, Court of Common Pleas seeking a Lien Foreclosure for the unpaid balance due of $10,737.86. Ultimately, a hearing for a foreclosure sale was scheduled for October 16, 2024. (CA #2024CP0701407)

4. On September 24, 2024, at 4:47 PM Debtor Ard received an email from the Board of Directors and the HOA administration office stating that a delinquency, demand letter would be delivered to the Debtors' door. The letter stated that the Debtors account was delinquent in the amount of $15,226.83, and the total amount must be paid by Tuesday October 1, 2024, or all parking decals associated with the Debtors' unit would be revoked. (SEE EXHIBIT B)

5. Immediately after filing on October 4, 2024 @ 5:01 an email submission with an attachment of the Notice of Bankruptcy was delivered to Evan Bromley (Creditors Counsel) and Nhi Nguyen (legal assistant to counsel). In Debtor Ard's email to Attorney Bromley, Debtor Ard emphasized that all adverse actions should cease immediately. (SEE EXHIBIT C)

6. On October 7, 2024 @ 3:19 PM, Evan Bromley emailed acknowledgement that he had received the Notice of Bankruptcy filing and had informed the special referee to remove the foreclosure proceeding from the hearing calendar. (SEE EXHIBIT D)

7. On October 8, 2024, at 5:56 AM Debtors received a broadcast email that had been distributed to all 320 Co-owners of Westbury Estates, disclosing personal financial information about the Debtors' financial affairs and account status. In the email the Board members stated that "per our attorney, revoking the parking decals associated with the foreclosure of Ard 1106 All board members are in agreement…" They also stated that "All 5 board members have unanimously agreed to revoke the parking decals associated with unit 1106." (SEE EXHIBIT E)

8. On October 10, 2024, at 6:00 PM, during the monthly board meeting, the Board of Directors again circulated the meeting agenda to 320 members of the Association disclosing the Debtors' private financial affairs. One of the main topics of the meeting was the delinquency of the Debtors account. The Board informed the members that they had foreclosed on the Debtors unit resulting in

the Debtors account and access to their home being deactivated. The Board

continued to state that they had spoken to their attorney Evan Bromley who had

advised them that it was ok for them to proceed with revoking the Debtors'

parking decals, deactivating the Debtors' account, and towing any of the Debtors'

registered vehicles off the premises. The Board stated that the decision to take

that action was a unanimous decision by the Board members. After conducting

the meeting, the Board instructed Palmetto Towing to remove Debtor Ard's 2020

RAM ProMaster van off the premises.

9.   On November 11, 2024, at 11:27 AM, after multiple attempts to contact the board

members, Debtor Ard sent an email to each Board member notifying them that

they were in violation of the Automatic Stay. Debtor Ard outlined how their

actions were a blatant disregard to the court order the Debtor further expressed that

their unconstitutional behavior was imposing an extreme hardship on Debtor

Nicola who is physically disabled and incapacitated. The Debtors gave them 24-

hours to correct the violation. (SEE EXHIBIT F). The Board members made no

effort to respond to the Debtors request and return the vehicle by the deadline date

which demonstrated a willful disregard for the laws of this Court.

### GROUNDS TO HOLD DEBTORS IN CONTEMPT

1.  The commencement of a Voluntary Chapter 13 constitutes an order for relief, pursuant

to 11 U.S.C. § 301.

2.  11 U.S.C. § 362(a) states that a petition filed under 11 U.S.C. § 301 operates as a stay,

applicable to all entities, of any " continuation, including the issuance or employment

of Process, of a judicial, administrative, or other action or proceeding against the debtor

that was or could have been commenced before the commencement of the case under

this title, or to recover a claim against the debtor that arose from the commencement of

the case under this title" or " any act to obtain possession of property of the estate or to

exercise control over property of the estate".

3.  11 U.S.C. § 362 imposes an affirmative duty upon creditors to stop all actions and

    release any property received post-petition upon learning of the bankruptcy filing. *See,*

    *e.g., In re Manuel*, No.14-53487, 2014 WL 7405471, at *2, 2014 Bankr. LEXIS 5177, at *6

    (Bankr.E.D.Mich. Dec.24, 2014); *see also In re Forkner,* No. 10-01585, 2010 WL 5462543, at *2, 2010

    Bankr. LEXIS 4595, at *5(Bankr. N.D. Iowa Dec 22, 2010); *Spanger v. Latham, Stall, Wagner, Steel &*

    *Lehman, P.C.,* No. CIV-04-508-L, 2005 WL 1950364, at *1, 2005 U.S. Dist. LEXIS 46883, at

    *2(W.D.Okla. Aug.15, 2005).

4.  Section 362(h) provides an enforcement mechanism to protect a debtor from creditors

    who "willfully" violate the automatic stay. E.g. In re Solis, 137 B.R. 121, 129 (Bankr. S.D.N.Y.

    1992) Subsection (h) provides that:

    > An individual injured by any willful violation of a stay provided by this section
    >
    > shall recover actual damages, including cost and attorneys' fees, and, in
    >
    > appropriate circumstances, punitive damages.

5.  A willful violation does not require "specific intent" to violate the automatic stay; nor

    will a "good faith" belief that an action was not violative of section 362 preclude a

finding that the action was, in fact, a "willful" violation. Rather, the test is usually characterized in terms of whether a creditor took some collection action despite its knowledge that the debtor had filed a bankruptcy petition. A "willful" violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition." *Knaus v. Concordia Lumber Co., Inc (In re Knaus),* 889 F.2d 773,775 (8th Cir. 1989).

6.  In addition, an action is "willful" under §362(k) when a party has knowledge of the bankruptcy proceedings, as the parties are charged with having knowledge of the automatic stay. In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003)

7.  Violations of the automatic stay are actionable against not only the client, but the attorney for that client that willfully violates the automatic stay on behalf of that client. In re LeGrand, 612 B.R. 604, 612 (Bankr. E.D. Cal. 2020) (citing Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993); Link v. Wasbash R. Co., 370 U.S. 626, 633-34 (1962); Smith v Ayer, 101 U.S. 320, 325-26 (1879)).

8.  Each individual board member was made aware of the bankruptcy petition when (1) they received the Notice of Bankruptcy filing on Oct 4 by email; when (2) they received Notification by First Class mail through the Bankruptcy court, when (3) they spoke with their attorney who had canceled their pending lawsuit and removed the court date of October 16th from their calendar, when (4) I sent an email on November 11, 2024, pleading for them to comply with the Stay order. Each individual member has shown a blatant disregard for the Bankruptcy court and the Rule of Law which constitutes a deliberate intention to act in "bad faith."

9. The Estate at Westbury's Board of Directors are privy to the knowledge and resources of an extensive team of attorneys that represent three separate law firms. Therefore, the Business Rule defense, wherefore, the Board members believed they were acting in good faith does not apply. The Board members had knowledge of the bankruptcy and was aware of the harm they would impose. Violation of the Automatic Stay is a basic provision of bankruptcy law and is universally known to be prohibited.

10. An intricate part of obtaining a successful reorganization rests on the provisions of the Automatic Stay. An act of good faith by the board members would have been to seek the immediate advice of their extensive legal team after receiving notification on four separate occasions to stop all further collection actions against the Debtors. Proceeding in that manner would have ensured that their actions were not meant to cause intentional financial, emotional, or physical harm and that they were acting in "good faith" according to the law.

11. The scope of the automatic stay encompasses more than property of the estate – it prohibits the continuation of actions or proceedings against property of the estate or against the Debtor. *In re Manual Case.* 14-53487 (Bankr.E.D. Mich. Dec 24,2014)

12. The "Automatic Stay" is a fundamental component of the bankruptcy process. Pursuant to Section 362(a) debtors are afforded expansive relief upon the filing of a bankruptcy petition which initiates an immediate and automatic order of the court (the "Automatic Stay") This intracule part of the bankruptcy process is designed to preserve the debtors estate, to protect the interest of the debtor and creditor, and lastly, to allow the debtor

the opportunity to "take a breather" and reorganize their financial affairs for a successful transition into the bankruptcy process.

13. After acquiring actual knowledge of the debtor's bankruptcy filing the creditors failed to take steps to undo or correct their wrongful actions.

14. The creditors terminated all access to the debtor's property, they unlawfully towed the debtor's vehicle off the premise, and they refused to return the vehicle after being notified of the deadline to cure. All these are willful acts that violate the Automatic Stay.

15. The creditor(s) willful and intentional actions caused significant physical harm, financial harm, and emotional distress to the debtors. Debtor Ard spoke directly with the President, Matthew Paul and Vice President, Janet Spinelli and expressed the financial and physical hardship the Debtors would face if (1) their account was deactivated, (2) they were locked out of their home, and (3) their vehicle was confiscated. Despite the knowledge that these actions would be unlawful and cause extreme harm, the Board members proceeded to inflict harm on the debtors anyway.

16. Board members are bound by their fiduciary duties to act in the best interests of the members and do no harm. I made multiple requests to compel compliance of the Automatic Stay. Each individual member willfully neglected to correct the violations and disregarded their duty to serve in good faith.

17. Having full knowledge of the detriment to the debtor(s) the creditors continued their unlawful collection actions. These egregious acts have completely deprived the debtors

of their rights which resulted in an increase in their expenses to obtain alternative

housing, a loss of use of their property, loss of income for their business, and loss of

enjoyment of their life. This lockout has prevented the Debtors from obtaining the

valuable documents that they needed to present and proceed in their bankruptcy filing,

resulting in them being deprived of their right to a "fresh start" and reorganization of

their estate.

18. As a result of the violation of the automatic stay, the debtors have suffered actual

damages, including, but not limited to financial losses, emotional distress and legal

cost.

19. Pursuant to 11 USC 362K an individual injured by any willful violation of the

automatic stay shall recover actual damages, including costs and attorney's fees, and in

appropriate circumstances may recover punitive damages.


The Debtors respectfully request that this Honorable court issue a judgment against each

individual creditor for willfully violating the automatic stay pursuant to 11 USC 362(b).

Debtors request this court:

a. Award the debtor actual damages for losses incurred.

b. Award the debtor, legal fees and cost to bring this adversary proceeding.

c. Award the debtor punitive damages for their deliberate disregard of the law

d. Grant such other and further relief as the court deems just and proper.

WHEREFORE, the Debtors respectfully request that the Court enter an Order,

granting the relief requested herein and providing such other and further relief as the Court

deems just and proper.

Dated: January 10, 2025

By: _____
Jacqueline Elizabeth Ard, *pro se*
239 Beach City Rd #3218
Hilton Head, SC 29926
Email: jacquelineard72@gmail.com

By: _____
Terry Frank Nicola, *pro se*
663 Wm Hilton Pkwy #4408
Hilton Head, SC 29928
Terrynicola5821@yahoo.com

# Exhibit A

Garage Unit for the maintenance and repair of such encroachments.

Encroachments referred to this Section include, but are not limited to, encroachments caused by error, omission or variance from the original plans in the construction of the Common Elements, Garage Common Elements or any Unit or Garage Unit constructed; by error in the Plans or this Master Deed; by settling, rising, or shifting of the earth; or by changes in position caused by repair or reconstruction of any part of the Common Elements, Garage Common Elements or any Unit or Garage Unit in substantial conformity to the Plans.

### 5.5.   PRIOR RECORDED EASEMENTS
The Property shall be subject to any easements shown on any prior recorded plat of the Property or shown or defined in this Master Deed.

### 5.6.   GOVERNMENTAL EASEMENT
Police, fire, water, health and other authorized governmental officials, employees and vehicles shall have the right of ingress and egress to the Property, and any portion thereof, for the performance of their official duties, to the extent permitted by applicable law and any Rules and Regulations not contrary to applicable law that are adopted by the Board of Directors.

## 6.  PERCENTAGE INTERESTS.
The Percentage Interest of Units is shown in Exhibit D. The Percentage Interest for Garage Units is shown in Exhibit D-1.

## 7.  ASSOCIATION; ADMINISTRATION; VOTING; RECORDS.
### 7.1.   THE ASSOCIATION; BOARD OF DIRECTORS
In order to provide for the effective administration of the Regime by the Unit Owners, Estate at Westbury Owners Association, Inc., a South Carolina not-for-profit corporation (the "Association") has been formed. The Association shall operate and manage the Regime and undertake and perform all acts and duties incident thereto in accordance with the provisions of this Master Deed and Bylaws of the Association, and the Rules and Regulations promulgated by the Association from time to time. The Board of Directors of the Association shall have authority to take all actions on behalf of the Association that do not require, by law, this Master Deed, or the Bylaws, a vote of by Owners, and the decision of the Board of Directors shall be binding upon the Association and the Owners. A copy of the initial Bylaws is annexed hereto and made a part hereof as Exhibit B.

### 7.2.   MEMBERSHIP
The Owner of each Unit shall automatically be a member of the Association upon acquiring an ownership interest in a Unit. Membership in the Association shall be appurtenant to and not separable from ownership of a Unit. The membership of an Owner shall terminate automatically upon conveyance of title to the Unit previously owned by such Owner, regardless of the means by which such conveyance of title occurs. No Person holding any lien, mortgage or other encumbrance upon any Unit or Garage Unit shall be entitled solely by virtue of such lien, mortgage or other encumbrance to membership in the Association or to any of the rights or privileges of such membership. In the administration of the operation and management of the Regime, the Association shall have authority and power to enforce the provisions of this Master Deed, levy and collect Assessments in the manner hereinafter provided, and adopt, promulgate and enforce such rules and regulation governing the use of the Units, Common Elements, Garage Common Elements and Limited Common Elements as the Association may deem to be in the best interest of the Regime.

### 7.3.   VOTING
The Owner of a Unit shall have the right to cast the number of votes attributable to the Percentage Interest of such Unit. Votes may be cast in person or by written proxy at all meetings of the Association. The holder of a proxy need not be an Owner. Unless a different number, and not less than a Majority in Interest, is specified in this Master Deed or in the Bylaws, all actions requiring a vote of the Owners shall require approval of a Majority in Interest. Cumulative voting is prohibited. Further details regarding voting shall be set forth in the Bylaws.

Book2310/Page2027

# Exhibit B



Jean Ard <jacquelineard25@gmail.com>

## Unit 1106 HOA Account Delinquency Notice

1 message

**EAW HOA Administrator** <eawhoaoffice@gmail.com>                    Tue, Sep 24, 2024 at 4:47 PM
To: jacquelineard25@gmail.com
Cc: EAW HOA <eawhoaboard@gmail.com>, Janet Spinelli <eawhoajcs@gmail.com>, Ralph Paine
<secretaryeaw@gmail.com>, John Curtis <eawhoafinance@gmail.com>, Debra Schumann
<eawmematlarge.24@gmail.com>, evan@bromleylawfirm.com

Dear Ms. Ard,

The Estate at Westbury Board of Directors has instructed the HOA Administration Office
to send the attached HOA Account Delinquency Notice to you.  This notice is also being
hand delivered today to your front door at Unit 1106 in The Estate at Westbury.

Sincerely yours,
Shirley Marbach

Shirley L. Marbach, HOA Administrator
Estate At Westbury
85 Kensington Blvd
Bluffton SC 29910
843-706-4753
email:  eawhoaoffice@gmail.com

**Estate At Westbury**
**Homeowners Association**
**85 Kensington Blvd**
**Bluffton SC 29910**

Date:   September 24, 2024

To:  Jacqueline Ard, Owner

RE: 100 Kensington Blvd, Unit 1106, Bluffton, South Carolina, 29910

Your HOA account is delinquent in the amount of $15,226.83.  The total amount must be paid in full by **Tuesday, October 1, 2024** or all parking decals associated with Unit 1106 will be revoked.

Per the **EAW Rules and Regulations Section 24C**,  if a Unit's association account is past due more than 60 days, any parking decal(s) associated with said unit may be revoked.  Please see the Regulation below:

**C. Past Due Association Account:  a. Parking Decals will not be issued for a Unit if there are any past due amounts owed to the Association for such Unit, including, without limitation, assessments, fees, fines, utilities, etc.  b. If a unit is past due for more than 60 days, any parking decal(s) associated with said Unit may be revoked. c. If decal(s) are revoked due to non-payment of fees, the account must be brought current and the Occupant must pay a fee of $35/decal to reinstate valid parking.**

**Estate At Westbury**
**Homeowners Association**
**Board of Directors**
**843-706-4753**

# Exhibit C

 Gmail

Jean Ard <jacquelineard25@gmail.com>

## Re: Estate at Westbury Owners Association, Inc. v. Jacqueline E. Ard et al.; Case No.: 2024-CP-07-01407 AUTOMATIC STAY CEASE ALL ADVERSE ACTIONS

1 message

**Jacqueline Ard** <jacquelineard25@gmail.com>                                                     Fri, Oct 4, 2024 at 5:01 PM
To: Nhi Nguyen <nhi@bromleylawfirm.com>
Cc: Evan Bromley <evan@bromleylawfirm.com>

Sent from my iPhone

> On Oct 3, 2024, at 4:13 PM, Nhi Nguyen <nhi@bromleylawfirm.com> wrote:

Dear Ms. Ard,

Attached, please find a Notice of Hearing regarding the above-captioned case.

Kind regards,

Nhi Nguyen
*Legal Assistant*

Bromley Law Firm LLC
211 Goethe Road, Suite B
P.O. Box 570 (Mail)
Bluffton, South Carolina 29910
T: 843-868-2801
F: 843-868-2802
nhi@bromleylawfirm.com
www.bromleylawfirm.com

<image001.png>

DEBT COLLECTION: This firm collects debts for mortgage lenders and other creditors. Any information obtained will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien.

PRIVILEGED AND CONFIDENTIAL: This communication may contain privileged or other confidential information and its disclosure is strictly limited to the recipient intended by the sender of this message. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. You may not rely on any legal conclusions or opinions expressed in this communication. No duties are assumed, intended or created by this communication. No attorney-client relationship exists unless a formal written agreement has been entered into between this law firm and the recipient of this email.

<20241003_NN_Ltr to Jacqueline E. Ard_Notice of Hearing.pdf>

📄 **01407 10-04-2024_16-45-14-357.pdf**
112K

# Exhibit D

 Gmail

Jean Ard <jacquelineard25@gmail.com>

## RE: Estate at Westbury Owners Association, Inc. v. Jacqueline E. Ard et al.; Case No.: 2024-CP-07-01407 AUTOMATIC STAY CEASE ALL ADVERSE ACTIONS

1 message

**Evan Bromley** <evan@bromleylawfirm.com>
To: Jacqueline Ard <jacquelineard25@gmail.com>, Nhi Nguyen <nhi@bromleylawfirm.com>

Mon, Oct 7, 2024 at 3:19 PM

Ms. Ard,

Acknowledging receipt of this Notice of Bankruptcy filing.  We have informed the special referee of the notice and removed the foreclosure hearing from the 10/16 calendar.

Regards,

Evan K. Bromley
*Attorney*

Bromley Law Firm LLC
211 Goethe Road, Suite B
P.O. Box 570 (Mail)
Bluffton, South Carolina 29910
T: (843) 868-2801
F: (843) 868-2802
evan@bromleylawfirm.com
www.bromleylawfirm.com



DEBT COLLECTION: This firm collects debts for mortgage lenders and other creditors. Any information obtained will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien.

PRIVILEGED AND CONFIDENTIAL: This communication may contain privileged or other confidential information and its disclosure is strictly limited to the recipient intended by the sender of this message. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this communication in error and delete the copy you received. You may not rely on any legal conclusions or opinions expressed in this communication. No duties are assumed, intended or created by this communication. No attorney-client relationship exists unless a formal written agreement has been entered into between this law firm and the recipient of this email.

**From:** Jacqueline Ard <jacquelineard25@gmail.com>
**Sent:** Friday, October 4, 2024 5:01 PM
**To:** Nhi Nguyen <nhi@bromleylawfirm.com>
**Cc:** Evan Bromley <evan@bromleylawfirm.com>
**Subject:** Re: Estate at Westbury Owners Association, Inc. v. Jacqueline E. Ard et al.; Case No.: 2024-CP-07-01407 AUTOMATIC STAY CEASE ALL ADVERSE ACTIONS

# Exhibit E

From: **Estate at Westbury** secretaryeaw@gmail.com

Subject: **Meeting Agenda**

Date: **Oct 8, 2024 at 5:56:48 AM**

To: **EAW HOA Administrator**
eawhoaoffice@gmail.com, **EAW HOA**
eawhoaboard@gmail.com, **yuritzi garcia**
eawhoateam@gmail.com

Bcc: **jacquelineard25@gmail.com**

pdf  **EAW Agenda 10.10.24.pdf**
149 KB

# Estate at Westbury Homeowner's Association
# Board of Directors Meeting Agenda
# October 10, 2024, 6:00 PM

**Please note Board Meetings are open to Owners of Record at the
Beaufort County Register of Deeds ONLY**

**Board's "Code of Conduct" will be adhered to.**

A.  Call to Order, Roll Call, and verification of quorum - Matt

B.  Secretary's Report – Ralph
    a.  Motion made to approve August 8, 2024, minutes.
    b.  No meeting was held in September therefore there are no minutes for September 2024
        i.   Per our attorney, revoking the parking decals associated with the foreclosure of (ARD) 1106. All board members are in agreement and this action is already stated in the EAW rules & regulations.
        ii.  All 5 board members have unanimously agreed to revoke the parking decals associated with unit 1106.
    c.  On October 4, 2024, the Board meet with our Attorney to review several legal issues most of which were left over from Cedar Management and the previous Board.

C.  Treasurer's report – John

D.  Presidents Report – Matt
    a.  Westbury Suit update

E.  Vice President Report – Janet

F.  Member at Large Report – Debra
    a.  Committee Report(s) / updates

G.  Collections Report

H.  Old Business

I.  New Business
    a.  Process to check on keys
    b.  Pet Fee clarification

J.  Adjournment

**Topic: Estate at Westbury Board Meeting**
**Time: Oct 10, 2024 06:00 PM Eastern Time (US and Canada)**

**Join Zoom Meeting**
**https://us02web.zoom.us/j/86300632338?pwd=xaNQ5cZyq53nWFbUXMfh1pM157ISEW.1**

**Meeting ID: 863 0063 2338**
**Passcode: 627634**

**Dial by your location**
**• +1 301 715 8592 US (Washington DC)**
**• +1 305 224 1968 US**
**• +1 312 626 6799 US (Chicago)**
**• +1 646 558 8656 US (New York)**

# Exhibit F

Gmail - Return my vehicle IMMEDIATELY!

 Gmail

Jacqueline Ard <jacquelineard72@gmail.com>

## Return my vehicle IMMEDIATELY!

1 message

**Jacqueline Ard** <jacquelineard72@gmail.com>                                    Mon, Nov 11, 2024 at 11:27 AM
To: Administrator EAW HOA <eawhoaoffice@gmail.com>, eawhoateam@gmail.com, secretaryeaw@gmail.com,
eawhoematlarge.24@gmail.com, eawhoajcs@gmail.com, eawhoafinance@gmail.com, eawhoaboard@gmail.com

Good Morning Members of the Board:

First, As you all are well aware, I recently filed a Chapter 13 Bankruptcy in the District of South Carolina. Case #24-03611-JD.

When you file a Bankruptcy there are provisions that immediately go into effect. These provisions provide immediate relief from creditors demanding any payment, collecting any outstanding balance, or taking any adverse action towards you to recover property to satisfy your debt. It is a violation for ANY creditor to take any type of action towards me.

You have violated my rights by:

1. Sending me notices to demand payment
2. Publicly announcing to all the members of the Association that you have foreclosed on my unit and deactivated all of my parking decals and pass privileges.
3. Revoking my parking privileges and remove my parking pass from the system
4. Confiscating my vehicle and removing it from the property.

The Board DOES NOT have the authority or right to remove my vehicle from the premises. Nor can they deactivate my parking decals. My vehicle is an essential part of operating my business and transporting my disabled husband. You have imposed an extreme hardship on me and my husband, and you have 24 hours to rectify this situation before I take further action. The Board wrongfully communicated my delinquency to all the members of the Association, attesting that the decision to violate my rights was a unanimous decision made by the Board, therefore, if it's not rectified IMMEDIATELY each Board Member will be personally liable for these actions.

I demand that you return my vehicle to me immediately! Refrain from any/all collection calls, emails, letters or other harassing and oppressive actions towards me and my husband.

Secondly, I am requesting the production of important documents. I need a detailed history of my account. The document must provide a complete history of all payments and charges made to my account from March 2021 to present. I also need a detailed list of all common expenses paid by the Association on a monthly, quarterly, and annual basis. The list must include the payee, the description and the amount paid. The deadline to produce and deliver this information is Tuesday November 12, 2024 12:00p.

Let this notice be your final warning to cure all violations, stop any/all adverse actions to collect the outstanding balance, and produce ALL documents that I have requested. If you have any questions or concerns you can email me at jacquelineard72@gmail.com

Regards,

Jacqueline Ard

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

In re

JACQUELINE ELIZABETH ARD and
TERRY FRANK NICOLA

                                    Debtors

CASE NO.: 24-03611-JD
CHAPTER 13

**CERTIFICATE OF SERVICE**

I, Jacqueline Ard, do hereby certify that I have this day served a certified true copy of the:

- Debtors Motion for Damages Based on Contempt and Willful Violation of the

  Automatic Stay

- Exhibit List

- Proof of Service

delivered on January 10, 2025, by First-class mail postage paid and by means of electronic

delivery via the CM/ECF Electronic Messaging System and Email to the persons listed below.

Date: <u>**January 10, 2025**</u>

**JACQUELINE E ARD *PRO SE* DEBTOR**
239 BEACH CITY RD #3218
HILTON HEAD ISL, SC 29926
jacquelineard72@gmail.com

**PERSONS SERVED:**
(Served via CM/ECF)
**US Trustee's Office**
Strom Thurmond Fd Bldg
835 Assembly St ste 953
Columbia, SC 29201
USTPRegion04.CO.ECF@usdoj.gov

**James M. Wyman**
Chapter 13 Trustee
P.O. Box 997

**1** | Certificate of Service Case No. 24-03611

Mt. Pleasant, SC 29465-0997
13info@charleston13.com

**VIA US First Class postage prepaid mail**

SEE ATTACHED LIST
☑ **INCLUDED**

Bromley Law Firm LLC
Evan K. Bromley
211 Goethe Road, Suite B
Bluffton, SC 29910

Debra Schumann
100 Kensington Blvd Apt No.107
Bluffton, SC 29910-7464

Estate at Westbury Owners Assoc, Inc
Board of Directors
85 Kensington Blvd
Bluffton, SC 29910-4884

Janet Spinelli
100 Kensington Blvd Apt No.918
Bluffton, SC 29910-7481

John Curtis
100 Kensington Blvd Apt No.1603
Bluffton, SC 29910-7464

Matthew Paul
2546 Salmon Street
Philadelphia, PA 19125-4033

Palmetto Towing and Recovery
38 Sugar Maple Street
Bluffton, SC 29910-7678

Ralph Paine
151 Lake Linden Drive
Bluffton, SC 29910-6426