UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JACQUELINE ELIZABETH ARD and ) | Case No. 24-03611-jd |
| TERRY FRANK NICOLA ) | Chapter 13 |
|    Debtors. ) | |
| ) | |

**CREDITOR'S OPPOSITION IN RESPONSE TO DEBTORS' MOTION FOR DAMAGES (DOCKET ENTRY NO. 77) FILED JANUARY 10th, 2025**

NOW COMES the Creditor, Estate at Westbury Owners Association, Inc., (hereinafter "EAW") by and through its counsel, who hereby files its *Opposition in Response to Debtors' Motion for Damages (Docket Entry No. 77) Filed January 10th, 2025*, as follows:

1. Debtors filed the above-referenced Chapter 13 case *pro se* on October 4th, 2024.

2. The docket reflects that the matrix information uploaded to the case by the *pro se* Debtors on October 4th, 2024 (docket entry no.8, (9 pages), docket entry no 9, (1 page)) fails to include and/or notice EAW as a creditor in the matter.

3. After the case was dismissed for failure to file information timely on November 21st, 2024 and the case administratively terminated on December 9th, 2024, the Debtors filed a motion for damages as to EAW on January 10th, 2025 referencing several alleged instances whereby a creditor would be in violation of the automatic stay, *provided that the creditor receives notice*.

4. While Debtors' matrix documents referenced above, filed concurrently with the case, does name and specifically references notice to collection counsel to EAW, Evan Bromley, who was handling the foreclosure of Debtors' property located at EAW, it did not provide appropriate or proper notice to EAW itself, and as such,

EAW was not aware of the stay in the initial instance.

5. Debtors' motion further fails to name EAW as the party who violated the stay, but rather specifically names the EAW board members, individually, and Attorney Evan Bromley, who did not violate the stay but instead correctly took prompt affirmative action to terminate the pending collection action, to ensure that the stay was not violated as a result of same. Pursuant to applicable state law, codified as S.C. Ann. Code 33-36-660, board members of corporations not for profit are immune from suits arising from the conduct of the affairs of the corporation, unless conduct amounts to wilful, wanton, or gross negligence. *Id.*

6. While a creditor who **knowingly** and **deliberately** takes action against a debtor's property or attempts to collect a debt, despite **being aware** that the debtor has filed for bankruptcy and is protected by the automatic stay provision, is in violation of the automatic stay, here, it is unclear due to the Debtors' omission of EAW from its initial creditor matrix whether EAW properly received notice of the filing such that the Debtors have met their burden of proof regarding EAW's knowledge of the filing. And though EAW does appear in the creditor label matrix, it is unclear when it was added by Debtors as a creditor in the action for notification purposes.

7. Additionally, after a review of Beaufort County tax assessor and property tax records, it does not appear that the vehicle in question, a 2020 RAM Pro Master 1500 Commercial Van, is registered to Ms. Ard, who repeatedly avers in her motion that the taking of "her vehicle" triggered the stay violation provisisions, such that EAW's actions with regard to the property would be in violation of the automatic stay. In fact, on Ms. Ard's schedules A/B filed with the Court, it appears that she

may own this property jointly with a third party.

8. Regardless of the above, when general counsel to EAW was made aware of a tow action as to Ms. Ard's alleged vehicle on or around November 11th, 2024, initiated by EAW, after confirming that Ms. Ard was in fact in a pending bankruptcy, EAW promptly returned the vehicle to Ms. Ard on the morning of November 14th, 2024 and paid all costs associated with its removal, storage and towing, at no expense to Ms. Ard. After being notified of the bankruptcy, EAW took no further action against the purported personal and/or real property of Ms. Ard until such time as the case was dismissed.

9. Additionally, on November 14th, 2024, general counsel spoke with Ms. Ard by telephone and requested that she provide confirmation that notice was sent to EAW of the bankruptcy filing, and further emailed Ms. Ard to provide her with the email address and address of EAW generally for notice purposes going forward. See attached hereto as **Exhibit A** and incorporated herewith.

10. To date, Ms. Ard has not provided any documentation to the undersigned evidencing that EAW was originally properly provided notice of the bankruptcy filing at any time, prior to that call or after the fact. Further, despite having knowledge of the email address and the notice address provided to her by email by the undersigned as referenced by the Exhibit hereto, the Certificate of Service on the motion filed fails to incorporate the proper address of EAW and/or electronically notify counsel to EAW of the motion filed that EAW now submits this filing in response to same.

11. Given the above, even if the Debtor is able to show that the vehicle is owned is some capacity by her personally, despite having no registration information with Beaufort

County available on file, EAW respectfully shows to this Honorable Court that it did not commit a willful violation of the automatic stay and prays that the Court dismiss the motion for damages filed by Debtors on January 10th, 2025, given not only that no stay violation occurred due to lack of notice, but that even if said violation occurred, it was not willful.

12. Further, due to the fact that the Debtors were dismissed on November 21st, 2024, the case was administratively terminated on December 9th, 2024, and EAW did not receive notice of the motion filed by Debtors on January 10th, 2025 despite communicating all service information for EAW electronically and by regular mail to Debtors in this case, and in spite of same, EAW has timely and properly complied with all applicable law and local rules required by this Court to respond to Debtors promptly despite not receiving proper notice, an action that is arguably wilful on behalf of Debtors who have been dismissed from the instant case.

WHEREFORE, the Debtor requests this Honorable Court grant this Opposition in response and deny the *Motion for Damages* filed by Debtors with prejudice, and for any such further relief as this Honorable Court deems just and proper.

Respectfully Submitted,
Estate at Westbury Owners Association, Inc.
By its counsel,

Dated: 1/24/2025

/s/ Julie A. Franklin
Julie A. Franklin, Esq. SC Fed Id: 13933
Post Office Drawer 2976
Bluffton, SC 29910
(706) 452-1303
jfranklinlegal@gmail.com

 Gmail　　　　　　　　　　　　　　　　　　　　　　　Julie A. Franklin <julie@franklinlegalservices.com>

## EAW Address Confirmation

**Julie A. Franklin** <julie@franklinlegalservices.com>　　　　　　　　　　Thu, Nov 14, 2024 at 3:59 PM
To: jacquelineard72@gmail.com, Evan Bromley <evan@bromleylawfirm.com>

Ms. Ard,

Per our telephone conversation this afternoon, please be advised that the notice address for EAW is as follows:

Estate at Westbury Owners Association, Inc.
C/O Registered Agent, Julie A. Franklin
25 Thurmond Way, #2976
Bluffton, SC 29910

Please include that address on your filings with the court, and feel free to include my email and Attorney Bromley's on your documents if you would like.

Upon receipt of your schedules filed, Attorney Bromley will review them and will be predominantly handling this matter on EAW's behalf in your case with the bankruptcy court, but again, I do not mind if you wish to include me as a contact for EAW in the case as well.

Best,

J

--
**Julie A. Franklin, Esq.**
Franklin Legal Services, LLC
DBA Law Office of Julie A. Franklin
100 Bull Street, Ste. 200
Savannah, GA 31401
T: (706) 452-1303
F: (706) 522-9207
www.franklinlegalservices.com

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and contain confidential and/or privileged information intended for that purpose. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email or by calling (706) 452-1303 and delete this message and its attachments, if any. Thank you for your cooperation.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| | |
|---|---|
| IN RE: )<br>)<br>JACQUELINE ELIZABETH ARD and )<br>TERRY FRANK NICOLA )<br>      Debtors. )<br>) | Case No. 24-03611-jd<br>Chapter 13 |

### CERTIFICATE OF SERVICE

I, Julie A. Franklin, state that on January 24th, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of South Carolina (Charleston) on behalf the Creditor, Estate at Westbury Owners Association, Inc., using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

James M. Wyman
US Trustee's Office

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Jacqueline Elizabeth Ard
239 Beach City Rd
Unit 3218
Hilton Head, SC 29926

Terry Frank Nicola
663 William Hilton Pky
Unit 4408
Hilton Head, SC 29928

Respectfully Submitted,
Estate at Westbury Owners Association, Inc.
By its counsel,

Dated: 1/24/2025

/s/ Julie A. Franklin
Julie A. Franklin, Esq. SC Fed Id: 13933
Post Office Drawer 2976
Bluffton, SC 29910
(706) 452-1303
jfranklinlegal@gmail.com