UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JACQUELINE ELIZABETH ARD and ) | Case No. 24-03611-jd |
| TERRY FRANK NICOLA ) | Chapter 13 |
|     Debtors. ) | |
| ) | |

**CREDITOR'S OPPOSITION IN RESPONSE TO DEBTORS' AMENDED MOTION FOR DAMAGES (DOCKET ENTRY NO. 87) FILED JANUARY 27th, 2025**

    NOW COMES the Creditor, Estate at Westbury Owners Association, Inc., (hereinafter "EAW") by and through its counsel, and to the extent required, on behalf of all parties so named, who hereby files this *Opposition in Response to Debtors' Amended Motion for Damages (Docket Entry No. 87) Filed January 27th, 2025*, modified and re-docketed by the Court on February 1st, 2025 as docket no. 90, as follows:

1. Debtors filed the above-referenced Chapter 13 case *pro se* on October 4th, 2024.

2. The docket reflects that the matrix information uploaded to the case by the *pro se* Debtors on October 4th, 2024 (docket entry no.8, (9 pages), docket entry no 9, (1 page)) fails to include and/or notice EAW as a creditor in the matter.

3. After the case was dismissed for failure to file information timely on November 21st, 2024 and the case administratively terminated on December 9th, 2024, the Debtors filed a motion for damages as to EAW on January 10th, 2025 referencing several alleged instances whereby a creditor would be in violation of the automatic stay, *provided that the creditor receives notice*. After receiving EAW's initial response in opposition, they then filed an *Amended Debtor's Motion for Additional Damages Based On Contempt* on January 27th, 2025, docket entry no. 87, which was

administratively modified by the Court on February 1st, 2025 as docket entry no. 90. Additionally, on January 31st, 2025, they filed another *pro se* Chapter 13 proceeding in the Eastern District of Michigan, docket no. 25-40952-mlo.

4. While Debtors' matrix documents referenced above, filed concurrently with the case, does name and specifically references notice to collection counsel to EAW, Evan Bromley, who was handling the foreclosure of Debtors' real property in the estate located at EAW, it did not provide appropriate or proper notice to EAW itself, and as such, EAW was not aware of the stay in the initial instance. As indicated in the response filed by Attorney Bromley in this matter, steps were immediately promptly taken by his office to cease collection efforts against the real property owned by the Debtors in the collection matter he handled for EAW upon receipt of said notice.

5. Debtors' amended motion, which states on its face in Paragraph 3 that it is an adversary proceeding (which it is not), further fails to name EAW as the party who violated the stay, but rather specifically names the EAW board members, individually, Attorney Evan Bromley, and the undersigned, who did not violate the stay but instead upon notice of same, correctly and promptly took affirmative action to terminate the pending collection action and/or other actions as to Debtors, to ensure that, if applicable, the stay was not violated as a result of same.

6. Pursuant to applicable state law, codified as S.C. Ann. Code 33-36-660, board members of corporations not for profit are immune from suits arising from the conduct of the affairs of the corporation, unless conduct amounts to wilful, wanton, or gross negligence. *Id.* In this case, Debtors original and amended motions

respectfully fail to allege conduct of the individual board members that overcomes this burden for purposes of suing them individually, and has appended an exhibit referencing only that in a board meeting regarding decal revocation of the alleged estate vehicle asset, meeting minutes were made in the course of their administrative board member duties to address ongoing violations of the governing documents of EAW, in the normal course.

7. While a creditor who **knowingly** and **deliberately** takes action against a debtor's property or attempts to collect a debt, despite **being aware** that the debtor has filed for bankruptcy and is protected by the automatic stay provision, is in violation of the automatic stay, here, it is unclear due to the Debtors' omission of EAW from its initial creditor matrix whether EAW properly received notice of the filing such that the Debtors have met their burden of proof regarding EAW's knowledge of the filing, and also whether the vehicle in question is in fact part of the *pro se* Debtors bankruptcy estate. And though EAW does later appear in the creditor label matrix, it is unclear when said address was added by Debtors as a creditor in the action for notification purposes.

8. Additionally, after a review of Beaufort County tax assessor and property tax records, it does not appear that the vehicle in question, a 2020 RAM Pro Master 1500 Commercial Van with a VIN number ending in 3289 is registered to Ms. Ard and/or Mr. Nicola, who repeatedly avers in their motion that the taking of "her vehicle" triggered the stay violation provisions, such that EAW's actions with regard to the property would be in violation of the automatic stay. In fact, on Ms. Ard's schedules A/B filed with the Court, it appears that she may own this property jointly

with a third party. To date, Ms. Ard has failed to produce any evidence, in either her original motion and/or the amended motion filed, conclusively establishing which state issued the vehicle in question's registration documents, provide documents concerning the title holder of the vehicle and/or provide documentation as to which creditor has a lien against said vehicle, and specifically as to whom.

9. Additionally, Debtor, who was required pursuant to EAW's governing documents to provide current vehicle registration information as to the vehicles she sought issuance of parking decals from EAW, failed to provide any vehicle registration information for the vehicle at issue in her amended motion, instead only providing EAW with information regarding another RAM Promaster with a VIN number ending in 4790, which is not at issue in this matter. See attached Exhibit A.

10. Regardless of the above, when general counsel to EAW was made aware of a tow action as to Ms. Ard's alleged vehicle on or around November 11th, 2024, initiated by EAW, after failing to receive formal notice but confirming that Ms. Ard was in fact in a pending bankruptcy, EAW promptly returned the vehicle to Ms. Ard on the morning of November 14th, 2024 and paid all costs associated with its removal, storage and towing, at no expense to Ms. Ard.

11. It was at this time that general counsel to EAW also checked with the Secretary of State's office to verify EAW's registered agent, and immediately took steps to file corrected information with same, and informed Ms. Ard via email of said notification address change. See attached correspondence as Exhibit B.

12. Further, after being notified of the bankruptcy, EAW took no further action against the purported personal and/or real property of Ms. Ard until such time as the case

was dismissed.

13. To date, Ms. Ard has not provided any documentation evidencing that EAW, via its original registered agent and/or the corrected agent as of November 14th, 2024, was properly provided notice of the bankruptcy filing at any time, prior to that call or after the fact.

14. Regardless, Debtor, having admitted knowledge of the email address and the notice address provided to her by email by the undersigned as referenced by Exhibit B hereto, the Certificate of Service on the original motion filed on January 10th, 2025 failed to incorporate the proper corrected notice address of EAW's agent and/or electronically notify counsel to EAW as requested in the November 2024 correspondence to Debtor Ard of the motion filed. Only in the subsequently Amended Motion filed by Debtors was service corrected and proper.

15. Given the above, even if the Debtor is able to show that the vehicle is somehow a part of the original bankruptcy estate and/or is owned in some capacity by her or her co-debtor personally, despite having failed to produce any current registration information, with any municipality, EAW respectfully shows to this Honorable Court that it did not commit a willful violation of the automatic stay as to assets of the estate, and prays that the Court dismiss the motion for damages filed by Debtors on January 10th, 2025, later amended on January 27th, 2025 and redocketed by the Court on February 1st, 2025, given not only that no stay violation occurred due to lack of notice, but that even if said violation occurred, it was not willful, nor was it conclusively related to assets within the bankruptcy estate such that a violation of the stay occurred at all.

16. Additionally, due to the fact that the Debtors were dismissed on November 21st, 2024, the case was administratively terminated on December 9th, 2024, and EAW's registered agent at the time again did not receive notice of the motion filed by Debtors on January 10th, 2025 despite communicating all service information for EAW electronically and by regular mail to Debtors in this case, EAW respectfully shows to this Honorable Court that despite such deficiencies it has timely and properly complied with all applicable law and local rules required by this Court to respond to same.

17. Further, as Debtors subsequently filed yet another *pro se* Chapter 13 bankruptcy on January 31st, 2025 in the Eastern District of Michigan, docket no. 25-40952-mlo, which was dismissed by the Court on March 3rd, 2025 and terminated on March 6th, 2025 (also for failure to file information), there was another stay violation issue in that case if EAW were to have filed a response to the Amended Motion in this case. Given the secondary bankruptcy filing, EAW engaged counsel in Michigan as to its rights against the Debtors, and was advised to wait until such time as the Michigan Court held hearings and/or ruled dispositively as to the Debtors' right to proceed in that jurisdiction with regard to same, which occurred last week.

18. Here, as it is a fundamental, underlying principle of a good faith bankruptcy filing to give the honest but unfortunate debtor a remedy to discharge certain debts, it bears noting that such relief is only afforded to those that avail themselves of same by in turn fully and promptly disclosing all assets, liabilities and creditors in their filings with the Court, with proper notice of same to parties in interest, and further that they fully cooperate with the bankruptcy process.

19. Here, respectively, these *pro se* Debtors, who have repeatedly filed bankruptcies in multiple jurisdictions and been subsequently dismissed for failing to cooperate with the bankruptcy process as provided on both dockets, this is not an instance where the Debtors timely provided sufficient notice of their filing(s) to EAW, nor did they provided all information concerning their estate to parties in interest and/or the Court, and/or honestly complied with EAW's own governing documents regarding registration for vehicles on property prior to the initiation of this instant case.

20. Further, given that upon actual notice to EAW's general counsel, the alleged estate asset was promptly returned at no cost to the Debtors, Debtors have failed to meet their burden of proof showing that EAW definitively knew of the asset in the bankruptcy filing for purposes of meeting the definition of willful, nor have they shown that EAW continued to pursue actions against the Debtors in this case after that time, and/or proven that the actions of EAW caused Debtors damage.

21. Rather, Debtors, who appear to have misrepresented their circumstances in their initial filings to both this Honorable Court and/or all parties in interest listed on the schedules they did file, not only suffered no actual damages in the form of monetary amounts having to be paid as a result of the conduct they complain of as to EAW, but also may have purposefully failed to file documents in the timeframe leading up to the dismissal of this case for purposes of allowing any party to conclusively determine what was in the estate, e.g. what assets they specifically individually own and/or which entities they owe concerning said assets.

22. In light of the above, EAW, through the undersigned, respectfully avers that these Debtors, pursuant to the particular facts shown and/or incorporated herein by

reference, should not now benefit from their purposeful failure to comply with the process as outlined in the Bankruptcy Code (in that they have repeatedly failed to promptly file documents, giving rise to this case's dismissal as well as the subsequent case they filed in the Eastern District of Michigan), such that they should now be afforded the relief they seek by having their amended motion granted.

23. Instead, for the foregoing reasons, EAW respectfully requests that this Honorable Court enter sanctions against them pursuant to Rule 9011 in the form of having them pay reasonable attorney fees and costs to EAW concerning their motions filed in this case, due to purposeful misrepresentations contained in their pleadings and schedules filed (or not filed timely with this Court and others), and also in light of their subsequent filing of the above-referenced claims against EAW for improper purposes and/or without evidentiary support.

WHEREFORE, the Debtor requests this Honorable Court grant this Opposition in response and deny the *Amended Motion for Damages* filed by Debtors with prejudice, and if it please the court, enter sanctions against the Debtors pursuant to Rule 9011 in the form of reasonable attorney fees and costs in defense of this action by EAW, and for any such further relief as this Honorable Court deems just and proper.

                                      Respectfully Submitted,
                                      Estate at Westbury Owners Association, Inc.
                                      By its counsel,

Dated: 3/10/2025                /s/ Julie A. Franklin
                                    Julie A. Franklin, Esq. SC Fed Id: 13933
                                    Post Office Drawer 2976
                                    Bluffton, SC 29910
                                    (706) 452-1303
                                    jfranklinlegal@gmail.com

TR-1L 02/22 Production 05/22

**MICHIGAN REGISTRATION**                **JOCELYN BENSON**
                                          Secretary of State

Plate: 0PEF83    Expires: 03/25/2024

ORIGINAL REGISTRATION                                    VAN
2017    RAM
Vehicle No.: 3C6TRVBG9HE514790    Fee Cat. or Wt.:    30001
A630356210239                     County:             OAKLAND

JACQUELINE ELIZABETH ARD                              0PEF83
21215 DARTMOUTH DR
SOUTHFIELD MI 48076             

                                License Fee: 180.00

01122023  116  66791663  200.00

# Gmail

Julie A. Franklin <julie@franklinlegalservices.com>

## EAW Address Confirmation

**Julie A. Franklin** <julie@franklinlegalservices.com>    Thu, Nov 14, 2024 at 3:59 PM
To: jacquelineard72@gmail.com, Evan Bromley <evan@bromleylawfirm.com>

Ms. Ard,

Per our telephone conversation this afternoon, please be advised that the notice address for EAW is as follows:

Estate at Westbury Owners Association, Inc.
C/O Registered Agent, Julie A. Franklin
25 Thurmond Way, #2976
Bluffton, SC 29910

Please include that address on your filings with the court, and feel free to include my email and Attorney Bromley's on your documents if you would like.

Upon receipt of your schedules filed, Attorney Bromley will review them and will be predominantly handling this matter on EAW's behalf in your case with the bankruptcy court, but again, I do not mind if you wish to include me as a contact for EAW in the case as well.

Best,

J

--
**Julie A. Franklin, Esq.**
Franklin Legal Services, LLC
DBA Law Office of Julie A. Franklin
100 Bull Street, Ste. 200
Savannah, GA 31401
T: (706) 452-1303
F: (706) 522-9207
www.franklinlegalservices.com

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and contain confidential and/or privileged information intended for that purpose. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email or by calling (706) 452-1303 and delete this message and its attachments, if any. Thank you for your cooperation.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| | |
|---|---|
| IN RE: )<br>)<br>JACQUELINE ELIZABETH ARD and )<br>TERRY FRANK NICOLA )<br>    Debtors. )<br>) | Case No. 24-03611-jd<br>Chapter 13 |

## CERTIFICATE OF SERVICE

I, Julie A. Franklin, state that on March 10th, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of South Carolina (Charleston) on behalf the Creditor, Estate at Westbury Owners Association, Inc., using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

James M. Wyman
US Trustee's Office

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Jacqueline Elizabeth Ard
239 Beach City Rd
Unit 3218
Hilton Head, SC 29926

Terry Frank Nicola
663 William Hilton Pky
Unit 4408
Hilton Head, SC 29928

Respectfully Submitted,
Estate at Westbury Owners Association, Inc.
By its counsel,

Dated: 3/10/2025

/s/ Julie A. Franklin
Julie A. Franklin, Esq. SC Fed Id: 13933
Post Office Drawer 2976
Bluffton, SC 29910
(706) 452-1303
jfranklinlegal@gmail.com