UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>JACQUELINE ARD AND TERRY FRANK NICOLA,<br>                              Debtors. | C/A No.   24-03611-jd<br><br>CREDITOR'S STATEMENT OF DISPUTE |

      The undersigned hereby certifies that after several attempts to schedule a telephone consultation with Debtors regarding this matter, the hearing on the *Debtors' Amended Motion for Additional Damages Based on Contempt and Debtors Response to Creditors Opposition to Debtors' Motion for Damages* and Responses filed by Estate at Westbury Owner's Association Inc. (hereinafter "EAW"), through its respective attorneys, originally scheduled for March 26th, 2025 at 2:00PM, after good faith efforts, cannot be settled and remains contested so as to require the presentation of evidence and/or argument to the Court for determination. By filing this statement, the parties shall be limited to and bound by the positions provided herein. The following information is presented by Creditor in this matter, solely, due to the fact that Debtors have not provided responses by the deadline indicated for filing by this Honorable Court:

1.    <u>Issues to be decided by the Court</u>.

    a) Whether the Debtors' motion requesting relief from this Court as to EAW is proper in its filed format, given that Debtors filed other adversary proceedings in this matter;

    b) Whether the vehicle in question is an asset of Debtors' estate (MOOT: per the loan documents recently received from Debtor by EAW counsel referenced below, it appears from the Retail Installment Contract that the vehicle is solely owned by Debtor Jacqueline Ard subject to a loan originated by Ford Road Motor Sales, assigned to Westlake Financial and therefore part of the estate);

    b) Whether EAW received proper notice of filing for purposes of the effect of the automatic stay being enforceable as to its actions, and though the issue of whether the vehicle is a part of the estate is now moot per the above, as EAW never received proper documentation as to the presence of the vehicle on its property pursuant to its governing documents, and since the Debtors did not file an amended matrix including EAW until October 29th, 2024 or schedules with the Court indicating assets of the estate until November 19th, 2024, there is a question as to whether EAW had notice of either the filing and/or that the vehicle was part of the estate at the time the alleged violation occurred;

    c) Should the Court find that notice was proper, whether EAW's actions and/or its agents as alleged in the Debtor's motion met Debtors' burden of proving that said actions were willful and knowing, in bad faith,

and not merely retention preserving the status quo such that a violation of the stay resulted, also in light of the fact that Debtors did not suffer actual damages;

d) Whether agents of EAW, including counsel and/or individual board members, in conjunction with state law statutory indemnity protections, can be held vicariously liable for an alleged violation of the automatic stay by the Creditor;

d) If the Court finds that the actions of EAW were not willful, knowing, in bad faith and/or in violation of the stay, whether the improper pleadings without evidence repeatedly filed by Debtors should result in sanctions against Debtors for EAW's reasonable attorney's fees and costs relative to its defense of this action post-dismissal of their filing, also in light of their subsequent re-filing of a secondary Chapter 13 matter in the Eastern District of Michigan in January of 2025, dismissed by that Court in March of 2025.

2. <u>Position of Creditor (state briefly but with specificity)</u>.

EAW's position is that it did not receive proper notice of Debtors' bankruptcy filing such that the automatic stay was in effect. EAW further posits that in the event the court finds it did receive notice, that its actions, and/or those of its agents or individual board members, were not willful or knowing, but in good faith, and in any event, do not warrant a stay violation in this case, under these circumstances, given that EAW had no basis to believe that the vehicle is question was legally parked at its facility prior to having the vehicle towed, nor was it aware that the vehicle was part of a bankruptcy estate at the time, such that its tow and the third party towing company's retention of the vehicle does not meet the standard for a violation of the stay in this case. Further EAW's actions, as alleged, did not result in actual damages to the Debtors, and in fact, upon notice from Debtor to general counsel, EAW promptly acted in good faith to return the vehicle to Debtors, and finally, that Debtors' improper filings post-dismissal of their case for failure to file documents, without evidentiary support, justify sanctions against Debtors for its reasonable attorney's fees and costs in defense of those actions as a result.

3. <u>Names of Witnesses to be called at the hearing</u>.

Debtor Jacqueline Ard

4. <u>Exhibits/Evidence to be presented by Creditor:</u>

A. The undersigned has requested the Vehicle Registration at the time of the filing and currently from the Debtors but has not received same at the time of the filing of this document.

B. State of South Carolina Secretary of State Notice of Change of Registered Office or Registered Agent of Estate at Westbury Owner's Association, Inc. Filed June 27th, 2024;

C. State of South Carolina Secretary of State Notice of Change of Registered Office or Registered Agent of Estate at Westbury Owner's Association, Inc. Filed November 14th, 2024;

D. Debtors' Creditor Matrix Documents Filed on October 4th, 2024 in Bankruptcy Matter (Docket Entry No. 8 and 9)

E. Debtors' Amended Creditor Matrix Documents Filed October 29th, 2024 in Bankruptcy Matter (Docket Entry No. 27)

F. Vehicle Registration Required by EAW Governing Documents to Be Filed with EAW for parking decal issuance provided by Debtors (Different ProMaster)

G. EAW reserves the right to supplement this response if necessary if any documents are received by Debtors.

5. <u>Statutory, Case Law or other Applicable Authority of Creditor</u>.

   11 U.S.C. 542(c)

   11 U.S.C. 362

   *Taggart v. Lorenzen*, 139 S.Ct. 1795 (2019)

   *City of Chicago of Illinois v. Fulton*, 141 S. Ct. 585 (2021)

   EAW reserves the right to supplement this response.

6. <u>Estimated Length of Hearing</u>. 1.0 hour

7. <u>Telephone and Facsimile Number, Electronic Mail address of Counsel/Party/Parties</u>.

   Evan K. Bromley on behalf of Defendant Evan K. Bromley
   evan@bromleylawfirm.com
   T: (843) 868-2801
   F: (843) 868-2802

   Julie A. Franklin on behalf of Creditor Estate at Westbury Owners Association, Inc.
   julie@franklinlegalservices.com
   T: 706-452-1303
   F: 706-522-9207

   Jacqueline Elizabeth Ard
   239 Beach City Rd. Unit 3218
   Hilton Head Island, SC 29926
   jacquelineard72@gmail.com
   T:

   Terry Frank Nicola
   663 William Hilton Pwky, Unit 4408
   Hilton Head Island, SC 29928
   terrynicola5821@yahoo.com

3/21/2025\_\_\_\_                                    */s/ Julie A. Franklin*
(DATED)                                             (SIGNATURE)

3/21/2025\_\_\_\_                                    */s/ Evan K. Bromley*
(DATED)                                             (SIGNATURE)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA (CHARLESTON)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JACQUELINE ELIZABETH ARD and ) | Case No. 24-03611-jd |
| TERRY FRANK NICOLA ) | Chapter 13 |
|     Debtors. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I, Julie A. Franklin, state that on March 21st, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of South Carolina (Charleston) on behalf the Creditor, Estate at Westbury Owners Association, Inc., using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

James M. Wyman
US Trustee's Office

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Jacqueline Elizabeth Ard
239 Beach City Rd
Unit 3218
Hilton Head, SC 29926

Terry Frank Nicola
663 William Hilton Pky
Unit 4408
Hilton Head, SC 29928

Respectfully Submitted,
Estate at Westbury Owners Association, Inc.
By its counsel,

Dated: 3/21/2025

/s/ Julie A. Franklin
Julie A. Franklin, Esq. SC Fed Id: 13933
Post Office Drawer 2976
Bluffton, SC 29910
(706) 452-1303
jfranklinlegal@gmail.com