Filed By The Court
9/2/2025 5:15 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

In re:

**Jacqueline E. Ard and Terry F. Nicola**,
Debtors.

Case No.: 25-01384
Chapter 13

**MOTION TO REMOVE CHAPTER 13 TRUSTEE AND REQUEST FOR DISGORGEMENT OF FEES**

## MOTION TO REMOVE CHAPTER 13 TRUSTEE AND REQUEST FOR DISGORGEMENT OF FEES

Debtors, Jacqueline E. Ard and Terry F. Nicola ("Debtors"), pro se, respectfully move this Court pursuant to 11 U.S.C. §324(a) and related authorities to remove the Chapter 13 Trustee, James M. Wyman ("Trustee"), from this case and to require disgorgement of all fees collected to date, and in support thereof state as follows:

## I. INTRODUCTION

1. Debtors are the sole operators and managers of a property management LLC operating since 2010, and an asset management LLC operating since 2021, providing affordable housing and vacation homes across three states, with six active and three inactive properties. Debtors bear full responsibility for the day-to-day operations of the business.

2. The Trustee has demonstrated **bias, prejudice, and hostility** toward the Debtors through repeated filings, objections, and responses, including Doc 70 (Case 24-03611), Doc 73, and Doc 74 which have **mischaracterized Debtors' good-faith efforts**, improperly questioned their credibility, and sought dismissal or conversion despite Debtors' pro se status, disabilities, and extraordinary circumstances.

## II. FACTUAL BACKGROUND AND REBUTTAL OF TRUSTEE ACTIONS

### A. Trustee's Objection to Motion to Reopen (Case 24-03611 Doc 70)

3. Trustee objected to reopening the case, citing missed deadlines under 11 U.S.C. §521(i).

4. Debtors rebut:

a) Missed deadlines were caused by **technical difficulties with the Court's electronic filing system**, Debtors' disabilities, and interference of creditors that violated the automatic stay.

b) Debtors attempted timely submissions and requested extensions in good faith, **demonstrating excusable neglect** under FRBP 9006(b)(1) and case law.

c) Denying reopening would **prejudice the Debtors and disrupt their ability to propose a confirmable plan**, while reopening presents minimal risk to creditors.

**B. Trustee's Objection to Exemptions (Case 25-01384 -Doc 73)**

5. The Trustee objected to Debtors' claimed exemptions under various South Carolina statutes (§33-41-720, §15-41-30, and related provisions), asserting misclassification of property interests, incorrect valuation, and lack of proof of domicile.

6. Debtors rebut the Trustee's objections as follows:
   a) All claimed exemptions are **legally valid under state and federal law**, including personal property, "wildcard" exemptions, and ERISA-related assets.
   b) Trustee mischaracterized the nature of Debtors' real and personal property interests and **ignored partial ownership in LLCs**, which properly qualifies for exemptions.
   c) Debtors' domicile and residency are accurately reflected in the filings; the Trustee's objections reflect **misinterpretation and a hostile presumption of bad faith**.

**C. Trustee's Response to Hearing on Dismissal/Conversion (Case: 25-01384 Doc 74)**

5. Trustee alleged unreasonable delay, failure to disclose property interests, and inability to propose a confirmable plan, recommending dismissal with a bar to refiling or conversion to Chapter 7.

6. Debtors rebut:
   a) All delays were caused by **disabilities, technical filing barriers, and creditor actions that violated automatic stay protections**, not by bad faith.
   b) The Trustee **misstates the ownership of assets** and **ignores Debtors' continuous good-faith efforts** to complete filings.

    c) Trustee's demand for dismissal or conversion constitutes **hostile conduct and prejudicial treatment** inconsistent with the Chapter 13 process.

## III. BASIS FOR REMOVAL OF TRUSTEE

9. 11 U.S.C. §324(a) allows the Court to remove a Trustee "for cause."
10. "Cause" is demonstrated by:

    a) **Bias and hostility** in Trustee filings and communications, including mischaracterization of Debtors' actions and repeated requests for dismissal or conversion without basis.

    b) **Failure to fulfill fiduciary duties**: Trustee has collected 17,620.96 in plan payments from Debtors but **failed to disburse any funds to creditors**, creating an untenable and hostile environment.

    c) **Obstruction of Debtors' rights**: Trustee's objections to exemptions and refusal to reopen has impeded Debtors' ability to reorganize in good faith.

    d) **Repeated procedural overreach** and misrepresentation of Debtors' compliance history to the Court.

## IV. REQUEST FOR DISGORGEMENT OF FEES

11. The Trustee has collected fees pursuant to the Chapter 13 plan but **has not disbursed any payments to creditors**, constituting mismanagement and breach of fiduciary duty.
12. Debtors request disgorgement of all fees collected by Trustee to date and immediate accounting for all funds received and disbursed, to ensure transparency and proper administration of the estate.

## V. RELIEF REQUESTED

**WHEREFORE, Debtors respectfully request that this Court:**

1. **Remove Chapter 13 Trustee James M. Wyman** from this case pursuant to 11 U.S.C. §324(a) for cause, including bias, hostility, and failure to perform fiduciary duties;

2. **Order disgorgement of all fees collected by the Trustee to date** and require accounting for all funds received and disbursed;

3. **Appoint a replacement Trustee** to administer the plan in a neutral, unbiased manner; and

4. Grant any further relief the Court deems just and proper.

**Date:** September 2, 2025

Respectfully submitted,

**Jacqueline E. Ard**
Mailing Address:
21215 Dartmouth Drive
Southfield, Michigan 48076
313-770-7051
jacquelineard72@gmail.com

**Terry F. Nicola**
Mailing Address:
21215 Dartmouth Drive
Southfield, Michigan 48076
313-770-7051
jacquelineard72@gmail.com

**[Notary Acknowledgment On Following Page]**

## VERIFICATION

I, Jacqueline Elizabeth Ard, being first duly sworn, depose under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and belief. Executed this __2__ day of __September__, 2025, in __Reidsville__, __North Carolina__.

_____
Jacqueline Elizabeth Ard

I, Terry Frank Nicola, being first duly sworn, depose under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and belief. Executed this __2__ day of __September__, 2025, in __Reidsville__, __North Carolina__.

_____
Terry Frank Nicola

## NOTARY ACKNOWLEDGMENT

STATE OF __North Carolina__

COUNTY OF __Rockingham__

**Subscribed and sworn** to (or affirmed) before me on this __2nd__ day of __September__, _____, the undersigned Notary Public of the State and County aforesaid, personally appeared __Jacqueline Elizabeth Ard Terry Frank Nicola__, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within document, who acknowledged the due execution of the foregoing instrument.

My Commission Expires: __Jan 4, 2029__   Notary Public __Tareva J. Cobb__

Print Notary Name: __Tareva T. Cobb__

```
TAREVA T COBB
Notary Public - North Carolina
Rockingham County
My Commission Expires Jan 4, 2029
```

# Exhibit A

*Annotated Trustee Objection to Motion to Reopen (Doc. 70)*

| Trustee's Statement (Doc. 70) | Debtors' Rebuttal / Correction |
|---|---|
| *"Debtors failed to timely file schedules, statements, and a plan, making reopening improper."* (Doc. 70, p. 2, ¶3) | Debtors filed **ECF 35, 36 (Second Motion to Extend)** with sworn evidence of disability and incapacity. Under **FRBP 9006(b)(1)** and **Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380 (1993)**, excusable neglect applied. Trustee omitted this fact, mischaracterizing compliance. |
| *"Debtors continue to delay this case without reasonable justification."* (Doc. 70, p. 3, ¶4) | Debtors' delays are directly tied to disability (Ms. Ard's right-hand paralysis; Mr. Nicola's Parkinson's). ADA Title II requires reasonable accommodations. Trustee ignored medical documentation (see Affidavit of Dr. Suski, Ex. D). |
| *"Reopening will prejudice creditors."* (Doc. 70, p. 4, ¶5) | Creditors already violated the **automatic stay (11 U.S.C. §362)** by repossessing vehicles in April 2025. Trustee's position shifts prejudice away from creditors' unlawful acts onto disabled Debtors seeking lawful relief. |

# Exhibit B

*Annotated Trustee Objection to Exemptions (Doc. 73)*

| Trustee's Statement (Doc. 73) | Debtors' Rebuttal / Correction |
|---|---|
| *"Debtors improperly claimed exemptions in real property without proof of residency."* (Doc. 73, p. 3, ¶4) | Debtors filed **Schedule C, ECF 44** with driver's licenses, tax filings, and utility bills establishing residency. Trustee disregarded the evidence. |
| *"Debtors misrepresented ownership interests in assets."* (Doc. 73, p. 4, ¶5) | Trustee relied on uncertified **county tax database printouts**, which are not judicially reliable. Ownership was properly listed in **Schedules A/B, ECF 43**. |
| *"Debtors' claimed exemptions exceed statutory limits."* (Doc. 73, p. 5, ¶6) | Trustee ignored **S.C. Code Ann. §15-41-30**, which provides a homestead exemption of $63,250 per debtor. Debtors' claims were within limits. |
| *"The Trustee questions Debtors' good faith."* (Doc. 73, p. 6, ¶7) | Allegations of bad faith are unfounded and prejudicial. Trustee provided no evidence of fraud or concealment, in violation of fiduciary neutrality under **11 U.S.C. §1302(b)(1)**. |

# Exhibit C

*Annotated Trustee Response to Order Setting Hearing on Dismissal or Conversion (Doc. 74)*

| Trustee's Statement (Doc. 74) | Debtors' Rebuttal / Correction |
|---|---|
| *"Debtors have attempted to delay creditors through improper filings."* (Doc. 74, p. 2, ¶2) | Debtors filed motions only to enforce rights under **§362 automatic stay** after unlawful repossessions. Trustee mischaracterizes lawful protective motions as delay. |
| *"Debtors' assets total $1.2 million, while income is only $1,385, suggesting abuse."* (Doc. 74, p. 4, ¶6) | Trustee's calculation misrepresents facts. Assets are illiquid, jointly held, and necessary for medical/property management. Income analysis excluded disability-related expenses. |
| *"This case should be dismissed with a two-year bar to refiling."* (Doc. 74, p. 5, ¶8) | **§109(g)** only permits a 180-day bar. Trustee's request for a two-year bar exceeds statutory authority, showing hostility and bias. |
| *"Conversion to Chapter 7 is in the best interest of creditors."* (Doc. 74, p. 6, ¶9) | Conversion would strip disabled Debtors of homestead protections and medical assets. Trustee's recommendation is punitive, not rehabilitative, violating Chapter 13's purpose. |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

In re:

**Jacqueline E. Ard and Terry F. Nicola**,
                                        Debtors.

Case No.: 25-01384
Chapter 13

**Sworn Affidavit of Jacqueline E. Ard and
Terry F. Nicola In support of Motion to
Remove Trustee James M. Wyman**

## Sworn Affidavit of Jacqueline E. Ard and Terry F. Nicola
*(In Support of Motion to Remove Chapter 13 Trustee and for Disgorgement of Fees)*

**Case No.: 25-01384 (Bankr. D.S.C.)**

## I. Affiants

1. I, Jacqueline E. Ard, am a Debtor in the above-captioned matter, proceeding pro se.
2. I, Terry F. Nicola, am a Debtor in the above-captioned matter, proceeding pro se.
3. We are filing this sworn affidavit in support of our **Motion to Remove Chapter 13 Trustee James M. Wyman** and for **Disgorgement of Fees** pursuant to **11 U.S.C. § 324(a)** and related authorities.

## II. Trustee's Misrepresentations and Failures

The Trustee's filings— Case 24-03611 Doc. 70 (Objection to Motion to Reopen), Case 25-01384 Doc. 73 (Objection to Exemptions), and Case 25-01384 Doc. 74 (Response to Order Setting Hearing on Dismissal or Conversion)—contain repeated mischaracterizations, omissions, and bias. Each is summarized below and fully annotated in attached **Exhibits A–C**.

**A. Doc. 70 – Objection to Motion to Reopen**
**(Filed Jan 02, 2025)**

- **Trustee Claim:** Debtors failed to file schedules and plan on time, rendering reopening improper.
- **Annotation (Exhibit A, p. 2, ¶3):** This statement omits that Debtors had **pending motions for extension (ECF 35, 36)** and provided medical documentation supporting excusable neglect under **FRBP 9006(b)(1)**.

- **Law Violated:** Failure to recognize equitable relief for disabled debtors constitutes denial of access under **ADA Title II**, and violates precedent of **Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380 (1993).**

## B. Doc. 73 – Objection to Exemptions
### (Filed June 04, 2025)

- **Trustee Claim:** Debtors improperly claimed exemptions in SC property, lacking sufficient proof of residency.
- **Annotation (Exhibit B, p. 3, ¶4):** This disregards Debtors' sworn schedules and documentary evidence already submitted (driver's license, tax filings).
- **Trustee Claim:** Valuations of assets "misrepresent ownership."
- **Annotation (Exhibit B, p. 4, ¶5):** Trustee relies on **county database printouts** without certified records, which are notoriously unreliable.
- **Law Violated:** SC exemption law (**S.C. Code Ann. §15-41-30**) protects Debtors' homestead and personal property. Trustee ignored this, demonstrating bias.

## C. Doc. 74 – Response to Order Setting Hearing on Dismissal or Conversion
### (Filed June 04, 2025)

- **Trustee Claim:** Debtors delayed creditors' collection actions through improper filings.
- **Annotation (Exhibit C, p. 2, ¶2):** This ignores the fact that creditors had already violated the **automatic stay (11 U.S.C. §362)** by repossessing vehicles. Debtors' motions were proper attempts to enforce protections.
- **Trustee Claim:** Debtors' assets ($1.2M) vs. income ($1,385) show abuse of bankruptcy.
- **Annotation (Exhibit C, p. 4, ¶6):** Trustee misstates facts—assets are jointly held, illiquid, and tied to medical and property management needs. Income analysis excludes disability-related expenses.
- **Trustee Recommendation:** Dismissal with **two-year bar to refiling**.
- **Annotation (Exhibit C, p. 5, ¶8):** This exceeds **11 U.S.C. §109(g)** (180-day bar maximum for bad faith finding), suggestion evidences punitive hostility.
- **Law Violated:** Trustee acted outside statutory limits, showing bias and failure of fiduciary duty.

# III. Trustee's Breach of Fiduciary Duties

1. **Failure to Disburse Plan Payments**: Trustee collected 17, 620.96 in plan payments deducted his fee but has not disbursed any payments to creditors within the 4 months.
2. **Hostility and Mischaracterization**: Filings consistently depict Debtors as dishonest without evidence.

3.  **Obstruction**: Trustee's objections prevent confirmation of a feasible plan, contrary to Chapter 13's rehabilitative purpose.

## IV. Relief Requested

For these reasons, Debtors respectfully request that the Court:

1.  Remove **Trustee James M. Wyman** pursuant to **11 U.S.C. §324(a)**;
2.  Order disgorgement of all fees collected under **11 U.S.C. §§324(a), 330**;
3.  Appoint a neutral Trustee to ensure impartial administration;
4.  Grant such other relief as is just and proper.

## V. Verification

We swear under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 2, 2025

_____
**Jacqueline E. Ard, Debtor**

_____
**Terry F. Nicola, Debtor**

**Date:** September 2, 2025

Respectfully submitted,

_____
**Jacqueline E. Ard**
Mailing Address:
21215 Dartmouth Drive
Southfield, Michigan 48076
313-770-7051
jacquelineard72@gmail.com

_____
**Terry F. Nicola**
Mailing Address:
21215 Dartmouth Drive
Southfield, Michigan 48076
313-770-7051
jacquelineard72@gmail.com

**[Notary Acknowledgment On Following Page]**

## VERIFICATION

I, Jacqueline Elizabeth Ard, being first duly sworn, depose under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and belief. Executed this __2__ day of __September__, 2025, in __Reidsville__, __NC__.

_____

Jacqueline Elizabeth Ard

I, Terry Frank Nicola, being first duly sworn, depose under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and belief. Executed this __2__ day of __September__, 2025, in __Reidsville__, __North Carolina__

_____

Terry Frank Nicola

## NOTARY ACKNOWLEDGMENT

**STATE OF** __North Carolina__

**COUNTY OF** __Rockingham__

**Subscribed and sworn** to (or affirmed) before me on this __2nd__ day of __September__, _____, the undersigned Notary Public of the State and County aforesaid, personally appeared __Jacqueline Elizabeth Ard Terry Frank N__ known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within document, who acknowledged the due execution of the foregoing instrument.

My Commission Expires: __Jan 4, 2029__    Notary Public __Tareva J. Cobb__

Print Notary Name: __Tareva T. Cobb__

TAREVA T COBB
Notary Public - North Carolina
Rockingham County
My Commission Expires Jan 4, 2029

# Exhibit A

*Annotated Trustee Objection to Motion to Reopen (Doc. 70)*

| Trustee's Statement (Doc. 70) | Debtors' Rebuttal / Correction |
|---|---|
| *"Debtors failed to timely file schedules, statements, and a plan, making reopening improper."* (Doc. 70, p. 2, ¶3) | Debtors filed **ECF 35, 36 (Second Motion to Extend)** with sworn evidence of disability and incapacity. Under **FRBP 9006(b)(1)** and **Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380 (1993)**, excusable neglect applied. Trustee omitted this fact, mischaracterizing compliance. |
| *"Debtors continue to delay this case without reasonable justification."* (Doc. 70, p. 3, ¶4) | Debtors' delays are directly tied to disability (Ms. Ard's right-hand paralysis; Mr. Nicola's Parkinson's). ADA Title II requires reasonable accommodations. Trustee ignored medical documentation (see Affidavit of Dr. Suski, Ex. D). |
| *"Reopening will prejudice creditors."* (Doc. 70, p. 4, ¶5) | Creditors already violated the **automatic stay (11 U.S.C. §362)** by repossessing vehicles in April 2025. Trustee's position shifts prejudice away from creditors' unlawful acts onto disabled Debtors seeking lawful relief. |

# Exhibit B

*Annotated Trustee Objection to Exemptions (Doc. 73)*

| Trustee's Statement (Doc. 73) | Debtors' Rebuttal / Correction |
|---|---|
| *"Debtors improperly claimed exemptions in real property without proof of residency."* (Doc. 73, p. 3, ¶4) | Debtors filed **Schedule C, ECF 44** with driver's licenses, tax filings, and utility bills establishing residency. Trustee disregarded the evidence. |
| *"Debtors misrepresented ownership interests in assets."* (Doc. 73, p. 4, ¶5) | Trustee relied on uncertified **county tax database printouts**, which are not judicially reliable. Ownership was properly listed in **Schedules A/B, ECF 43**. |
| *"Debtors' claimed exemptions exceed statutory limits."* (Doc. 73, p. 5, ¶6) | Trustee ignored **S.C. Code Ann. §15-41-30**, which provides a homestead exemption of $63,250 per debtor. Debtors' claims were within limits. |
| *"The Trustee questions Debtors' good faith."* (Doc. 73, p. 6, ¶7) | Allegations of bad faith are unfounded and prejudicial. Trustee provided no evidence of fraud or concealment, in violation of fiduciary neutrality under **11 U.S.C. §1302(b)(1)**. |

# Exhibit C

*Annotated Trustee Response to Order Setting Hearing on Dismissal or Conversion (Doc. 74)*

| Trustee's Statement (Doc. 74) | Debtors' Rebuttal / Correction |
|---|---|
| *"Debtors have attempted to delay creditors through improper filings."* (Doc. 74, p. 2, ¶2) | Debtors filed motions only to enforce rights under **§362 automatic stay** after unlawful repossessions. Trustee mischaracterizes lawful protective motions as delay. |
| *"Debtors' assets total $1.2 million, while income is only $1,385, suggesting abuse."* (Doc. 74, p. 4, ¶6) | Trustee's calculation misrepresents facts. Assets are illiquid, jointly held, and necessary for medical/property management. Income analysis excluded disability-related expenses. |
| *"This case should be dismissed with a two-year bar to refiling."* (Doc. 74, p. 5, ¶8) | **§109(g)** only permits a 180-day bar. Trustee's request for a two-year bar exceeds statutory authority, showing hostility and bias. |
| *"Conversion to Chapter 7 is in the best interest of creditors."* (Doc. 74, p. 6, ¶9) | Conversion would strip disabled Debtors of homestead protections and medical assets. Trustee's recommendation is punitive, not rehabilitative, violating Chapter 13's purpose. |