AO 450 (SCD 04/2010)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | |
|---|---|
| Jacqueline Elizabeth Ard and Terry Frank Nicola, )<br>*Appellant* )<br>v. )<br>Evan K. Bromley and Julie A. Franklin, )<br>*Appellee* ) | Civil Action No.    9:25-cv-04019-BHH |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❏ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($__ ),

which includes prejudgment interest at the rate of ____ %, plus postjudgment interest at the rate of ____ %, along with

costs.

❏ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____

recover costs from the plaintiff *(name)* _____ .

■  other: This bankruptcy appeal is dismissed.

This action was *(check one)*:

❏ tried by a jury, the Honorable _____ presiding, and the jury has rendered a verdict.

❏ tried by the Honorable _____ presiding, without a jury and the above decision was reached.

■ decided by the Honorable Bruce Howe Hendricks, United States District Judge, presiding. The Court having adopted
the Report and Recommendation set forth by the Honorable Molly H Cherry, United States Magistrate Judge.

Date:    November 5, 2025                                   *ROBIN L. BLUME, CLERK OF COURT*

                                                           s/H.Cornwell
                                                  _____
                                                  *Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re: Jacqueline Elizabeth Ard and ) 
Terry Frank Nicola, )
 )
Debtors, )
_____ )
 )
Jacqueline Elizabeth Ard, Terry Frank )
Nicola, )                    Civil Action No. 9:25-cv-4019-BHH
 )
Appellant, )
 )
v. )
 )
 )                    **ORDER**
Evan K. Bromley, Julie A. Franklin, )
 )
Appellees. )
_____ )

This matter is before the Court upon Appellants Jacqueline Elizabeth Ard's and Terry

Frank Nicola's ("Appellants") *pro se* appeal from the United States Bankruptcy Court for the

District of South Carolina ("Bankruptcy Court").   In accordance with Local Civil Rule

73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for

preliminary review, and this Court generally has appellate jurisdiction pursuant to 28 U.S.C.

§ 158(a).

On May 14, 2025, a Notice of Appeal from the Bankruptcy Court was filed.  (ECF

No. 1.)  An Amended Notice of Appeal and Statement of Election, signed by both Ard and

Nicola, was filed on June 25, 2025.  (ECF No. 7.)  However, Appellants did not provide

other necessary items, and in an order entered on July 1, 2025, Appellants were giving

notice of their violation of Rules 8003 and 8009 of the Federal Rules of Bankruptcy and

were directed to pay the filing fee, to submit a designation of items to be included in the

report on appeal, and to submit a statement of issues to be presented to the Bankruptcy

Court by July 18, 2025.  (ECF No. 10.)  The deadline to provide the required documents

was extended to September 8, 2025.  (ECF No. 13.)  The deadline passed and Appellants

failed to provide the required items.

Accordingly, on October 15, 2025, the Magistrate Judge issued a Report and

Recommendation ("Report"), outlining the issues and recommending that the Court dismiss

this bankruptcy appeal because Appellants have failed to comply with the Court's orders

and provide the necessary items.  (ECF No. 16.)  Attached to the Magistrate Judge's

Report was a notice advising Plaintiff of the right to file written objections to the Report

within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court

is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific

objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life

& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a

timely filed objection, a district court need not conduct a *de novo* review, but instead must

'only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed

the record, the applicable law, and the findings and recommendations of the Magistrate

Judge for clear error.  After review, the Court finds no clear error and agrees with the

Magistrate Judge's analysis.  **Accordingly, the Court adopts and incorporates the**

**Magistrate Judge's Report (ECF No. 16), and the Court dismisses this bankruptcy**

**appeal for the reasons set forth by the Magistrate Judge**.

     **IT IS SO ORDERED.**

/s/Bruce H. Hendricks     
United States District Judge

November 5, 2025
Charleston, South Carolina