Filed By The Court
9/10/2025 12:17 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |
|---|---|
| In re:<br><br>**JACQUELINE ELIZABETH ARD AND**<br><br>**TERRY FRANK NICOLA**<br><br>Debtors. | **Chapter 13**<br><br>**Case No. 25-01384-JD**<br><br>**CASE:** |

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

   JACQUELINE ELIZABETH ARD AND TERRY FRANK NICOLA

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe)

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe)

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from: Order from which the appeal is taken: *Order on Motion to Recuse* [Docket No. 133] attached hereto as **Exhibit A**.

2. State the date on which the judgment, order, or decree was entered: September 9, 2025

Official Form 417A

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| 1. TMX Finance dba TitleMax of South Carolina | **John B. Kelchner**<br>PO Box 1473 (29202)<br>1901 Main St., Suite 900<br>Columbia, SC 29201<br>Telephone: 803-227-4234<br>Email: jkelchner@turnerpadget.com |
| 2. Spa on Port Royal Sound Horizontal Property Regime, Inc | **Lucas S. Fautua**<br>171 Church Street, Ste 120<br>Charleston, SC 29413<br>Telephone: (843) 714-2533<br>Email: rjones@smithdebnamlaw.com |
| 3. Trustee | **James Wyman, Trustee**<br>PO Box 997<br>Mt. Pleasant, SC 29465<br>Phone: (843) 388-9844<br>Email: 13info@charleston13.com |
| 4. Estate at Westbury | **Julie Franklin**<br>P.O. Drawer 2976<br>Bluffton, SC 29910<br>Telephone: (706) 452-1303<br>Email: jfranklinlegal@gmail.com |
| 5. West-Aircomm | **Benjamin E. Grimsley**<br>P.O. Box 11682<br>Columbia, SC 29211<br>Telephone: (803) 233-1177<br>Email: bgrimsley@dgglegal.com |

SEE ATTACHED ADDITIONAL RECIPIENTS

Official Form 417A          Notice of Appeal and Statement of Election          Page 2

Official Form 417A

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Jacqueline Elizabeth Ard

By: _____     Date  9-10-25

Jacqueline E. Ard
239 Beach City Road unit 3218
Hilton Head Island, SC 29926
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051


Terry Frank Nicola

By: _____     Date  9-10-25

Terry F. Nicola
663 Wm Hilton Pkwy apt 4408
Hilton Head Island, SC 29926
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| ust | US Trustee's Office | USTPRegion04.CO.ECF@usdoj.gov |
| tr | James M. Wyman | 13info@charleston13.com |
| aty | Benjamin Edward Grimsley | bgrimsley@dgglegal.com |
| aty | Dean S. Haskell | dhaskell@jsplaw.net |
| aty | Elizabeth H Parrott | elizabeth.parrott@mccalla.com |
| aty | J. Ronald Jones, Jr. | rjones@smithdebnamlaw.com |
| aty | John B. Kelchner | jkelchner@turnerpadget.com |
| aty | Julie A. Franklin | jfranklinlegal@gmail.com |
| aty | Lucas S. Fautua | lfautua@smithdebnamlaw.com |
| aty | Richardo Kilpatrick | rkilpatrick@shermeta.com |
| aty | Tara E. Nauful | tara@bestlawsc.com |

TOTAL: 11

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db Jacqueline Elizabeth Ard 21215 Dartmouth Dr Southfield, MI 48076–5634
jdb Terry Frank Nicola 21215 Darthmouth Southfield, MI 48076
cr WEST–AIRCOMM FEDERAL CREDIT UNION c/o Weltman, Weinberg & Reis Co., LPA 5990 West Creek Rd, Suite 200 INDEPENDENCE, OH 44131 UNITED STATES
cr Nationstar Mortgage LLC c/o McCalla Raymer Leibert Pierce, LLC Bankruptcy Department 1544 Old Alabama Road Roswell, GA 30076 UNITED STATES
cr Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LLC 4515 N Santa Fe Ave. Dept. APS Oklahoma City, OK 73118
cr Estate at Westbury Owners Association, Inc. C/O Counsel 25 Thurmond Way #2976 Bluffton, SC 29910
cr Hilton Hear Resort Four Seasons Centre Horizontal Property Regime Council of Co–Owners, Inc our Seasons Centre Horizontal Pr C/o Jones, Simpson & Newton P.O. Box 1938 Bluffton, SC 29910 UNITED STATES
aty Garry Masterson Weltman, Weinberg and Reis Co., LPA 5990 West Creek Rd. Suite 200 Independence, OH 44131
544518984 AAdvantage Aviator Portfolio Recovery PO Box 8828 Wilmington, DE 19899–8828
544526212 ADT LLC PO Box 371878 Pittsburgh, PA 15250–7878
544518985 ADT Security Services 1501 Yamato Road Boca Raton, FL 33431
544518986 ADT Security Services P.O. Box 650485 Pittsburgh, PA 15250
544518987 ADT,LLC Transworld Systems Inc 500 Virginia Dr. Suite 514 Ft Washington, PAl 9304
544518996 ATandT P.O. BOX 5080 Carol Stream, IL 60197–6080
544518998 ATandT P.O. BOX 5080 Carol Stream, IL 60197–6080
544526217 ATandT PO Box 5014 Carol Stream, IL 60197–5014
544533105 AWA Collections Santa Rosa Emergency PO Box 6605 Orange, CA 92863
544526213 Advantage Aviator ATTN Bankruptcy Department 130 Cooperate Blvd Norfolk, VA 23502
544518988 Allstate Indemnity POBox4310 Carol Stream, IL 60197
544518989 Allstate Insurance P.O. Box 21169 Roanoke, VA 24018–0537
544518990 American Express – AXPLEGALATTORNEY 500 North Franklin Turnpike No. 315 MAIL CODE 297 Ramsey, New Jersey 07446
544518991 American Express National Bank Care of Becket and Lee PO Box 3001 Malvern PA 19355–0701
544533335 American Express National Bank care of Becket and Lee LLP PO Box 3001 Malvern PA 19355–0701
544533336 American Express National Bank care of Becket and Lee LLP PO Box 3001 Malvern PA 19355–0701
544518992 Americollect Inc POBox2080 Manitowoc, WI 54221–2080
544526225 Armstrong Cable 437 North Main St Butler, PA 16001
544518993 Armstrong Cable P.O. Box 300 Lancaster, PA 17604–3001
544526216 Armstrong Cable PO Box 37749 Philadelphia, PA 19101–5049
544518994 Associated Credit Services, INC P.O. Box 1201 Tewksbury, MA 01876
544518995 Association Services, An Associa Company C/O Hilto 1040 William Hilton Pky #200 Hilton Head Island, SC 29928
544519000 Bank of America P.O. Box 982238 El Paso TX 79998
544519001 Barclays Bank Delaware Attention: Card Services LEGAL PO. Box 8833 Wilmington, DE 19899–8833
544519002 Barry Mullis 239 Beach City Road Apt 2213 Hilton Head Island, SC 29926–4 713
544519003 Beaufort County Sheriffs Department Melissa Hansen PO. Box 1758 Beaufort, SC 29901
544519004 Beaufort County Treasurer P.O. Drawer 487 Beaufort, SC 29901–0487
544519005 Beaumont Medical Transport Services 950 West Maple St Suite C Troy, MI 48084
544519194 Best Law, PA Tara E. Nauful P.O. Box 2374 Mount Pleasant, SC 29465
544519006 Braun Kendrick Finkbeiner PLC Mitchell G. Piper 4301 Fashion Square Blvd Saginaw, MI 48603
544519195 Bromley Law Firm LLC Evan K. Bromley 211 Goethe Rd Ste B Bluffton, SC 29910–6014
544519012 CBE Group Spectrum Mobile Attn: Client Services P.O. Box 2547

| ID | Name / Address |
|---|---|
| 544533836 | CONSUMERS ENERGY COMPANY Attn: Legal Dept One Energy Plaza Jackson, MI 49201 |
| 544519134 | Caine and Weiner PO. Box 55848 Sherman Oaks, CA 91413 |
| 544519007 | Capital One Auto Finance, division of AIS Portfolio Services, LLC 4515 N Santa Fe Ave. Dept. APS Oklahoma City, OK 73118 |
| 544519010 | Capone–Kohls P.O. Box 3115 Milwaukee, WI 53201–3115 |
| 544519011 | Carter–Young, Inc. 120 2nd St 2nd Fl Monroe, GA 30655 |
| 544519013 | Chase Card Services P.O. Box 6294 Carol Stream, IL 60197 |
| 544519167 | Chase Ink Business Card Services P.O. Box 15298 Wilmington, DE 198506548 |
| 544526237 | Chipumoi, Nicolas 6409 Congress Ave, Ste 100 Boca Raton, FL 33487–2853 |
| 544519014 | Citibank PO Box 790034 St. Louis, MO 63179–0034 |
| 544519015 | Citicorp Credit Services Attn: IRU PO. Box 790034 St. Louis, MO 63179 |
| 544519016 | Citizens Bank One Citizens Plaza Providence, RI 02903 |
| 544519017 | City of Detroit – Property Tax P.O. Box 33193 Detroit, MI 48232–5193 |
| 544519196 | City of Detroit Water and Sewerage Dept 735 Randolph St Detroit, MI 48226–2830 |
| 544519018 | Clare County 55th Judicial Circuit 225 West Main Harrison, MI 43625 |
| 544519020 | Comenity – Zales PO Box 650971 Dallas, TX 75265–0971 |
| 544519019 | Comenity Caesars Rewards P .0. Box 650960 Dallas, TX 75263–0960 |
| 544519021 | Comenity Portfolio Refresh 3095 Loyalty Circle Columbus, OH 43219 |
| 544519197 | Consumer Energy Company Attn: Legal Dept 1 Energy Plaza Dr Jackson, MI 49201–2357 |
| 544519022 | Consumers Energy Company Attn: Legal Dept One Energy Plaza Jackson, MI 49201 |
| 544519023 | County Council Of Beaufort County Assessor Real Property Services P.O. Drawer 1229 Beaufort, SC 29901 |
| 544526208 | County of Alleghney Treasurer Room 108 Courthouse 436 Grant St Pittsburgh, PA 15219 |
| 544519198 | Coyne Oil Attn: Rose 513 W 5th St Clare, MI 48617–9405 |
| 544519024 | Credit Management Company PO Box 16346 Pittsburgh, PA 15242–0346 |
| 544519025 | Credit One Bank PO Box 98875 Las Vegas, NV 89193–8875 |
| 544519026 | Crown Asset Mgmt 3100 Breckinridge Blvd Ste 725 Duluth, GA 30096–7605 |
| 544519027 | Cuyahoga Community ColJege 700 Carnegie Ave. Cleveland, OH 44115 |
| 544519036 | DNF Associates 2351 N Forest Road Suite 110 Getzville, NY 14068 |
| 544519037 | DTE 1 Energy Plaza WCB 735 Attention Legal Dept Detroit, MI 48226–1221 |
| 544526218 | DTE Energy ATTN Legal Department PO Box 740786 Cincinnati, OH 45274–0786 |
| 544519200 | DTE Energy WCB 735 Attention Legal Department 1 Energy Plaza Detroit, MI 48226–1221 |
| 544519029 | Dave Yost OH Attorney General Attn: Timothy Sullivan 18013 Cleveland Pkwy Suite 180 Cleveland, OH 44135 |
| 544519199 | Detroit Water and Sewerage Dept Po Box 554899 Detroit, MI 48255–4899 |
| 544519031 | Dillon McCandless King Coulter, Graham, LLP 128 West Cunningham Street Butler, PA 16001 |
| 544533102 | DirectTV LLC CT Corporation 1209 N Orange St Wilmington, DE 19801–1120 |
| 544519033 | Dish Network LLC 9601 S. Meridian Blvd Englewood, CO 80112 |
| 544519034 | Diverse Funding 3580 Harlem Rd Suite 6 Cheektowaga, NY 14215–2045 |
| 544519038 | Duquesne Light Payment Processing Center P.O.BOX67 Pittsburgh, PA 15257–0001 |
| 544526209 | East Pittsburgh Borough 813 Linden Ave East Pittsburgh, PA 15112 |
| 544519039 | Enterprise Rental Car 600 Corporate Park Drive St. Louis, Missouri 63105 |
| 544519201 | Estate At Westbury Owners Assoc, Inc Board of Directors 85 Kensington Blvd Bluffton, SC 29910–4884 |
| 544560304 | Estate at Westbury Owners Association, Inc. C/O Julie A. Franklin, Esq. 25 Thurmond Way, #2976 Bluffton, South Carolina 29910 |
| 544519041 | Fifth Third Bank MD No. ROPS05 Bankruptcy Dept 1850 East Paris SE Grand Rapids, MI 49546–6253 |
| 544519042 | First Energy – Penn Power PO Box 16001 Reading, PA 19612–6001 |
| 544519043 | Firstsource Advantage, LLC 205 Bryant Woods South Amherst, N Y 14228 |
| 544519044 | Forefront Dermatology 801 York Street Manitowoc, WI 54220 |
| 544519045 | Fortiva – Bob's Discount Furniture P.O. Box 650721 Dallas, TX 75265–0271 |
| 544519047 | Garry Masterson, Weitman, Weinberg, Reis Co 5990 West Creek Road suite 200 Independence, Ohio 44131 |
| 544519048 | George B. Smythe 4000 S. Faber Place Dr Suite 300 Charleston, SC 29405 |
| 544519049 | Georgia Traffic PO Box 80447 Conyers, GA 30013 |
| 544519050 | Go Store It 1249 Avondale Rd Hendersonville, TN 37075 |
| 544519046 | Go Store It 33 Parameter Road Bluffton, SC 29910 |
| 544526233 | Go–Store It Management LLC 6805 Carnegie Blvd, Ste 250 Charlotte, NC 28211–4276 |
| 544519051 | Greensky PO. Box2730 Alpharetta, GA 30023 |
| 544519052 | Hargray Communications–Cable One Inc 856 William Hilton Parkway Hilton Head Island, SC 29928–3423 |
| 544519186 | Hilton Head Resort Board of Directors 663 William Hilton Pkwy Hilton Head, SC 29928–3506 |
| 544550512 | Hilton Head Resort Four Seasons Centre Horizontal 663 William Hilton Parkway c/o Ron Zold Hilton Head Island, SC 29928 |
| 544519053 | Hilton Head Resort–Four Seasons Centre HHR Council of Owners Attn: Board of Directors 663 Wiliam Hilton Parkway Hilton Head Island, SC 29928–3508 |
| 544519054 | Home Depot Centralized Bankruptcy P.O. Box 790034 St. Louis, MO 63179–0034 |
| 544519055 | Home Depot Loan POBox2730 Alpharetta, GA 30023–2730 |
| 544519057 | Honorable Nicola Henry–Taylor Allegheny Court of Common Pleas 712 City–County Building 414 Grant St Pittsburg, PA 15219 |
| 544526235 | Hughes Network Systems 11717 Exploration Lane Germantown, MD 20876 |
| 544526220 | Hughes Network Systems PO Box 96874 Chicago, IL 60693–6874 |
| 544519058 | Ian D. Maguire and Tiffany Buffkin Maguire Law Firm 1600 North Oak Street Suite B Myrtle Beach, SC 29577 |
| 544519063 | JPMCB Card Services PO Box 15369 Wilmington, DE 19850–5369 |

Notice Recipients   Page 3 of 4

544519064 JPMORGAN Chase Bank Bankruptcy      Mail Intake Team      700 Kansas Lane Floor 01      Monroe, LA 71203–4774

544526236 JPMorgan Chase Bank, N.A.      Payments      PO Box 15368      Wilmington, DE 19850

544519099 JPMorgan Chase Bank, N.A.      sbmt Chase Bank USA, N.A.      CO National Bankruptcy Services, LLC      P.O. Box 9013 Addison, Texas 75001

544519066 JPMorgan Chase Bank, N.A.      sbmt Chase Bank USA, NA.      CO Robertson, Anschutz, Schneid, Crane      6409 Congress A venue, Suite 100      Boca Raton, FL 33487

544519059 Janet Spinelli      100 Kensington Blvd Apt NO. 918      Bluffton, SC 29910–7481

544519060 Jannine M. Mutterer, Esq.      5 Cedar Street      Bluffton, SC 29910

544546660 Jefferson Capital Systems, LLC      PO BOX 7999      SAINT CLOUD, MN 56302–9617

544519061 John Curtis      100 Kensington Blvd Apt NO. 1603      Bluffton, SC 29910–7490

544519187 Jones, Simpson, and Newton PA      Attn: Wm Weston J Newton      7 Plantation Park Drive Suite 3      Bluffton, SC 29910

544519062 Jordan Tax Service      102 Rahway Road      McMurray, PA 15317–3349

544519100 Judy Vanderveer      663 William Hilton Parkway Apt 3121      Hilton Head Island, SC 29928–3524

544519188 Julie A. Franklin, Esq      PO Box 2976      Bluffton, SC 29910–2976

544526221 Kohls      PO Box 3043      Milwaukee, WI 53201–3043

544519189 Komatsu Benefit Dept      Mark Harder      401 E Greenfield Ave      Milwaukee, WI 53204–2941

544519802 LVNV Funding, LLC      Resurgent Capital Services      PO Box 10587      Greenville, SC 29603–0587

544519190 Law Office of Scott M. Wild LLC      Scott M. Wild      37 New Orleans Road Suite F      Hilton Head Island, SC 29928

544526210 Lincoln Township      PO Box 239      Lake George, MI 48633

544519056 Master In Equity      102 Ribaut Road 2nd Floor      Beaufort, SC 29902

544526222 Medical University of South Carolina      1 Poston Rd Ste 220      Charleston, SC 29407

544545480 Melinda Oviatt      P.O. Box 5016      Rochester, MI 48326

544519101 Midland Credit Management      320 East Big Beaver Suite 300      Troy, MI 48083

544519102 Monevolnc      8910 University Cntr Lane Suite 400      San Diego, CA 92122

544519191 Morgan Lewis and Bockius LLP      Attn: Matt Hawes      One Oxford Centre, Thirty–Second FL      Pittsburg, PA 15219–6401

544519103 Morgan S. Templeton      145 King Street Suite 300      Charleston, SC 29402

544519104 Mr. Cooper      P.O. Box 619094      Dallas, TX 75261

544519192 Mutterer Law Firm, LLC      Jannine M. Mutterer, Esq      5 Red Cedar Street Suite 102      Bluffton, SC 29910

544519108 NES      2479 Edison Blvd Unit A      Twinsburg, OH 44087

544519112 NORTHSTAR LOCATION SERVICES      4285 GENESEE STREET      CHEEKTOWAGA, NY 14225–1943

544519105 National Credit Systems      Attn: Bankruptcy      PO Box 672288      Marietta, GA 30006–0039

544526245 National Recovery Agency      2491 Paxton St      Harrisburg, PA 17111

544519106 Nationstar Mortgage      PO Box 199111      Dallas, TX 75219–9111

544547091 Nationstar Mortgage LLC      Bankruptcy Department      PO Box 619096      Dallas TX 75261–9741

544519193 Nationstar Mortgage, LLC      Attn: Bankruptcy Department      PO Box 619096      Dallas, TX 75261–9741

544519174 Nationstar Mortgage, LLC      James Page      Bell Carrington Price & Gregg, LLC      339 Heyward St, Second Floor      Columbia, SC 29201–4390

544519107 Nationwide Credit Inc      1225 Washington St Ste 301      Tempe, AZ 85288

544519175 Norman Jewelry and Loan      24777 Telegraph Suite B      Southfield, MI 48034

544519109 Norman's      24777 Telegraph Rd      Southfield, MI 48033

544519117 Office Depot      P.O. Box 78004      Phoenix, AZ 85062

544519113 Office Depot Business Credit      Dept563–8406380360      P.O. Box 70612      Philadelphia, PA 1917 6–0612

544519114 Office of Sheriff Beaufort County      P.O. Box 1758      Beaufort, SC 29901

544519118 Ohio Turnpike EZ Pass      PO Box 94672      Cleveland, OH 44101

544519119 PA Dept of Revenue      Bureau of Individual Taxes      PO. BOX 280504      Harrisburg, PA 17128–0504

544519120 PA Turnpike Toll By Plate      PO. Box 645631      Pittsburgh, PA 15264–5254

544519128 PLYMOUTH ROCK ASSURANCE      695 ATLANTIC AVE      BOSTON, MA 02111

544519129 PNC Bank      1900 E 9th St      Cleveland, OH 44114

544526241 PNC Bank      PO Box 609      Pittsburgh, PA 15230–9738

544548340 PNC Bank NA      Bankruptcy Department      PO BOX 94982      Cleveland, OH 44101

544526242 PNC National Association      PO Box 5570      Cleveland, OH 44101–0570

544526246 PODS Enterprises, LLC      13535 Feather Sound Dr      Clearwater, FL 33762

544526223 Pacer Service Center      PO Box 780549      San Antonio, TX 78278

544519176 Palmetto Electric      Attn: Michelle Tyler      111 Matthews Drive      Hilton Head Island, SC 29926

544526244 Palmetto Electric Cooperative, Inc      PO Box 70878      Charlotte, NC 28272–0878

544544977 Penn Power      5001 NASA Blvd      Fairmont, WV 26554

544526232 Penn Power      PO Box 3687      Akron, OH 44309–3687

544519123 Peoples Gas      PO. Box 644760      Pittsburgh, PA 15264–4 760

544519124 Pioneer Foot Care      2021 Freepo Rd      Arnold, PA 15068

544519125 Pittsburgh Water and Sewer      1200 Penn Ave      Pittsburgh, PA 15222

544519130 Pods Legal Dept      280 Leetsdale Industrial Dr, Suite 200      Leetsdale, PA 15056

544519131 Pods Legal Dept      5585 Rio Vista Dr      Clearwater, FL 33760

544519177 Polly Nicola      2583 Lower Assembly Drive      Fort Mill, SC 29708

544519133 Portfolio Recovery      P.O. Box 8828      Wilmington, DE 19899–8828      Progressive Insurance

544519178 Progressive Insurance      30440 Lakeland Blvd      Wickliffe, OH 44092

544526247 Quantum3 Group LLC      PO Box 2489      Kirkland, WA 98083–2489

544519135 Quantum3 Group LLC agent for      Crown Asset Management LLC      PO Box 788      Kirkland, WA 98083–0788

544533833   Quantum3 Group LLC as agent for   Crown Asset Management LLC   PO Box 788   Kirkland, WA 98083–0788
544533548   Quantum3 Group LLC as agent for   MOMA Trust LLC   PO Box 788   Kirkland, WA 98083–0788
544519136   Radius Global Solutions   7831 Glenroy Road Suite 250   Minneapolis, MN 55439
544519137   Resurgent Receivables, LLC   Resurgent Capital Services   PO Box 10587   Greenville, SC 29603–0587
544519138   Ronald Zold   1 Long Cnnc Ct   Bluffton, SC 29909–7113
544519139   S.C. Dept of Revenue and Taxation   P.O. Box 125   Columbia, SC 29214
544519140   SC Department of Revenue   Office of General Counsel   300A Outlet Pointe Blvd   Columbia, SC 29210
544519141   Scott M. Wild   37 New Orleans Road Suite F   Hilton Head Island, SC 29928
544519142   Semina DeLaurentis   66 Quail Run   Torrington, CT 06790–2549
544519143   Shannon Cummings   302 N. Lake St   Harrison,Ml 48625
544533101   Smith Debnam Narron Drake Saintsing   and Myers, LLP   ATTN: Lucas S. Fautua   171 Church St, Ste 120C   Charleston, SC 29401–3136
544519144   South Carolina Dept of Motor Vehicles   PO Box 1498   Blythewood, SC 29016–0028
544551440   Spa on Port Royal Sound Horizontal Property Regime   c/o Lucas S. Fautua, Esquire   Smith Debnam   171 Church Street, Suite 120C   Charleston, SC 29401
544519145   Spectrum Mobile   Credit Control, LLC   3300 Rider Trail S, Suite 500   Earth City, MO 63045
544526249   St. Barnabas   5850 Meridian Rd   Gibsonia, PA 15044
544519146   Synchrony Bank   PO Box 669809   Dallas, TX 75266–0170
544519147   Synergetic Communication   PO. Box 680608   Franklin, TN 3 7068
544526252   T–Mobile   Care of American Infosource, LP   4515 N Santa Fe Ave   Oklahoma City, OK 73118–7901
544519149   T–Mobile   PO Box 742596   Cincinnati, OH 45274–259
544526251   T–Mobile Customer Relations   PO Box 37380   Albuquerque, NM 87176–7380
544519153   TBOM–ATLS–Fortiva   6 Concourse Parkway   2nd Floor–mailroom   Atlanta, GA 30328–6117
544526224   TD Bank   PO Box 840   Columbus, GA 31908
544519154   TD Bank   PO Box 84037   Columbus, GA 31908–4037
544519155   TD Bank North NA   70 Gray Road   Falmouth, ME 041052299
544519156   TD Bank USA–Target Credit   POBox673   Minneapolis, MN 55440–0673
544519148   TMobile   CO American Infosource LP   4515 N Santa Fe Ave   Oklahoma City, OK 73118–7901
544519150   Tamara Slank   14686 Oakwood Drive   Shelby Township, MI 48315–1530
544526248   Target Card Services   PO Box 660170   Dallas, TX 75266–0170
544519151   Tate and Kirlin Assoc   4800 East Street Rd Suite 170   Trevose, PA 19053
544519179   Taybron Law Firm LLC   3399 Churchview Ave   Pittsburgh, PA 15227–4358
544519157   The Hertz Corporation   8501 Williams Road   Estero, FL 33928–3325
544519158   The Huntington National Bank   5555 Cleveland Avenue GW4W25   Columbus, OH 43231
544519159   The Huntington National Bank   PO Box 89424 OPC856   Cleveland, OH 44101–8539
544519182   The Spa on Port Royal Sound   Board of Directors   239 Beach City Road   Hilton Head, SC 29926–4707
544519160   Ticket Division   PA Turnpike EZ Pass   3 00 East Park Dr   Harrisburg, PA 17111
544519183   Title Max Corporation   155 Bill St   Savannah, GA 31401–2685
544519161   Traffic Magistrate   4819 Bluffton Parkway   Bluffton, SC 29910–4622
544521096   U.S. Department of Education c/o Nelnet   121 South 13th Street   LINCOLN, NE 68508
544519162   UPMC   Credit Management Company   P.O. Box 16348
544519126   UPMC   P.O. Box 371472   Pittsburgh, PA 15242
544526243   US Courts, PACER   PO Box 5208   Portland, OR 97208
544519163   US Department of Education   CO Nelnet   121 South 13th Street   Lincoln, NE 68508
544526253   US Department of Education   PO Box 2837   Portland, OR 97208
544526255   University of Michigan Deaborn   4901 Evergreen Rd   Dearborn, MI 48128
544526231   Valor Intelligent Processing, LLC   12005 Ford Rd 700   Dallas, TX 75234
544526256   Verizon   1095 Avenue of the Americans   New York, NY 10036
544519165   Verizon Wireless Bankruptcy Admin   500 Technology Drive, Suite 550   Weldon Spring, MO 63304
544519166   Viking Client Services   Hertz Damage Recovery Team   7500 Office Ridge Circle, Suite 100   Eden Prairie, MO 55344–3763
544523152   WEST–AIRCOMM FEDERAL CREDIT UNION   c/o Weltman, Weinberg & Reis Co., LPA   5990 West Creek Rd, Suite 200   INDEPENDENCE, OH 44131
544526211   Wayne Co Treasurer   400 Monroe 5th Floor   Detroit, MI 48226
544545481   Wayne County Treasurer   400 Monroe Street, Fifth Floor   Detroit, MI 48226
544519168   Wells Fargo Bank   PO. Box 5058   Portland, OR 97208–5058
544519169   West Virgina Trafc Division   300 Spruce St   Morgantown, WV 26505
544519170   West Virginia EZ Pass   PO Box 1469   Charleston, WV 25325
544519203   West–Aircomm FCU   CO Weitman, Weinberg And. Reis Co LPA   5990 West Creek Road Suite 200   Independence, OH 44131
544519204   Westlake Financial   2 Equity Way Ste 200   Westlake, OH 44145–1045
544551316   Westlake Services, LLC dba Westlake Financial Serv   4751 Wilshire Blvd, Suite 100   Los Angeles, CA 90010
544519171   Woodlands at St Barnabas   Attn: Tom Breth   128 West Cunningham Street   Butler, PA 16001
544519205   Wright's Custom Body Shop LLC   1216 Leeson Ave   Cadillac, MI 49601–9097
544519172   Youngstown State University   1 Tressel Way   Youngstown, OH 44555
544519173   Zeidmans   2669 Gratiot Ave   Detroit, MI 48207
544519206   Zeidmans Jewelry   Thomas LaBret and–or Current President   24810 Evergreen Road   Southfield, MI 48075

TOTAL: 230

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF SOUTH CAROLINA

IN RE:

Jacqueline Elizabeth Ard and Terry
Frank Nicola,

Debtor(s).

C/A No. 25-01384-JD

Chapter 13

**ORDER DENYING
CONFIRMATION AND
CONVERTING CASE TO
CHAPTER 7**

THIS MATTER is before the Court on the Continued Confirmation Hearing,[1]

the Order Denying Motion to Impose the Automatic Stay and Providing Notice of

Conversion or Dismissal to Bar Further Refiling,[2] and the Motion to Convert filed

by Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Port Royal Sound

HPR" or "Movant").[3] Objections to confirmation were filed by Port Royal Sound

HPR,[4] the Chapter 13 Trustee,[5] Zeidman's Jewelry & Loan of Michigan

("Zeidman's"),[6] TMX Finance dba Titlemax of South Carolina, Inc. ("Titlemax"),[7]

and Hilton Head Resort Four Seasons Centre Horizontal Property Regime Counsel

of Co-Owners, Inc. ("Hilton Head Resort HPR").[8] A hearing was held on August 20,

---

[1] ECF No. 90.
[2] ECF No. 58. Debtors have appealed the denial of the imposition of the stay. ECF No. 55. This Order considers the unresolved question of whether this case should be converted or dismissed, as raised in the Order Denying the Motion to Impose the Stay.
[3] ECF No. 70.
[4] ECF No. 67.
[5] ECF No. 72.
[6] ECF No. 75.
[7] ECF No. 76.
[8] ECF No. 79.

1

2025.  Jacqueline Elizabeth Ard ("Ard") and Terry Frank Nicola ("Nicola")
(collectively "Debtors") appeared, along with counsel for the Chapter 13 Trustee,
counsel for Port Royal Sound HPR, counsel for Zeidman's, counsel for Titlemax, and
counsel for the Estate at Westbury Owners Association, Inc. ("Westbury HOA").

The Court heard testimony from the Debtors and arguments from counsel,
and, at the conclusion of the hearing, took the matters under advisement.

### FINDINGS OF FACT

Debtors have filed two previous bankruptcy cases under Chapter 13 within
the past 12 months—one in this District, and one in the Eastern District of
Michigan. Case No. 24-03611-JD was filed in this District on October 4, 2024, and
dismissed pursuant to 11 U.S.C. § 521(i) on November 21, 2024, for Debtors' failure
to file documents required under 11 U.S.C. § 521(a).[9] Case No. 25-40952-MLO was
filed in the Eastern District of Michigan on January 31, 2025, and was also
dismissed for Debtors' failure to file required documents on March 3, 2025.[10] In both
of these cases, Debtors filed successive motions to extend the deadline to file the
schedules, statements, and disclosures required by 11 U.S.C. § 521(a). The first two
motions to extend were granted in Case No. 24-03611-JD,[11] and granted and denied

---

[9] Specifically, Debtors failed to file a Chapter 13 plan, a Declaration about an Individual Debtor(s)
Schedules, Schedules D-J, a Statement of Financial Affairs, Copies of Payment Advices, Chapter 13
Statement of Income/Calculation, and a Statement of Increased Income/Expenses. Case No. 24-03611-
JD, ECF No. 46.
[10] Debtors failed to file a Chapter 13 Plan, the Chapter 13 Statement of Debtors' Current Monthly
Income and Calculation of Commitment Period Form 122C-1, the Declaration About an Individual
Debtor(s)' Schedules, Schedules A-J, a Statement of Financial Affairs for Individuals Filing for
Bankruptcy, and a Summary of Debtors' Assets and Liabilities and Certain Statistical Information.
Case No. 25-40952-MLO, ECF No. 64.
[11] Case No. 24-03611-JD, ECF Nos. 23, 36.

2

in part in Case No. 25-40952-MLO.[12] The third motion to extend was denied in each case.[13]

Debtors then filed this case on April 10, 2025. The continued confirmation hearing and the Motion to Convert concern the modified plan filed by Debtors on May 8, 2025 ("Plan").[14]

Because this case is Debtors' third case within a one-year period, there is no automatic stay. Debtors moved to impose the stay but failed to appear at the hearing on their motion before a decision was rendered.[15] The motion to impose the stay was denied.[16] The Order Denying the Motion to Impose the Stay stated the Plan, as it was filed, could not be confirmed under the Bankruptcy Code, explained why the Plan was unconfirmable, and stated the Court's intent to consider conversion of the instant case to chapter 7. At the hearing on the motion to impose the stay, the Court raised the issue of whether this case should be converted to one under chapter 7. Port Royal Sound HPR subsequently moved to convert this case to chapter 7.[17]

Debtors' schedules and statements sought exemptions of Debtors' equity in

---

[12] Case No. 25-40952-MLO, ECF Nos. 40, 58.
[13] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.
[14] ECF No. 47.
[15] A notice of the hearing on Debtors' motion to impose the automatic stay was entered on the docket on April 21, 2025. ECF No. 18. The hearing was scheduled for 11:00AM on May 22, 2025. Debtors were not present when the matter was called. With the consent of the objecting parties, the matter was continued to 11:30AM and Debtors were not present. An oral decision was rendered denying the motion to impose the automatic stay. Debtors arrived at Court after the record was closed and all hearings adjourned. The Court went back on the record to restate the prior decision denying the requested relief.
[16] ECF No. 57. All findings made in the order denying Debtors' motion to impose the automatic stay are hereby incorporated by reference into this Order.
[17] ECF No. 70. Port Royal Sound HPR's Motion to Convert was rescheduled to coincide with the continued confirmation hearing.

in part in Case No. 25-40952-MLO.[12] The third motion to extend was denied in each case.[13]

Debtors then filed this case on April 10, 2025. The continued confirmation hearing and the Motion to Convert concern the modified plan filed by Debtors on May 8, 2025 ("Plan").[14]

Because this case is Debtors' third case within a one-year period, there is no automatic stay. Debtors moved to impose the stay but failed to appear at the hearing on their motion before a decision was rendered.[15] The motion to impose the stay was denied.[16] The Order Denying the Motion to Impose the Stay stated the Plan, as it was filed, could not be confirmed under the Bankruptcy Code, explained why the Plan was unconfirmable, and stated the Court's intent to consider conversion of the instant case to chapter 7. At the hearing on the motion to impose the stay, the Court raised the issue of whether this case should be converted to one under chapter 7. Port Royal Sound HPR subsequently moved to convert this case to chapter 7.[17]

Debtors' schedules and statements sought exemptions of Debtors' equity in

---

[12] Case No. 25-40952-MLO, ECF Nos. 40, 58.
[13] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.
[14] ECF No. 47.
[15] A notice of the hearing on Debtors' motion to impose the automatic stay was entered on the docket on April 21, 2025. ECF No. 18. The hearing was scheduled for 11:00AM on May 22, 2025. Debtors were not present when the matter was called. With the consent of the objecting parties, the matter was continued to 11:30AM and Debtors were not present. An oral decision was rendered denying the motion to impose the automatic stay. Debtors arrived at Court after the record was closed and all hearings adjourned. The Court went back on the record to restate the prior decision denying the requested relief.
[16] ECF No. 57. All findings made in the order denying Debtors' motion to impose the automatic stay are hereby incorporated by reference into this Order.
[17] ECF No. 70. Port Royal Sound HPR's Motion to Convert was rescheduled to coincide with the continued confirmation hearing.

3

real and personal property. The chapter 13 Trustee filed objections to Debtors'

exemptions;[18] the Trustee's objections were granted.[19] Similarly, the Plan elicited

objections from their creditors and the chapter 13 trustee including, but not limited

to:

- Noncompliance with 11 U.S.C. § 1325(a)(3) in that the Plan was not proposed in good faith;[20]
- Noncompliance with 11 U.S.C. § 1325(a)(5) in that a creditor holds an allowed secured claim, does not accept the plan, and the plan does not propose to pay the creditor the value of its allowed secured claim;[21]
- Noncompliance with 11 U.S.C. § 1325(a)(5)(B)(iii)(I) in that the Plan proposes to pay secured claims "pro rata" which does not meet the requirements of the code section;[22]
- Noncompliance with 11 U.S.C. § 1325(a)(6) in that the Debtors failed to prove feasibility;[23]
- Noncompliance with 11 U.S.C. § 1322(a)(2) in that the Plan does not provide for payment in full of claims entitled to priority;[24]
- Noncompliance with 11 U.S.C. § 1322(b)(1) in that the Plan provides separate treatment of certain general unsecured claims without showing that the separate treatment does not unfairly discriminate as to the other general unsecured creditors;[25]
- Noncompliance with 11 U.S.C. § 1308(a) in that Debtors failed to provide tax returns to the Trustee;[26] and
- Noncompliance with SC LBR 3015-6, in that the Plan fails to provide the *Till* interest rate of 9%.[27]

Debtors did not file a substantive response to the objections to exemptions, the

Motion to Convert, or any of the objections to confirmation, and did not modify the

---

[18] ECF No. 74.
[19] ECF No. 104.
[20] ECF No. 67, filed by Port Royal Sound HPR.
[21] ECF No. 67, filed by Port Royal Sound HPR. Failure to comply with 11 U.S.C. § 1325(a)(5) was also raised by Titlemax at ECF No. 75, and Hilton Head Resort HPR at ECF No. 79.
[22] *Id.*
[23] ECF No. 72, filed by the Chapter 13 Trustee.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

Plan.

A hearing on confirmation of the Plan and the issue of conversion was held on August 20, 2025.[28] Debtors were present for the hearing. Debtor Ard verbally requested that the undersigned recuse himself from this case. This request was denied from the bench but is more fully addressed in this Order. Debtors' sworn testimony was their only evidence in support of confirmation.

Debtors' testimony concerning their scheduled property was not consistent with the schedules or the Plan. In the schedules, Debtors disclose a fractional interest in nine parcels of real property.[29] Debtor Ard's testimony at the hearing, however, indicated that, except for one parcel,[30] she owned all scheduled property either individually or jointly with Debtor Nicola. Debtor Ard also confirmed that the actual value of most of their scheduled property was higher than the values recorded in the schedules. For example, Debtors' schedules indicate that Debtors own a partial interest 5140 Oak Run, Farwell, MI 48622. The schedules value the property at $94,100.00 but state Debtors' interest as only $47,050.00. However, Debtor Ard testified that this property is titled jointly in her name and Nicola's

---

[28] The confirmation hearing in this case was originally scheduled for June 25, 2025. ECF No. 12. On June 18, 2025, Debtors filed a motion titled "Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions pursuant to ADA Title II (42 U.S.C. § 12132)." ECF No. 88. In its order addressing Debtors' requested accommodations, the Court continued the confirmation and conversion hearing dates to August 20, 2025, which provided Debtors with additional time to modify their Plan in a way that comported with the Bankruptcy Code. ECF No. 90. The Court also provided Debtors with notice that they could, on a hearing-by-hearing basis, request to appear remotely.

[29] Four of the parcels are located in South Carolina. Of these, three are in foreclosure. The rest of Debtors' property portfolio is located in Michigan and Pennsylvania.

[30] Debtor Ard stated on the record that she and her aunt own 15826 Appoline St., Detroit, MI 48227. All other properties are either titled in the name of Debtor Ard, Debtor Nicola, or both.

name, and that the property is worth approximately $150,000.

Similarly, Debtors' testimony concerning their income conflicted with the income reported in their schedules. Schedule I shows $13,429.01 per month in income for Debtor Ard on line 8a, where "net income from rental property and from operating a business, profession or farm" is disclosed. Debtor Nicola discloses $3,482.00 per month in social security income and $3,053.00 per month in pension or retirement income. The total family income is shown as $19,964.01 per month. Debtor Ard testified that their short-term rentals yield anywhere from $8,000 to $14,000 per month. However, further questioning revealed that many of the income-producing properties are tied up in litigation and at risk of loss. At least one property needs substantial repair. Debtor Ard also testified that one of their properties in Michigan property is a long-term rental, seemingly included at line 8a on Schedule I, but the lease is neither disclosed as an executory contract in Schedule G nor properly assumed in the Plan.[31]

The hearing highlighted additional barriers to confirmation. Debtor Ard conceded that she has not filed tax returns for the last four years and Debtor Nicola also admitted that he has not filed a tax return since 2021. The Trustee noted that the proposed Plan payments would have been sufficient in Case No. 24-03611-JD, where creditors filed claims totaling $420,667.54, but are insufficient in this case,

---

[31] Debtor Ard testified Debtors hold assets of the estate in a storage unit. If a contract for this storage unit exists, it is neither disclosed as an executory contract in Schedule G nor assumed in the Plan.

which has received claims totaling $633,113.12 to date.[32] The Trustee also noted

Debtors were $8,540.32 past due on Plan payments on the day of confirmation.

Debtor Ard conceded that the Debtors were behind on payments to the Trustee

because Debtors believed that they had until the end of August to become current.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court

may enter a final order.

### A. Recusal is Denied

Debtors orally moved for recusal. In support of this relief, Debtors appear to

primarily rely on several adverse rulings as evidence of personal bias or lack of

impartiality. Those decisions were rendered out of fidelity to the requirements of

the Bankruptcy Code, nothing more. 28 U.S.C. § 455, made applicable by Fed. R.

Bankr. P. 5004, governs recusal. The Fourth Circuit has held that "bias must derive

from an extra-judicial source" and "result in an opinion on the merits on a basis

other than that learned by the judge from his participation in this matter." *In re

Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *United States v. Grinnell Corp.*, 384

U.S. 563, 583 (1966) and *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)).

Considering Debtors' arguments and the controlling law, the motion to recuse is

denied. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

---

[32] The date for government entities to file claims will not pass until October 7, 2025. While the first
case was dismissed prior to the claims' bar date, many common creditors have filed claims that have
increased in amount.

### B. Confirmation is Denied

"Except as provided in subsection (b), the court shall confirm a plan if the plan complies with the provisions of this chapter and with other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). This Plan fails to fulfill multiple provisions of § 1325. Denial of confirmation would be appropriate based on any one of the deficiencies outlined below; considered together, these deficiencies mandate denial of confirmation.

### I.   Tax Returns

First, Debtors have not filed applicable tax returns as required for confirmation.[33] "[T]he court shall confirm a plan if the Debtor has filed all applicable federal, state, and local tax returns as required by Section 1308." 11 U.S.C. § 1325(a)(9). "Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under Section 341(a), if the debtor was required to file a tax return under applicable non-bankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a). The 341 Meeting was scheduled for May 19, 2025. Debtors have not yet filed applicable tax returns and therefore fail to meet the requirements of § 1308(a). The Plan is therefore not confirmable under § 1325(a)(9).[34]

---

[33] *See* ECF No. 72.

[34] Debtors' failure to file tax returns also implicates whether this Plan has met other standards for confirmation. Debtors' current tax liability for the last four years is not known. Therefore, the Court cannot determine if taxing authorities have been appropriately treated under the Plan and whether the Plan is feasible.

8

## II.  Ability to Make Plan Payments

Second, Debtors have not demonstrated that they will be able to make all payments required by the Plan. The Trustee noted that the proposed payment in the Plan will not be sufficient to repay their creditors. Debtors' testimony regarding their income indicated that the proposed Plan payments will exceed their disposable income for most of the case. This income would be further diminished by Debtors' failure to assume the long-term lease in the Plan and the unstayed, ongoing foreclosure proceedings. "[T]he court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of filing of the plan or the order for relief, whichever is earlier, in the amount proposed by the plan to the trustee." 11 U.S.C. § 1326(a)(1)(A). The record shows Debtors are not currently able to make all payments under the Plan and indicates they will not become able to do so. The Plan is therefore not confirmable under § 1325(a)(6).

Moreover, Debtors are not current with payments due under the Plan. "[T]he court shall confirm a plan if any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation has been paid." 11 U.S.C. § 1325(a)(2). Debtors' arrearage to the Trustee renders the plan unconfirmable under § 1325(a)(2).

## III.  Treatment of Secured Creditors

Third, the Plan fails to pay multiple secured claims as required by 11 U.S.C. § 1325(a)(5). 11 U.S.C. § 1325(a)(5) sets forth the possible treatments for a secured

debt: (a) the creditor may consent to its treatment under the plan;[35] (b) the debtor

may surrender the collateral;[36] or (c) the debtor may "cram down" the debt, whereby

the creditor receives a distribution of property over the life of the plan with a

present value of not less than the allowed amount of its secured claim.[37] *In re*

*Gardner*, No. CV 22-02007-EG, 2022 WL 16952440, at *6 (Bankr. D.S.C. Nov. 15,

2022). Where a debtor "crams down" the secured debt and elects to distribute

property to the creditor in periodic payments, those payments must be in equal

monthly amounts. 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

"A creditor is deemed to receive 'present value' of its claim if the total amount

of the deferred payments includes the amount of the underlying claim plus an

appropriate amount of interest to compensate the creditor for the delayed

payments." *Gardner*, 2022 WL 16952440 at *6; *see also Rake v. Wade*, 508 U.S. 464,

468 (1993). "After confirmation, the interest paid [on a claim] is designed to

preserve the present value of the [creditor's claim] and must be provided pursuant

to § 1325(a)(5)(B) and calculated as instructed by the Supreme Court in *Till v. SCS*

*Credit Corporation*, 541 U.S. 465 (2004)." *Id*. The appropriate method for

determining the adequate rate of interest to be paid on a crammed down secured

claims under § 1325(a)(5)(B) is a "prime-plus" formula, calculated using the current

national prime rate of interest plus a risk adjustment. *Till*, 541 U.S. at 466. "The

'prime-plus' formula is usually assumed to be the prime rate plus a risk adjustment

---

[35] 11 U.S.C. § 1325(a)(5)(A).
[36] 11 U.S.C. § 1325(a)(5)(C).
[37] 11 U.S.C. § 1325(a)(5)(B)(ii).

percentage of 1-3%." *Id.*

"In order to expedite the determination of an effective interest rate to be used by debtors in meeting the requirement of 11 U.S.C. § 1325, a presumed effective interest rate (Periodic Interest Rate) will be set by the Court with the assistance of a committee of trustees and members of the consumer bar. If applied to a secured claim in a chapter 13 plan, there will be a rebuttable presumption that the Periodic Interest Rate, for plan confirmation purposes, is reasonable." SC LBR 3015-6(a). Pursuant to Operating Order 23-02,[38] an "interest rate (Periodic Interest Rate) of nine percent (9.00%) per annum applied to a secured claim in a chapter 13 case will be presumed–for plan confirmation purposes–to be reasonable, effective for cases filed on or after June 1, 2023." As of September 5, 2025, the Federal Reserve's published prime rate of interest for bank loans is 7.50%. *Selected Interest Rates (Daily) – H.15*, THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE, https://www.federalreserve.gov/releases/h15/ (last visited September 8, 2025). The 9.00% Periodic Interest Rate set by Operating Order 23-02 accounts for the prime interest rate of 7.50% and a risk adjustment percentage of 1.50% and is therefore reasonable under *Till*.

The Plan does not ensure that secured creditors will receive 'present value' of their claims. Several creditors objected to their treatment in the Plan. Debtors have not modified their Plan to address the objections, nor argued that the current treatment complies with the Code. Many secured creditors are not even treated in

---

[38] A partial list of this Court's administrative and operating orders, including Operating Order 23-02, may be found at https://www.scb.uscourts.gov/op-adm-orders.

11

the Plan and one secured creditor is crammed down in violation of the hanging

paragraph in 11 U.S.C. § 1325(a). Where the Plan does provide for the treatment of

secured creditors, the proposed interest rates inexplicably range from 0.00% to no

more than 7.00%. These rates do not correspond with the allowed rates of interest

in the secured contracts nor the *Till* interest rate. Additionally, the Plan states the

amount each secured creditor will be paid per month is simply "pro-rata." The Plan

proposes that the Debtors' monthly payment amount range from $4,540.32 to

$10,540.32, which renders the monthly pro-rata distributions to each listed creditor

unequal. *See* 11 U.S.C. § 1325(a)(5)(B)(iii)(I). These errors are fatal to confirmation

under § 1325(a)(5).

### IV.  Treatment of Unsecured Claims

Fourth, the Plan, without explanation, discriminates between unsecured

claims. "Subject to subsections (a) and (c), the plan may designate a class or classes

of unsecured claims, as provided in section 1122 of this title, but may not

discriminate unfairly against any class so designated; however, such plan may treat

claims for a consumer debt of the debtor if an individual is liable on such consumer

debt with the debtor differently than other unsecured claims." 11 U.S.C.

§ 1322(b)(1). In Part 5.3 of the Plan, Debtors designated over 40 claims as "other

separately classified nonpriority unsecured claims." Debtors declined to provide any

details as to how the claims listed in Part 5.3 will be paid, by whom they will be

paid, and why they should be treated differently from the nonpriority unsecured

claims against them that are not separately classified. The Court has been provided

12

with no context for the classification of these claims and cannot determine if

Debtors' division of nonpriority unsecured claims constitutes unfair discrimination

against either class. The Plan is therefore not confirmable under §§ 1322(b)(1) and

1325(a)(1).

### C. Conversion to Chapter 7 is Appropriate

11 U.S.C. § 1307(c) establishes:

> …on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, for cause…

A non-exhaustive list of grounds justifying conversion or dismissal is

provided at §§ 1307(c)(1) – (11), including "unreasonable delay by the debtor that is

prejudicial to the creditors" and "denial of confirmation of a plan under section 1325

of this title and denial of a request made for additional time for filing another plan

or a modification of a plan." 11 U.S.C. §§ 1307(c)(1), (5). "A debtor's bad faith in

filing the petition also constitutes 'cause' to dismiss or convert under § 1307." *In re

Niemiec*, 662 B.R. 239, 248 (Bankr. D.S.C. 2024) (internal citations omitted). "A

Bankruptcy Court has considerable discretion in determining whether 'cause'

exists." *In re Blackmon*, 628 B.R. 804, 809 (Bankr. D.S.C. 2021) (quoting *In re

Demeza*, 567 B.R. 473, 477 (Bankr. M.D. Pa. 2017)).

"The analysis under § 1307(c) involves two steps: First, it must be determined

that there is 'cause' to act. Second, once a determination of 'cause' has been made, a

choice must be made between conversion and dismissal based on the 'best interests

of the creditors and the estate.'" *In re Richardson*, 649 B.R. 708, 713 (Bankr. D.S.C.

13

2023) (internal citations omitted). The moving party bears the burden of proof.

*Blackmon*, 628 B.R. at 808 (citing *In re Gravlin*, No. 17-41714, 2020 WL 3635579, at

*2 (Bankr. D. Mass. Mar. 6, 2020)).

### I.   There is Cause for Dismissal or Conversion Under 11 U.S.C. § 1307(c)

Debtors filed their case on April 10, 2025. On April 12, 2025, Debtors were

provided notice[39] that their case would be dismissed or converted at the

confirmation hearing if they failed to meet the requirements of the Code, local rules,

and Chambers Guidelines. In the order dated May 23, 2025, the Court noted the

Plan was "patently unconfirmable as it violate[d] multiple provisions of the

Bankruptcy Code," and that Debtors "must amend their Plan to comply with the

Bankruptcy Code no later than 28 days before the scheduled confirmation hearing

on June 25, 2025."[40] As the original confirmation hearing approached, Debtors filed

motions requesting sanctions against creditors for violations of the stay–

notwithstanding the fact that no stay was imposed in this case—but did not file a

modified plan.[41] The Court postponed the confirmation hearing to August 20, 2025,

providing Debtors with yet more time to file a confirmable plan.[42] Debtors have

made no attempt to modify the Plan so it could be confirmed.

"A debtor's failure to propose a confirmable plan after being given several

chances may constitute 'cause' under § 1307(c)." *In re Niemiec*, 662 B.R. 239, 248

---

[39] ECF No. 12.
[40] ECF No. 58. Debtors were provided notice of the Confirmation Hearing on April 10, 2025. *See* ECF No. 4.
[41] *See* ECF No. 88, "Notice of Medical Emergency and Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions."
[42] ECF No. 90.

(Bankr. D.S.C. 2024). Debtors' failure to propagate a confirmable Plan has created an unreasonable delay that is prejudicial to their creditors. 11 U.S.C. § 1307(c)(1). In chapter 13, creditors cannot receive a distribution from the plan until it is confirmed. Since this case was filed, the estate has been diminished. A comparison of allowed claims in this case with the allowed claims in Debtors' 2024 case reveals that only one claim filed in the 2024 case has decreased in amount. Debtors' contested foreclosure proceedings will presumably devour the equity of the estate that may be available to creditors. That equity is best preserved by a chapter 7 trustee's orderly liquidation and distribution on allowed claims.

Debtors' unreasonable, prejudicial delay in filing a confirmable Plan is compounded by Debtors' pattern of filing unfounded pleadings. 11 U.S.C. § 1307(c)(1). Instead of focusing their efforts on filing a confirmable plan, Debtors have sought repeated delays, unreasonable accommodations, improper injunctive relief and sanctions against creditors, and the removal of the chapter 13 trustee for not making distributions to creditors, which he is flatly prohibited from doing pursuant to 11 U.S.C. § 1326(a)(2).[43] Rather than endeavoring to comply with the Bankruptcy Code and the Orders of this Court, Debtors continue to engage in a pattern of obfuscation and delay identified in prior orders of this Court.

Debtors' lack of candor in their schedules likewise raises an inference of bad faith. "Central to an evaluation of [a debtors'] proposed plans is an understanding of the [debtors'] assets and the equity in those assets." *In re Brown*, No. 24-16596-

---

[43] ECF Nos. 88, 101, 127.

NVA, 2025 WL 2124399, at *8 (Bankr. D. Md. July 29, 2025). "Bankruptcy law requires debtors to be honest and to take seriously the obligation to disclose all matters. The bankruptcy schedules and statements of affairs are carefully designed to elicit certain information necessary to the proper administration and adjudication of the case." *In re Van Gompel*, 632 B.R. 730, 735 (Bankr. D.S.C. 2021) (internal citation omitted). "Bad faith constituting 'cause' under § 1307(c), also includes filing inaccurate or misleading schedules." *Niemiec*, 662 B.R. at 248 (citing *In re Loper*, C/A No. 08-03646-JW, slip op. at 4-5, 2009 WL 9084933 (Bankr. D.S.C. Feb.18, 2009)). Debtor Ard's testimony confirmed that the valuations provided on Schedule A/B were not accurate and the estate's interest in the real property was not fully and accurately disclosed.[44] Debtors attempted to fully exempt the equity in their real and personal property by asserting exemptions that were improper. Further, Debtors' disposable income is not ascertainable from the record—the income disclosed in the schedules do not comport with the testimony provided at the hearing. Under these circumstances, the Court finds Debtors' failures to file a confirmable plan or accurate schedules are "cause" to dismiss or convert under §§ 1307(c)(1), (5).

## II. Conversion is in the Best Interests of the Creditors and the Estate

Having found "cause" under § 1307(c), the Court must determine whether dismissal or conversion is in the best interests of creditors and the estate. One creditor has requested dismissal, but several others support conversion.

---

[44] ECF No. 23.

16

"[D]ismissal of the bankruptcy case is the appropriate remedy when *neither* of the 'twin pillars' of bankruptcy are present. . . . (1) a discharge for the honest but unfortunate debtor, and (2) when assets are available for the satisfaction of valid claims against the estate." *Van Gompel*, 632 B.R. at 735 (quoting *In re Zimmer*, 623 B.R. 151, 162 (Bankr. W.D. Pa. 2020)). "Upon conversion, a disinterested person would be appointed as a trustee who is responsible to, *inter alia*, 'collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;' 'be accountable for all property received;' 'investigate the financial affairs of the debtor;' and 'if advisable, oppose the discharge of the debtor'." *In re Boyle*, 668 B.R. 117, 122 (Bankr. D.S.C. 2025) (quoting 11 U.S.C. § 704(a)). The record reflects equity, albeit of uncertain value, in real and personal property sufficient to make a meaningful distribution to creditors. With no automatic stay in place, secured creditors should not be impeded in pursuit of their state law remedies, with any proceeds being paid to the estate.[45] The case is ripe for a chapter 7 trustee to assess the estate and administer its assets.

Debtors have impressed upon this Court the toll this case has taken on them. While conversion may not be Debtors' desired outcome, appointment of a Chapter 7 trustee may remove some of their burden. The Plan filed May 8, 2025, is not confirmable. Debtors filed no timely objection to conversion, and they presented no

---

[45] Nothing herein should be interpreted as a determination that the automatic stay would not be imposed after conversion if the chapter 7 trustee filed such a motion. In that case, the Court would duly consider the motion and any objections thereto.

persuasive evidence in support of either remaining in their Chapter 13 case or dismissal. The Movant has met its burden of proof under § 1307(c). This case is therefore converted to one under chapter 7, so that a chapter 7 trustee can review if assets can be liquidated and administered for the benefit of the creditors.[46]

**NOW THEREFORE, IT IS ORDERED**

1.  Recusal is denied;

2.  Confirmation of the Plan is denied;

3.  This case is converted to chapter 7; and

4.  Upon conversion, the Clerk of Court shall transmit a copy of this Order to the United States Trustee and the chapter 7 Trustee.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/09/2025**



US Bankruptcy Judge
District of South Carolina

Entered: 09/09/2025

---

[46] Nothing herein prejudices the future chapter 7 trustee's right to challenge any claims.

18

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Filed By The Court
08/20/2025 10:55 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re:

Case No: 25-01384

Chapter 13

Jacqueline Elizabeth Ard and
Terry Frank Nicola,
               Debtors.

**MOTION TO RECUSE
JUDGE L. JEFFERSON DAVIS IV
FOR BIAS, PREJUDICE, AND
ABUSE OF DISCRETION**

## MOTION TO RECUSE JUDGE L. JEFFERSON DAVIS IV FOR BIAS, PREJUDICE, AND ABUSE OF DISCRETION

NOW COME the Debtors, **Jacqueline Elizabeth Ard and Terry Frank Nicola** ("Debtors"), proceeding *pro se*, and respectfully move this Honorable Court pursuant to **28 U.S.C. §§ 144, 455, Federal Rule of Bankruptcy Procedure 5004, and the Due Process Clause of the Fifth Amendment**, for the recusal of Judge L. Jefferson Davis IV from presiding over the above-captioned matter.

## I. INTRODUCTION

Debtors make this motion in good faith and not for purposes of delay. Judge Davis has demonstrated **personal bias and prejudice** against the Debtors, a pattern of **abuse of discretion**, and repeated **failures to uphold statutory and constitutional protections**. His conduct has created an appearance of partiality that undermines the integrity of these proceedings and deprives Debtors of their right to a fair hearing.

## II. LEGAL STANDARD

1. **28 U.S.C. § 455(a)** provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
2. **28 U.S.C. § 455(b)(1)** requires disqualification where a judge "has a personal bias or prejudice concerning a party."

3. **28 U.S.C. § 144** mandates recusal upon a timely and sufficient affidavit showing that the judge harbors "a personal bias or prejudice either against [the movant] or in favor of any adverse party."
4. The Supreme Court has long recognized that due process is violated where bias or the appearance of bias is present. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

## III. FACTUAL BACKGROUND & GROUNDS FOR RECUSAL

Debtors incorporate by reference **Exhibit A (Timeline of Incidents, Improper Rulings, and Violations of Law)**, which documents specific misconduct, including:

1. **Improper dismissal of automatic stay protections** – Judge Davis dismissed Debtors' valid stay violation claims arising from the post-petition towing of their commercial vehicle, contrary to **11 U.S.C. § 362(a)** and established case law (*In re Johnson*, 501 F.3d 1163 (10th Cir. 2007)).
2. **Denial of motion to reopen without cause** – Despite filing part of documents, Judge Davis denied Debtors' motion to reopen (ECF 56, 59, 71), without holding a hearing and allowing the debtors the opportunity to prosecute in good faith. This constitutes **abuse of discretion** under *In re Staffer*, 306 F.3d 967 (9th Cir. 2002).
3. **Disregard of ADA rights** – Judge Davis denied Debtors' request for reasonable ADA accommodations (ECF 89, 90), stating there was "no sufficient cause for special treatment," in direct violation of the **Americans with Disabilities Act (42 U.S.C. § 12132)** and *Tennessee v. Lane*, 541 U.S. 509 (2004).
4. **Denial of due process** – Judge Davis denied Debtors' motion for continuance due to documented medical necessity, then sustained Trustee objections for "failure to appear." This constitutes a denial of fundamental **due process rights** under *Alexander v. Choate*, 469 U.S. 287 (1985).
5. **Prejudgment of Chapter 13 plan** – Judge Davis declared Debtors' plan "patently unconfirmable" and "filed in bad faith" without affording an evidentiary hearing, in violation of *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982). Debtors had, in fact, made plan payments exceeding $17,000, demonstrating good faith.

This consistent pattern shows not isolated error, but a **clear and continuing prejudice** against Debtors, warranting recusal.

## IV. LEGAL ARGUMENT

1. A reasonable person, apprised of the facts, would **question Judge Davis's impartiality**. This alone mandates recusal under **28 U.S.C. § 455(a)**.
2. Judge Davis's rulings reflect **personal bias** against the Debtors, as demonstrated by his repeated dismissal of meritorious claims as "meritless" or "designed to delay," language that evidences hostility rather than neutral adjudication.

3. By denying ADA accommodations and a medical continuance, Judge Davis violated **federal law and constitutional protections**, further evidencing prejudice.
4. The cumulative record supports disqualification. Courts have recognized that even the **appearance of partiality** undermines confidence in the judiciary. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

## V. PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully request that this Court:

1. Enter an Order recusing Judge L. Jefferson Davis IV from all further proceedings in this case;
2. Assign this matter to the Chief Judge for impartial adjudication;
3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: _____August 20_____, 2025

_____
**Jacqueline Elizabeth Ard, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

_____
**Terry Frank Nicola, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

## EXHIBIT A

## CHRONOLOGY OF JUDICIAL MISCONDUCT, CREDITOR FRAUD, & DEBTORS' GOOD FAITH

**In re: Ard & Nicola | Case Nos.: 24-03611, 25-40952, 25-01384**

**Presiding: Judge L. Jefferson Davis IV**

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| 10/04/24 | **Case 24-03611 Filed.** Automatic Stay imposed. | N/A | **11 U.S.C. § 362 –** Automatic Stay effective. |
| 10/08/24 | **Creditors commit willful stay violations:** Hilton Head Resort (lockout), Estate at Westbury (towed commercial vehicle), Spa on Port Royal (fraudulent charges). Debtors notify Trustee. | **Trustee/Judge Inaction:** No enforcement action taken. | **11 U.S.C. § 362(k) –** Remedy for willful violation. Court's duty to protect estate integrity. |
| 11/19/24 | **Good Faith:** File Partial Schedules (ECF 43) despite active creditor harassment destroying business operations. | N/A | Demonstrates effort to comply under duress. |
| 11/21/24 | **Good Faith:** File Third Motion to Extend Time (ECF 49) detailing creditor-induced hardship. | **ECF 46: Case Dismissed.** ECF 50: Motion Denied. Ruling ignores creditor misconduct as cause for delay. | **11 U.S.C. § 105(a)** (equity powers); **FRBP 9006(b)(1)** (excusable neglect). *Pioneer Inv. Servs. Co.*, 507 U.S. 380. |
| 12/19/24 | **Good Faith:** File Amended Motion to Reopen (ECF 59) & Sealed ADA Affidavit (ECF 62) documenting disabilities. | N/A | Formal, documented request for accommodation per **42 U.S.C. § 12132.** |
| 01/05/25 | **Good Faith:** File Response (ECF 73) outlining | **ECF 74 (1/10/25): Motion to Reopen** | **28 U.S.C. § 455(a)** (appearance of |

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| | Trustee's failure to investigate fraud and preserve estate. | **Denied.** Court mischaracterizes motion as FRCP 60(b), ignores ADA affidavit and fraud claims. | bias); Misapplication of *In re Kapsin*, 265 B.R. 778. |
| 02/14/25 | **Good Faith (Case 25-40952):** File Schedules (ECF 30) & Motion to Seal re: medical disabilities (ECF 26). | **Orders Stricken.** Court denies reasonable ADA accommodation. | 42 U.S.C. § 12132 (ADA); 28 C.F.R. § 35.160; *Tennessee v. Lane*, 541 U.S. 509. |
| 02/26/25 | **Good Faith:** File Motion to Extend (ECF 56) with proof of COVID-19 hospitalization. | **ECF 58:** Grants only a 3-day extension during medical crisis. | **Abuse of Discretion;** Lack of equitable consideration. |
| 03/03/25 | **Good Faith:** File Third Motion to Extend (ECF 61) in MI case. | **ECF 63/64:** Motion Denied. Case Dismissed despite filed schedules. | **Factual Error; Due Process** violation. |
| 04/06/25 | **Direct Harm from Judicial Inaction:** Debtor suffers severe injury (severed finger) due to no electricity (Palmetto Electric shutoff). | **Judge's Inaction:** Court was aware of stay violations but took no action to sanction creditors or prevent harm. | 11 U.S.C. § 362(k); Court's duty to ensure safety and fairness. |
| 05/23/25 | **Good Faith:** Debtors medically unable to attend hearing. | **ECF 57/58:** Motion to Impose Stay Denied solely due to absence. Court refuses virtual hearing or continuance. | 28 C.F.R. § 35.160 (ADA); 5th Amend. Due Process; *Goldberg v. Kelly*, 397 U.S. 254. |
| 05-07/25 | **Ultimate Good Faith:** Make every Chapter 13 plan payment on time, totaling $17,620.96. | **Court's Prejudgment:** Court repeatedly states plan is "patently unconfirmable" and sets hearings for dismissal. | 11 U.S.C. § 1322 (Plan requirements met); **Judicial Bias (28 U.S.C. § 455(b)(1)).** |
| 06/10/25 | N/A | **Creditor Fraud:** West Aircomm executes hostile repossession of Debtors' vehicle. | 11 U.S.C. § 362(a)(3) – Willful stay violation. |

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| 06/12/25 | **Good Faith:** File Medical Emergency Motion for ADA accommodations (ECF 88) with physician's documentation. | **ECF 90:** Motion Denied. **ECF 81:** Court grants retroactive Relief from Stay to West Aircomm, blessing the illegal repossession. | **18 U.S.C. § 157** (Bankruptcy fraud - retroactive approval); **Collusion.** |
| 07/23/25 | **Good Faith:** File Emergency ADA Motion (ECF 101) for continuance due to surgery recovery. | **ECF 103:** Motion Denied. Court holds hearing *ex parte* while Debtor hospitalized. **ECF 104:** Grants Trustee's objection to exemptions. | **28 U.S.C. § 455(a); Due Process; 11 U.S.C. § 522(l)** (Exemptions presumed valid). |

## SUMMARY OF VIOLATIONS:

1. **Systemic ADA Violations:** 7 documented denials of accommodation requests.
2. **Judicial Bias & Prejudgment:** Demonstrated pattern of ruling for creditors and against disabled, pro se debtors.
3. **Collusion with Creditors:** Retroactive approval of illegal creditor acts (**18 U.S.C. § 157**).
4. **Denial of Due Process:** Assets stripped and case dismissed without meaningful hearings.
5. **Failure to Execute Judicial Duty:** Refusal to enforce the Automatic Stay or protect the estate from fraud.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted this _20th_ day of _August_, 2025.

**Jacqueline Elizabeth Ard, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

**Terry Frank Nicola, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com