OFFICE OF THE CLERK

# UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA
J. BRATTON DAVIS UNITED STATES BANKRUPTCY COURTHOUSE
1100 LAUREL STREET
COLUMBIA, SOUTH CAROLINA 29201-2423
TELEPHONE (803)765-5436   www.scb.uscourts.gov

---

DATE:        September 12, 2025

TO:
- TMX Finance dba TitleMax of South Carolina: Represented by John B. Kelchner PO Box 1473 (29202) / 1901 Main St., Suite 900 Columbia, SC 29201
- Spa on Port Royal Sound Horizontal Property Regime, Inc: Represented by Lucas S. Fautua 171 Church Street, Ste 120 Charleston, SC 29413
- James Wyman, Trustee. PO Box 997  Mt. Pleasant, SC 29465
- Estate at Westbwy: Represented by Julie Franklin  P.O. Drawer 2976 Bluffton SC 29910
- West-Aircomm: Represented by Benjamin E. Grimsley  P.O. Box 11682 Columbia, SC 29211

RE:        Jacqueline Elizabeth Ard and Terry Frank Nicola, 25-01384-JD

Pursuant to Federal Rule of Bankruptcy Procedure 8003, this letter is to notify you that a notice of appeal in the above-referenced case was filed in this Court on September 10, 2025.  A copy of that notice along with a copy of the judgment, order, or decree of this Court which has been appealed is included with this letter.  In deciding what action to take in response to this appeal, it may be helpful to review Part VIII of the Federal Rules of Bankruptcy Procedure, which governs the procedure on an appeal from a judgment, order, or decree of a bankruptcy court.

Federal Rule of Bankruptcy Procedure 8009 sets forth the procedure and deadlines for designating the record on appeal.  If you need to order transcripts, a Transcript Order Form AO435 is available through the Court's website, www.scb.uscourts.gov.

The record on appeal will be transmitted from this office to the Clerk of Court for the United States District Court for the District of South Carolina, upon completion, pursuant to Federal Rule of Bankruptcy Procedure 8010.  Parties to the appeal will receive notice once the record on appeal is received by the District Court.  Typically, an appeal and the associated record on appeal are transmitted to the District Court within thirty (30) days from the final designation of the record on appeal and the receipt of any requested transcript.[1]

---

[1] Transmittal may be delayed in certain instances beyond the control of the Court, such as where designations are voluminous or require the retrieval of archived documents.

At the request of the Clerk of Court for the United States District Court for the District of South Carolina, parties to this appeal are hereby advised that any designation of the record must contain a statement as to whether or not there is, or ever has been, an appeal to the District Court in any related case or adversary proceeding.

Lauren T Maxwell, Clerk of Court
United States Bankruptcy Court

BY:   s/M. Fleming
          M. Fleming, Deputy Clerk

Enclosures

cc:    Jacqueline Elizabeth Ard and Terry Frank Nicola
         United States Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 25-01384-JD |
| | Chapter 13 |
| Jacqueline Elizabeth Ard and Terry Frank Nicola, | **ORDER DENYING CONFIRMATION AND CONVERTING CASE TO CHAPTER 7** |
| Debtor(s). | |

THIS MATTER is before the Court on the Continued Confirmation Hearing,[1] the Order Denying Motion to Impose the Automatic Stay and Providing Notice of Conversion or Dismissal to Bar Further Refiling,[2] and the Motion to Convert filed by Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Port Royal Sound HPR" or "Movant").[3] Objections to confirmation were filed by Port Royal Sound HPR,[4] the Chapter 13 Trustee,[5] Zeidman's Jewelry & Loan of Michigan ("Zeidman's"),[6] TMX Finance dba Titlemax of South Carolina, Inc. ("Titlemax"),[7] and Hilton Head Resort Four Seasons Centre Horizontal Property Regime Counsel of Co-Owners, Inc. ("Hilton Head Resort HPR").[8] A hearing was held on August 20,

---

[1] ECF No. 90.
[2] ECF No. 58. Debtors have appealed the denial of the imposition of the stay. ECF No. 55. This Order considers the unresolved question of whether this case should be converted or dismissed, as raised in the Order Denying the Motion to Impose the Stay.
[3] ECF No. 70.
[4] ECF No. 67.
[5] ECF No. 72.
[6] ECF No. 75.
[7] ECF No. 76.
[8] ECF No. 79.

2025.  Jacqueline Elizabeth Ard ("Ard") and Terry Frank Nicola ("Nicola")

(collectively "Debtors") appeared, along with counsel for the Chapter 13 Trustee,

counsel for Port Royal Sound HPR, counsel for Zeidman's, counsel for Titlemax, and

counsel for the Estate at Westbury Owners Association, Inc. ("Westbury HOA").

The Court heard testimony from the Debtors and arguments from counsel,

and, at the conclusion of the hearing, took the matters under advisement.

## FINDINGS OF FACT

Debtors have filed two previous bankruptcy cases under Chapter 13 within

the past 12 months—one in this District, and one in the Eastern District of

Michigan. Case No. 24-03611-JD was filed in this District on October 4, 2024, and

dismissed pursuant to 11 U.S.C. § 521(i) on November 21, 2024, for Debtors' failure

to file documents required under 11 U.S.C. § 521(a).[9] Case No. 25-40952-MLO was

filed in the Eastern District of Michigan on January 31, 2025, and was also

dismissed for Debtors' failure to file required documents on March 3, 2025.[10] In both

of these cases, Debtors filed successive motions to extend the deadline to file the

schedules, statements, and disclosures required by 11 U.S.C. § 521(a). The first two

motions to extend were granted in Case No. 24-03611-JD,[11] and granted and denied

---

[9] Specifically, Debtors failed to file a Chapter 13 plan, a Declaration about an Individual Debtor(s) Schedules, Schedules D-J, a Statement of Financial Affairs, Copies of Payment Advices, Chapter 13 Statement of Income/Calculation, and a Statement of Increased Income/Expenses. Case No. 24-03611-JD, ECF No. 46.

[10] Debtors failed to file a Chapter 13 Plan, the Chapter 13 Statement of Debtors' Current Monthly Income and Calculation of Commitment Period Form 122C-1, the Declaration About an Individual Debtor(s)' Schedules, Schedules A-J, a Statement of Financial Affairs for Individuals Filing for Bankruptcy, and a Summary of Debtors' Assets and Liabilities and Certain Statistical Information. Case No. 25-40952-MLO, ECF No. 64.

[11] Case No. 24-03611-JD, ECF Nos. 23, 36.

in part in Case No. 25-40952-MLO.[12] The third motion to extend was denied in each case.[13]

Debtors then filed this case on April 10, 2025. The continued confirmation hearing and the Motion to Convert concern the modified plan filed by Debtors on May 8, 2025 ("Plan").[14]

Because this case is Debtors' third case within a one-year period, there is no automatic stay. Debtors moved to impose the stay but failed to appear at the hearing on their motion before a decision was rendered.[15] The motion to impose the stay was denied.[16] The Order Denying the Motion to Impose the Stay stated the Plan, as it was filed, could not be confirmed under the Bankruptcy Code, explained why the Plan was unconfirmable, and stated the Court's intent to consider conversion of the instant case to chapter 7. At the hearing on the motion to impose the stay, the Court raised the issue of whether this case should be converted to one under chapter 7. Port Royal Sound HPR subsequently moved to convert this case to chapter 7.[17]

Debtors' schedules and statements sought exemptions of Debtors' equity in

---

[12] Case No. 25-40952-MLO, ECF Nos. 40, 58.
[13] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.
[14] ECF No. 47.
[15] A notice of the hearing on Debtors' motion to impose the automatic stay was entered on the docket on April 21, 2025. ECF No. 18. The hearing was scheduled for 11:00AM on May 22, 2025. Debtors were not present when the matter was called. With the consent of the objecting parties, the matter was continued to 11:30AM and Debtors were not present. An oral decision was rendered denying the motion to impose the automatic stay. Debtors arrived at Court after the record was closed and all hearings adjourned. The Court went back on the record to restate the prior decision denying the requested relief.
[16] ECF No. 57. All findings made in the order denying Debtors' motion to impose the automatic stay are hereby incorporated by reference into this Order.
[17] ECF No. 70. Port Royal Sound HPR's Motion to Convert was rescheduled to coincide with the continued confirmation hearing.

real and personal property. The chapter 13 Trustee filed objections to Debtors'

exemptions;[18] the Trustee's objections were granted.[19] Similarly, the Plan elicited

objections from their creditors and the chapter 13 trustee including, but not limited

to:

- Noncompliance with 11 U.S.C. § 1325(a)(3) in that the Plan was not proposed in good faith;[20]
- Noncompliance with 11 U.S.C. § 1325(a)(5) in that a creditor holds an allowed secured claim, does not accept the plan, and the plan does not propose to pay the creditor the value of its allowed secured claim;[21]
- Noncompliance with 11 U.S.C. § 1325(a)(5)(B)(iii)(I) in that the Plan proposes to pay secured claims "pro rata" which does not meet the requirements of the code section;[22]
- Noncompliance with 11 U.S.C. § 1325(a)(6) in that the Debtors failed to prove feasibility;[23]
- Noncompliance with 11 U.S.C. § 1322(a)(2) in that the Plan does not provide for payment in full of claims entitled to priority;[24]
- Noncompliance with 11 U.S.C. § 1322(b)(1) in that the Plan provides separate treatment of certain general unsecured claims without showing that the separate treatment does not unfairly discriminate as to the other general unsecured creditors;[25]
- Noncompliance with 11 U.S.C. § 1308(a) in that Debtors failed to provide tax returns to the Trustee;[26] and
- Noncompliance with SC LBR 3015-6, in that the Plan fails to provide the *Till* interest rate of 9%.[27]

Debtors did not file a substantive response to the objections to exemptions, the

Motion to Convert, or any of the objections to confirmation, and did not modify the

---

[18] ECF No. 74.
[19] ECF No. 104.
[20] ECF No. 67, filed by Port Royal Sound HPR.
[21] ECF No. 67, filed by Port Royal Sound HPR. Failure to comply with 11 U.S.C. § 1325(a)(5) was also raised by Titlemax at ECF No. 75, and Hilton Head Resort HPR at ECF No. 79.
[22] *Id.*
[23] ECF No. 72, filed by the Chapter 13 Trustee.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

4

Plan.

A hearing on confirmation of the Plan and the issue of conversion was held on August 20, 2025.[28] Debtors were present for the hearing. Debtor Ard verbally requested that the undersigned recuse himself from this case. This request was denied from the bench but is more fully addressed in this Order. Debtors' sworn testimony was their only evidence in support of confirmation.

Debtors' testimony concerning their scheduled property was not consistent with the schedules or the Plan. In the schedules, Debtors disclose a fractional interest in nine parcels of real property.[29] Debtor Ard's testimony at the hearing, however, indicated that, except for one parcel,[30] she owned all scheduled property either individually or jointly with Debtor Nicola. Debtor Ard also confirmed that the actual value of most of their scheduled property was higher than the values recorded in the schedules. For example, Debtors' schedules indicate that Debtors own a partial interest 5140 Oak Run, Farwell, MI 48622. The schedules value the property at $94,100.00 but state Debtors' interest as only $47,050.00. However, Debtor Ard testified that this property is titled jointly in her name and Nicola's

---

[28] The confirmation hearing in this case was originally scheduled for June 25, 2025. ECF No. 12. On June 18, 2025, Debtors filed a motion titled "Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions pursuant to ADA Title II (42 U.S.C. § 12132)." ECF No. 88. In its order addressing Debtors' requested accommodations, the Court continued the confirmation and conversion hearing dates to August 20, 2025, which provided Debtors with additional time to modify their Plan in a way that comported with the Bankruptcy Code. ECF No. 90. The Court also provided Debtors with notice that they could, on a hearing-by-hearing basis, request to appear remotely.

[29] Four of the parcels are located in South Carolina. Of these, three are in foreclosure. The rest of Debtors' property portfolio is located in Michigan and Pennsylvania.

[30] Debtor Ard stated on the record that she and her aunt own 15826 Appoline St., Detroit, MI 48227. All other properties are either titled in the name of Debtor Ard, Debtor Nicola, or both.

name, and that the property is worth approximately $150,000.

Similarly, Debtors' testimony concerning their income conflicted with the income reported in their schedules. Schedule I shows $13,429.01 per month in income for Debtor Ard on line 8a, where "net income from rental property and from operating a business, profession or farm" is disclosed. Debtor Nicola discloses $3,482.00 per month in social security income and $3,053.00 per month in pension or retirement income. The total family income is shown as $19,964.01 per month. Debtor Ard testified that their short-term rentals yield anywhere from $8,000 to $14,000 per month. However, further questioning revealed that many of the income-producing properties are tied up in litigation and at risk of loss. At least one property needs substantial repair. Debtor Ard also testified that one of their properties in Michigan property is a long-term rental, seemingly included at line 8a on Schedule I, but the lease is neither disclosed as an executory contract in Schedule G nor properly assumed in the Plan.[31]

The hearing highlighted additional barriers to confirmation. Debtor Ard conceded that she has not filed tax returns for the last four years and Debtor Nicola also admitted that he has not filed a tax return since 2021. The Trustee noted that the proposed Plan payments would have been sufficient in Case No. 24-03611-JD, where creditors filed claims totaling $420,667.54, but are insufficient in this case,

---

[31] Debtor Ard testified Debtors hold assets of the estate in a storage unit. If a contract for this storage unit exists, it is neither disclosed as an executory contract in Schedule G nor assumed in the Plan.

which has received claims totaling $633,113.12 to date.[32] The Trustee also noted Debtors were $8,540.32 past due on Plan payments on the day of confirmation. Debtor Ard conceded that the Debtors were behind on payments to the Trustee because Debtors believed that they had until the end of August to become current.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order.

### A. Recusal is Denied

Debtors orally moved for recusal. In support of this relief, Debtors appear to primarily rely on several adverse rulings as evidence of personal bias or lack of impartiality. Those decisions were rendered out of fidelity to the requirements of the Bankruptcy Code, nothing more. 28 U.S.C. § 455, made applicable by Fed. R. Bankr. P. 5004, governs recusal. The Fourth Circuit has held that "bias must derive from an extra-judicial source" and "result in an opinion on the merits on a basis other than that learned by the judge from his participation in this matter." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) and *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)). Considering Debtors' arguments and the controlling law, the motion to recuse is denied. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

---

[32] The date for government entities to file claims will not pass until October 7, 2025. While the first case was dismissed prior to the claims' bar date, many common creditors have filed claims that have increased in amount.

### B. Confirmation is Denied

"Except as provided in subsection (b), the court shall confirm a plan if the plan complies with the provisions of this chapter and with other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). This Plan fails to fulfill multiple provisions of § 1325. Denial of confirmation would be appropriate based on any one of the deficiencies outlined below; considered together, these deficiencies mandate denial of confirmation.

### I.   Tax Returns

First, Debtors have not filed applicable tax returns as required for confirmation.[33] "[T]he court shall confirm a plan if the Debtor has filed all applicable federal, state, and local tax returns as required by Section 1308." 11 U.S.C. § 1325(a)(9). "Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under Section 341(a), if the debtor was required to file a tax return under applicable non-bankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a). The 341 Meeting was scheduled for May 19, 2025. Debtors have not yet filed applicable tax returns and therefore fail to meet the requirements of § 1308(a). The Plan is therefore not confirmable under § 1325(a)(9).[34]

---

[33] See ECF No. 72.

[34] Debtors' failure to file tax returns also implicates whether this Plan has met other standards for confirmation. Debtors' current tax liability for the last four years is not known. Therefore, the Court cannot determine if taxing authorities have been appropriately treated under the Plan and whether the Plan is feasible.

## II.   Ability to Make Plan Payments

Second, Debtors have not demonstrated that they will be able to make all payments required by the Plan. The Trustee noted that the proposed payment in the Plan will not be sufficient to repay their creditors. Debtors' testimony regarding their income indicated that the proposed Plan payments will exceed their disposable income for most of the case. This income would be further diminished by Debtors' failure to assume the long-term lease in the Plan and the unstayed, ongoing foreclosure proceedings. "[T]he court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of filing of the plan or the order for relief, whichever is earlier, in the amount proposed by the plan to the trustee." 11 U.S.C. § 1326(a)(1)(A). The record shows Debtors are not currently able to make all payments under the Plan and indicates they will not become able to do so. The Plan is therefore not confirmable under § 1325(a)(6).

Moreover, Debtors are not current with payments due under the Plan. "[T]he court shall confirm a plan if any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation has been paid." 11 U.S.C. § 1325(a)(2). Debtors' arrearage to the Trustee renders the plan unconfirmable under § 1325(a)(2).

## III.  Treatment of Secured Creditors

Third, the Plan fails to pay multiple secured claims as required by 11 U.S.C. § 1325(a)(5). 11 U.S.C. § 1325(a)(5) sets forth the possible treatments for a secured

debt: (a) the creditor may consent to its treatment under the plan;[35] (b) the debtor may surrender the collateral;[36] or (c) the debtor may "cram down" the debt, whereby the creditor receives a distribution of property over the life of the plan with a present value of not less than the allowed amount of its secured claim.[37] *In re Gardner*, No. CV 22-02007-EG, 2022 WL 16952440, at *6 (Bankr. D.S.C. Nov. 15, 2022). Where a debtor "crams down" the secured debt and elects to distribute property to the creditor in periodic payments, those payments must be in equal monthly amounts. 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

"A creditor is deemed to receive 'present value' of its claim if the total amount of the deferred payments includes the amount of the underlying claim plus an appropriate amount of interest to compensate the creditor for the delayed payments." *Gardner*, 2022 WL 16952440 at *6; *see also Rake v. Wade*, 508 U.S. 464, 468 (1993). "After confirmation, the interest paid [on a claim] is designed to preserve the present value of the [creditor's claim] and must be provided pursuant to § 1325(a)(5)(B) and calculated as instructed by the Supreme Court in *Till v. SCS Credit Corporation*, 541 U.S. 465 (2004)." *Id*. The appropriate method for determining the adequate rate of interest to be paid on a crammed down secured claims under § 1325(a)(5)(B) is a "prime-plus" formula, calculated using the current national prime rate of interest plus a risk adjustment. *Till*, 541 U.S. at 466. "The 'prime-plus' formula is usually assumed to be the prime rate plus a risk adjustment

---

[35] 11 U.S.C. § 1325(a)(5)(A).
[36] 11 U.S.C. § 1325(a)(5)(C).
[37] 11 U.S.C. § 1325(a)(5)(B)(ii).

percentage of 1-3%." *Id.*

"In order to expedite the determination of an effective interest rate to be used by debtors in meeting the requirement of 11 U.S.C. § 1325, a presumed effective interest rate (Periodic Interest Rate) will be set by the Court with the assistance of a committee of trustees and members of the consumer bar. If applied to a secured claim in a chapter 13 plan, there will be a rebuttable presumption that the Periodic Interest Rate, for plan confirmation purposes, is reasonable." SC LBR 3015-6(a). Pursuant to Operating Order 23-02,[38] an "interest rate (Periodic Interest Rate) of nine percent (9.00%) per annum applied to a secured claim in a chapter 13 case will be presumed–for plan confirmation purposes–to be reasonable, effective for cases filed on or after June 1, 2023." As of September 5, 2025, the Federal Reserve's published prime rate of interest for bank loans is 7.50%. *Selected Interest Rates (Daily) – H.15*, THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE, https://www.federalreserve.gov/releases/h15/ (last visited September 8, 2025). The 9.00% Periodic Interest Rate set by Operating Order 23-02 accounts for the prime interest rate of 7.50% and a risk adjustment percentage of 1.50% and is therefore reasonable under *Till*.

The Plan does not ensure that secured creditors will receive 'present value' of their claims. Several creditors objected to their treatment in the Plan. Debtors have not modified their Plan to address the objections, nor argued that the current treatment complies with the Code. Many secured creditors are not even treated in

---

[38] A partial list of this Court's administrative and operating orders, including Operating Order 23-02, may be found at https://www.scb.uscourts.gov/op-adm-orders.

the Plan and one secured creditor is crammed down in violation of the hanging

paragraph in 11 U.S.C. § 1325(a). Where the Plan does provide for the treatment of

secured creditors, the proposed interest rates inexplicably range from 0.00% to no

more than 7.00%. These rates do not correspond with the allowed rates of interest

in the secured contracts nor the *Till* interest rate. Additionally, the Plan states the

amount each secured creditor will be paid per month is simply "pro-rata." The Plan

proposes that the Debtors' monthly payment amount range from $4,540.32 to

$10,540.32, which renders the monthly pro-rata distributions to each listed creditor

unequal. *See* 11 U.S.C. § 1325(a)(5)(B)(iii)(I). These errors are fatal to confirmation

under § 1325(a)(5).

### IV.  Treatment of Unsecured Claims

Fourth, the Plan, without explanation, discriminates between unsecured

claims. "Subject to subsections (a) and (c), the plan may designate a class or classes

of unsecured claims, as provided in section 1122 of this title, but may not

discriminate unfairly against any class so designated; however, such plan may treat

claims for a consumer debt of the debtor if an individual is liable on such consumer

debt with the debtor differently than other unsecured claims." 11 U.S.C.

§ 1322(b)(1). In Part 5.3 of the Plan, Debtors designated over 40 claims as "other

separately classified nonpriority unsecured claims." Debtors declined to provide any

details as to how the claims listed in Part 5.3 will be paid, by whom they will be

paid, and why they should be treated differently from the nonpriority unsecured

claims against them that are not separately classified. The Court has been provided

12

with no context for the classification of these claims and cannot determine if

Debtors' division of nonpriority unsecured claims constitutes unfair discrimination

against either class. The Plan is therefore not confirmable under §§ 1322(b)(1) and

1325(a)(1).

### C. Conversion to Chapter 7 is Appropriate

11 U.S.C. § 1307(c) establishes:

> …on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, for cause…

A non-exhaustive list of grounds justifying conversion or dismissal is

provided at §§ 1307(c)(1) – (11), including "unreasonable delay by the debtor that is

prejudicial to the creditors" and "denial of confirmation of a plan under section 1325

of this title and denial of a request made for additional time for filing another plan

or a modification of a plan." 11 U.S.C. §§ 1307(c)(1), (5). "A debtor's bad faith in

filing the petition also constitutes 'cause' to dismiss or convert under § 1307." *In re

Niemiec*, 662 B.R. 239, 248 (Bankr. D.S.C. 2024) (internal citations omitted). "A

Bankruptcy Court has considerable discretion in determining whether 'cause'

exists." *In re Blackmon*, 628 B.R. 804, 809 (Bankr. D.S.C. 2021) (quoting *In re

Demeza*, 567 B.R. 473, 477 (Bankr. M.D. Pa. 2017)).

"The analysis under § 1307(c) involves two steps: First, it must be determined

that there is 'cause' to act. Second, once a determination of 'cause' has been made, a

choice must be made between conversion and dismissal based on the 'best interests

of the creditors and the estate.'" *In re Richardson*, 649 B.R. 708, 713 (Bankr. D.S.C.

2023) (internal citations omitted). The moving party bears the burden of proof.

*Blackmon*, 628 B.R. at 808 (citing *In re Gravlin*, No. 17-41714, 2020 WL 3635579, at

*2 (Bankr. D. Mass. Mar. 6, 2020)).

## I.   There is Cause for Dismissal or Conversion Under 11 U.S.C. § 1307(c)

Debtors filed their case on April 10, 2025. On April 12, 2025, Debtors were

provided notice[39] that their case would be dismissed or converted at the

confirmation hearing if they failed to meet the requirements of the Code, local rules,

and Chambers Guidelines. In the order dated May 23, 2025, the Court noted the

Plan was "patently unconfirmable as it violate[d] multiple provisions of the

Bankruptcy Code," and that Debtors "must amend their Plan to comply with the

Bankruptcy Code no later than 28 days before the scheduled confirmation hearing

on June 25, 2025."[40] As the original confirmation hearing approached, Debtors filed

motions requesting sanctions against creditors for violations of the stay–

notwithstanding the fact that no stay was imposed in this case—but did not file a

modified plan.[41] The Court postponed the confirmation hearing to August 20, 2025,

providing Debtors with yet more time to file a confirmable plan.[42] Debtors have

made no attempt to modify the Plan so it could be confirmed.

"A debtor's failure to propose a confirmable plan after being given several

chances may constitute 'cause' under § 1307(c)." *In re Niemiec*, 662 B.R. 239, 248

---

[39] ECF No. 12.
[40] ECF No. 58. Debtors were provided notice of the Confirmation Hearing on April 10, 2025. *See* ECF No. 4.
[41] *See* ECF No. 88, "Notice of Medical Emergency and Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions."
[42] ECF No. 90.

(Bankr. D.S.C. 2024). Debtors' failure to propagate a confirmable Plan has created an unreasonable delay that is prejudicial to their creditors. 11 U.S.C. § 1307(c)(1). In chapter 13, creditors cannot receive a distribution from the plan until it is confirmed. Since this case was filed, the estate has been diminished. A comparison of allowed claims in this case with the allowed claims in Debtors' 2024 case reveals that only one claim filed in the 2024 case has decreased in amount. Debtors' contested foreclosure proceedings will presumably devour the equity of the estate that may be available to creditors. That equity is best preserved by a chapter 7 trustee's orderly liquidation and distribution on allowed claims.

Debtors' unreasonable, prejudicial delay in filing a confirmable Plan is compounded by Debtors' pattern of filing unfounded pleadings. 11 U.S.C. § 1307(c)(1). Instead of focusing their efforts on filing a confirmable plan, Debtors have sought repeated delays, unreasonable accommodations, improper injunctive relief and sanctions against creditors, and the removal of the chapter 13 trustee for not making distributions to creditors, which he is flatly prohibited from doing pursuant to 11 U.S.C. § 1326(a)(2).[43] Rather than endeavoring to comply with the Bankruptcy Code and the Orders of this Court, Debtors continue to engage in a pattern of obfuscation and delay identified in prior orders of this Court.

Debtors' lack of candor in their schedules likewise raises an inference of bad faith. "Central to an evaluation of [a debtors'] proposed plans is an understanding of the [debtors'] assets and the equity in those assets." *In re Brown*, No. 24-16596-

---

[43] ECF Nos. 88, 101, 127.

NVA, 2025 WL 2124399, at *8 (Bankr. D. Md. July 29, 2025). "Bankruptcy law

requires debtors to be honest and to take seriously the obligation to disclose all

matters. The bankruptcy schedules and statements of affairs are carefully designed

to elicit certain information necessary to the proper administration and

adjudication of the case." *In re Van Gompel*, 632 B.R. 730, 735 (Bankr. D.S.C. 2021)

(internal citation omitted). "Bad faith constituting 'cause' under § 1307(c), also

includes filing inaccurate or misleading schedules." *Niemiec*, 662 B.R. at 248 (citing

*In re Loper*, C/A No. 08-03646-JW, slip op. at 4-5, 2009 WL 9084933 (Bankr. D.S.C.

Feb.18, 2009)). Debtor Ard's testimony confirmed that the valuations provided on

Schedule A/B were not accurate and the estate's interest in the real property was

not fully and accurately disclosed.[44] Debtors attempted to fully exempt the equity in

their real and personal property by asserting exemptions that were improper.

Further, Debtors' disposable income is not ascertainable from the record—the

income disclosed in the schedules do not comport with the testimony provided at the

hearing. Under these circumstances, the Court finds Debtors' failures to file a

confirmable plan or accurate schedules are "cause" to dismiss or convert under §§

1307(c)(1), (5).

### II.   Conversion is in the Best Interests of the Creditors and the Estate

Having found "cause" under § 1307(c), the Court must determine whether

dismissal or conversion is in the best interests of creditors and the estate. One

creditor has requested dismissal, but several others support conversion.

---

[44] ECF No. 23.

"[D]ismissal of the bankruptcy case is the appropriate remedy when *neither* of the 'twin pillars' of bankruptcy are present. . . . (1) a discharge for the honest but unfortunate debtor, and (2) when assets are available for the satisfaction of valid claims against the estate." *Van Gompel*, 632 B.R. at 735 (quoting *In re Zimmer*, 623 B.R. 151, 162 (Bankr. W.D. Pa. 2020)). "Upon conversion, a disinterested person would be appointed as a trustee who is responsible to, *inter alia*, 'collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;' 'be accountable for all property received;' 'investigate the financial affairs of the debtor;' and 'if advisable, oppose the discharge of the debtor'." *In re Boyle*, 668 B.R. 117, 122 (Bankr. D.S.C. 2025) (quoting 11 U.S.C. § 704(a)). The record reflects equity, albeit of uncertain value, in real and personal property sufficient to make a meaningful distribution to creditors. With no automatic stay in place, secured creditors should not be impeded in pursuit of their state law remedies, with any proceeds being paid to the estate.[45] The case is ripe for a chapter 7 trustee to assess the estate and administer its assets.

Debtors have impressed upon this Court the toll this case has taken on them. While conversion may not be Debtors' desired outcome, appointment of a Chapter 7 trustee may remove some of their burden. The Plan filed May 8, 2025, is not confirmable. Debtors filed no timely objection to conversion, and they presented no

---

[45] Nothing herein should be interpreted as a determination that the automatic stay would not be imposed after conversion if the chapter 7 trustee filed such a motion. In that case, the Court would duly consider the motion and any objections thereto.

persuasive evidence in support of either remaining in their Chapter 13 case or dismissal. The Movant has met its burden of proof under § 1307(c). This case is therefore converted to one under chapter 7, so that a chapter 7 trustee can review if assets can be liquidated and administered for the benefit of the creditors.[46]

**NOW THEREFORE, IT IS ORDERED**

1. Recusal is denied;

2. Confirmation of the Plan is denied;

3. This case is converted to chapter 7; and

4. Upon conversion, the Clerk of Court shall transmit a copy of this Order to the United States Trustee and the chapter 7 Trustee.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/09/2025**



S. Jefferson Davis IV

US Bankruptcy Judge
District of South Carolina

Entered: 09/09/2025

---

[46] Nothing herein prejudices the future chapter 7 trustee's right to challenge any claims.

18

Filed By The Court
9/10/2025 12:17 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |
|---|---|
| **In re:** | **Chapter 13** |
| **JACQUELINE ELIZABETH ARD AND** | |
| **TERRY FRANK NICOLA** | **Case No. 25-01384-JD** |
| | **CASE:** |
| **Debtors.** | |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   JACQUELINE ELIZABETH ARD AND TERRY FRANK NICOLA

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ❏ Plaintiff | ☒ Debtor |
| ❏ Defendant | ❏ Creditor |
| ❏ Other (describe) | ❏ Trustee |
| | ❏ Other (describe) |

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order from which the appeal is taken: *Order on Motion to Recuse* [Docket No. 133] attached hereto as **Exhibit A**.

2. State the date on which the judgment, order, or decree was entered: September 9, 2025

Official Form 417A

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| 1.TMX Finance dba TitleMax of South Carolina | **John B. Kelchner**<br>PO Box 1473 (29202)<br>1901 Main St., Suite 900<br>Columbia, SC 29201<br>Telephone: 803-227-4234<br>Email: jkelchner@turnerpadget.com |
| 2.Spa on Port Royal Sound Horizontal Property Regime, Inc | **Lucas S. Fautua**<br>171 Church Street, Ste 120<br>Charleston, SC 29413<br>Telephone: (843) 714-2533<br>Email: rjones@smithdebnamlaw.com |
| 3.  Trustee | **James Wyman, Trustee**<br>PO Box 997<br>Mt. Pleasant, SC 29465<br>Phone: (843) 388-9844<br>Email: 13info@charleston13.com |
| 4.  Estate at Westbury | **Julie Franklin**<br>P.O. Drawer 2976<br>Bluffton, SC 29910<br>Telephone: (706) 452-1303<br>Email: jfranklinlegal@gmail.com |
| 5.  West-Aircomm | **Benjamin E. Grimsley**<br>P.O. Box 11682<br>Columbia, SC 29211<br>Telephone: (803) 233-1177<br>Email: bgrimsley@dgglegal.com |

SEE ATTACHED ADDITIONAL RECIPIENTS

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

**Jacqueline Elizabeth Ard**

By: _____   Date   9-10-25

Jacqueline E. Ard
239 Beach City Road unit 3218
Hilton Head Island, SC 29926
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051

**Terry Frank Nicola**

By: _____   Date   9-10-25

Terry F. Nicola
663 Wm Hilton Pkwy apt 4408
Hilton Head Island, SC 29926
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | US Trustee's Office | USTPRegion04.CO.ECF@usdoj.gov |
| tr | James M. Wyman | 13info@charleston13.com |
| aty | Benjamin Edward Grimsley | bgrimsley@dgglegal.com |
| aty | Dean S. Haskell | dhaskell@jsplaw.net |
| aty | Elizabeth H Parrott | elizabeth.parrott@mccalla.com |
| aty | J. Ronald Jones, Jr. | rjones@smithdebnamlaw.com |
| aty | John B. Kelchner | jkelchner@turnerpadget.com |
| aty | Julie A. Franklin | jfranklinlegal@gmail.com |
| aty | Lucas S. Fautua | lfautua@smithdebnamlaw.com |
| aty | Richardo Kilpatrick | rkilpatrick@shermeta.com |
| aty | Tara E. Nauful | tara@bestlawsc.com |

TOTAL: 11

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Jacqueline Elizabeth Ard | 21215 Dartmouth Dr        Southfield, MI 48076−5634 |
| jdb | Terry Frank Nicola | 21215 Darthmouth        Southfield, MI 48076 |
| cr | WEST−AIRCOMM FEDERAL CREDIT UNION | c/o Weltman, Weinberg & Reis Co., LPA        5990 West Creek Rd, Suite 200        INDEPENDENCE, OH 44131 UNITED STATES |
| cr | Nationstar Mortgage LLC | c/o McCalla Raymer Leibert Pierce, LLC        Bankruptcy Department        1544 Old Alabama Road        Roswell, GA 30076 UNITED STATES |
| cr | Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LLC        4515 N Santa Fe Ave. Dept. APS        Oklahoma City, OK 73118 |
| cr | Estate at Westbury Owners Association, Inc.        C/O Counsel        25 Thurmond Way        #2976        Bluffton, SC 29910 |
| cr | Hilton Hear Resort Four Seasons Centre Horizontal Property Regime Council of Co−Owners, Inc our Seasons Centre Horizontal Pr        C/o Jones, Simpson & Newton        P.O. Box 1938        Bluffton, SC 29910 UNITED STATES |
| aty | Garry Masterson        Weltman, Weinberg and Reis Co., LPA        5990 West Creek Rd.        Suite 200        Independence, OH 44131 |
| 544518984 | AAdvantage Aviator Portfolio Recovery        PO Box 8828        Wilmington, DE 18999−8828 |
| 544526212 | ADT LLC        PO Box 371878        Pittsburgh, PA 15250−7878 |
| 544518985 | ADT Security Services        1501 Yamato Road        Boca Raton, FL 33431 |
| 544518986 | ADT Security Services        P.O. Box 650485        Pittsburgh, PA 15250 |
| 544518987 | ADT,LLC        Transworld Systems Inc        500 Virginia Dr. Suite 514        Ft Washington, PA l 9304 |
| 544518996 | ATandT        P.O. BOX 5080        Carol Stream, IL 60197−6080 |
| 544518998 | ATandT        P.O. BOX 5080        Carol Stream, IL 60197−6080 |
| 544526217 | ATandT        P.O. Box 5014        Carol Stream, IL 60197−5014 |
| 544533105 | AWA Collections        Santa Rosa Emergency        PO Box 6605        Orange, CA 92863 |
| 544526213 | Advantage Aviator        ATTN Bankruptcy Department        130 Cooperate Blvd        Norfolk, VA 23502 |
| 544518988 | Allstate Indemnity        POBox4310        Carol Stream, IL 60197 |
| 544518989 | Allstate Insurance        P.O. Box 21169        Roanoke, VA 24018−0537 |
| 544518990 | American Express −        AXPLEGALATTORNEY        500 North Franklin Turnpike No. 315        MAIL CODE 297        Ramsey, New Jersey 07446 |
| 544518991 | American Express National Bank        Care of Becket and Lee        PO Box 3001        Malvern PA 19355−0701 |
| 544533335 | American Express National Bank        care of Becket and Lee LLP        PO Box 3001        Malvern PA 19355−0701 |
| 544533336 | American Express National Bank        care of Becket and Lee LLP        PO Box 3001        Malvern PA 19355−0701 |
| 544518992 | Americollect Inc        POBox2080        Manitowoc, WI 54221−2080 |
| 544526225 | Armstrong Cable        437 North Main St        Butler, PA 16001 |
| 544518993 | Armstrong Cable        P.O. Box 300        Lancaster, PA 17604−3001 |
| 544526216 | Armstrong Cable        PO Box 37749        Philadelphia, PA 19101−5049 |
| 544518994 | Associated Credit Services, INC        P.O. Box 1201        Tewksbury, MA 01876 |
| 544518995 | Association Services, An Associa Company C/O Hilto        1040 William Hilton Pky #200        Hilton Head Island, SC 29928 |
| 544519000 | Bank of America        P.O. Box 982238        El Paso TX 79998 |
| 544519001 | Barclays Bank Delaware        Attention: Card Services LEGAL        P.O. Box 8833        Wilmington, DE 19899−8833 |
| 544519002 | Barry Mullis        239 Beach City Road Apt 2213        Hilton Head Island, SC 29926−4 713 |
| 544519003 | Beaufort County Sheriffs Department        Melissa Hansen        PO. Box 1758        Beaufort, SC 29901 |
| 544519004 | Beaufort County Treasurer        P.O. Drawer 487        Beaufort, SC 29901−0487 |
| 544519005 | Beaumont Medical Transport Services        950 West Maple St Suite C        Troy, MI 48084 |
| 544519194 | Best Law, PA        Tara E. Nauful        P.O. Box 2374        Mount Pleasant, SC 29465 |
| 544519006 | Braun Kendrick Finkbeiner PLC        Mitchell G. Piper        4301 Fashion Square Blvd        Saginaw, MI 48603 |
| 544519195 | Bromley Law Firm LLC        Evan K. Bromley        211 Goethe Rd Ste B        Bluffton, SC 29910−6014 |
| 544519012 | CBE Group Spectrum Mobile        Attn: Client Services        P.O. Box 2547 |

| 544533836 | CONSUMERS ENERGY COMPANY | Attn: Legal Dept | One Energy Plaza | Jackson, MI 49201 |

544533836 CONSUMERS ENERGY COMPANY    Attn: Legal Dept    One Energy Plaza    Jackson, MI 49201
544519134 Caine and Weiner    PO. Box 55848    Sherman Oaks, CA 91413
544519007 Capital One Auto Finance,    division of AIS Portfolio Services, LLC    4515 N Santa Fe Ave. Dept.    APS Oklahoma City, OK 73118
544519010 Capone–Kohls    P.O. Box 3115    Milwaukee, WI 53201–3115
544519011 Carter–Young, Inc.    120 2nd St 2nd    Fl Monroe, GA 30655
544519013 Chase Card Services    P.O. Box 6294    Carol Stream, IL 60197
544519167 Chase Ink Business Card Services    P.O. Box 15298    Wilmington, DE 198506548
544526237 Chipumoi, Nicolas    6409 Congress Ave, Ste 100    Boca Raton, FL 33487–2853
544519014 Citibank    PO Box 790034    St. Louis, MO 63179–0034
544519015 Citicorp Credit Services    Attn: IRU    PO. Box 790034    St. Louis, MO 63179
544519016 Citizens Bank    One Citizens Plaza    Providence, RI 02903
544519017 City of Detroit – Property Tax    P.O. Box 33193    Detroit, MI 48232–5193
544519196 City of Detroit Water and Sewerage Dept    735 Randolph St    Detroit, MI 48226–2830
544519018 Clare County 55th Judicial Circuit    225 West Main    Harrison, MI 43625
544519020 Comenity – Zales    PO Box 650971    Dallas, TX 75265–0971
544519019 Comenity Caesars Rewards    P .0. Box 650960    Dallas, TX 75263–0960
544519021 Comenity Portfolio Refresh    3095 Loyalty Circle    Columbus, OH 43219
544519197 Consumer Energy Company    Attn: Legal Dept    1 Energy Plaza Dr    Jackson, MI 49201–2357
544519022 Consumers Energy Company    Attn: Legal Dept    One Energy Plaza    Jackson, MI 49201
544519023 County Council Of Beaufort County Assessor    Real Property Services    P.O. Drawer 1229    Beaufort, SC 29901
544526208 County of Alleghney Treasurer    Room 108 Courthouse    436 Grant St    Pittsburgh, PA 15219
544519198 Coyne Oil    Attn: Rose    513 W 5th St    Clare, MI 48617–9405
544519024 Credit Management Company    PO Box 16346    Pittsburgh, PA 15242–0346
544519025 Credit One Bank    PO Box 98875    Las Vegas, NV 89193–8875
544519026 Crown Asset Mgmt    3100 Breckinridge Blvd Ste 725    Duluth, GA 30096–7605
544519027 Cuyahoga Community ColJege    700 Carnegie Ave.    Cleveland, OH 44115
544519036 DNF Associates    2351 N Forest Road Suite 110    Getzville, NY 14068
544519037 DTE    1 Energy Plaza    WCB 735 Attention Legal Dept    Detroit, MI 48226–1221
544526218 DTE Energy    ATTN Legal Department    PO Box 740786    Cincinnati, OH 45274–0786
544519200 DTE Energy    WCB 735 Attention Legal Department    1 Energy Plaza    Detroit, MI 48226–1221
544519029 Dave Yost OH Attorney General    Attn: Timothy Sullivan    18013 Cleveland Pkwy Suite 180    Cleveland, OH 44135
544519199 Detroit Water and Sewerage Dept    Po Box 554899    Detroit, MI 48255–4899
544519031 Dillon McCandless King Coulter, Graham, LLP    128 West Cunningham Street    Butler, PA 16001
544533102 DirectTV LLC    CT Corporation    1209 N Orange St    Wilmington, DE 19801–1120
544519033 Dish Network LLC    9601 S. Meridian Blvd    Englewood, CO 80112
544519034 Diverse Funding    3580 Harlem Rd Suite 6    Cheektowaga, NY 14215–2045
544519038 Duquesne Light    Payment Processing Center    P.O.BOX67    Pittsburgh, PA 15257–0001
544526209 East Pittsburgh Borough    813 Linden Ave    East Pittsburgh, PA 15112
544519039 Enterprise Rental Car    600 Corporate Park Drive    St. Louis, Missouri 63105
544519201 Estate At Westbury Owners Assoc, Inc    Board of Directors    85 Kensington Blvd    Bluffton, SC 29910–4884
544560304 Estate at Westbury Owners Association, Inc.    C/O Julie A. Franklin, Esq.    25 Thurmond Way, #2976    Bluffton, South Carolina 29910
544519041 Fifth Third Bank    MD No. ROPS05 Bankruptcy Dept    1850 East Paris SE    Grand Rapids, MI 49546–6253
544519042 First Energy – Penn Power    PO Box 16001    Reading, PA 19612–6001
544519043 Firstsource Advantage, LLC    205 Bryant Woods South    Amherst, N Y 14228
544519044 Forefront Dermatology    801 York Street    Manitowoc, WI 54220
544519045 Fortiva – Bob's Discount Furniture    P.O. Box 650721    Dallas, TX 75265–0271
544519047 Garry Masterson, Weitman, Weinberg, Reis Co    5990 West Creek Road suite 200    Independence, Ohio 44131
544519048 George B. Smythe    4000 S. Faber Place Dr Suite 300    Charleston, SC 29405
544519049 Georgia Traffic    PO Box 80447    Conyers, GA 30013
544519050 Go Store It    1249 Avondale Rd    Hendersonville, TN 37075
544519046 Go Store It    33 Parameter Road    Bluffton, SC 29910
544526233 Go–Store It Management LLC    6805 Carnegie Blvd, Ste 250    Charlotte, NC 28211–4276
544519051 Greensky    PO. Box2730    Alpharetta, GA 30023
544519052 Hargray Communications–Cable One Inc    856 William Hilton Parkway    Hilton Head Island, SC 29928–3423
544519186 Hilton Head Resort    Board of Directors    663 William Hilton Pkwy    Hilton Head, SC 29928–3506
544550512 Hilton Head Resort Four Seasons Centre Horizontal    663 William Hilton Parkway c/o Ron Zold    Hilton Head Island, SC 29928
544519053 Hilton Head Resort–Four Seasons Centre    HHR Council of Owners    Attn: Board of Directors    663 Wiliam Hilton Parkway    Hilton Head Island, SC 29928–3508
544519054 Home Depot    Centralized Bankruptcy    P.O. Box 790034    St. Louis, MO 63179–0034
544519055 Home Depot Loan    POBox2730    Alpharetta, GA 30023–2730
544519057 Honorable Nicola Henry–Taylor    Allegheny Court of Common Pleas    712 City–County Building    414 Grant St    Pittsburgh, PA 15219
544526235 Hughes Network Systems    11717 Exploration Lane    Germantown, MD 20876
544526220 Hughes Network Systems    PO Box 96874    Chicago, IL 60693–6874
544519058 Ian D. Maguire and Tiffany Buffkin    Maguire Law Firm    1600 North Oak Street Suite B    Myrtle Beach, SC 29577
544519063 JPMCB Card Services    PO Box 15369    Wilmington, DE 19850–5369

544519064   JPMORGAN Chase Bank Bankruptcy       Mail Intake Team       700 Kansas Lane Floor 01       Monroe, LA 71203–4774

544526236   JPMorgan Chase Bank, N.A.       Payments       PO Box 15368       Wilmington, DE 19850

544519099   JPMorgan Chase Bank, N.A.       sbmt Chase Bank USA, N.A.       CO National Bankruptcy Services, LLC       P.O. Box 9013 Addison, Texas 75001

544519066   JPMorgan Chase Bank, NA.       sbmt Chase Bank USA, NA.       CO Robertson, Anschutz, Schneid, Crane       6409 Congress A venue, Suite 100       Boca Raton, FL 33487

544519059   Janet Spinelli       100 Kensington Blvd Apt NO. 918       Bluffton, SC 29910–7481

544519060   Jannine M. Mutterer, Esq.       5 Cedar Street       Bluffton, SC 29910

544546660   Jefferson Capital Systems, LLC       PO Box 7999       SAINT CLOUD, MN 56302–9617

544519061   John Curtis       100 Kensington Blvd Apt NO. 1603       Bluffton, SC 29910–7490

544519187   Jones, Simpson, and Newton PA       Attn: Wm Weston J Newton       7 Plantation Park Drive Suite 3       Bluffton, SC 29910

544519062   Jordan Tax Service       102 Rahway Road       McMurray, PA 15317–3349

544519100   Judy Vanderveer       663 William Hilton Parkway Apt 3121       Hilton Head Island, SC 29928–3524

544519188   Julie A. Franklin, Esq       PO Box 2976       Bluffton, SC 29910–2976

544526221   Kohls       PO Box 3043       Milwaukee, WI 53201–3043

544519189   Komatsu Benefit Dept       Mark Harder       401 E Greenfield Ave       Milwaukee, WI 53204–2941

544519802   LVNV Funding, LLC       Resurgent Capital Services       PO Box 10587       Greenville, SC 29603–0587

544519190   Law Office of Scott M. Wild LLC       Scott M. Wild       37 New Orleans Road Suite F       Hilton Head Island, SC 29928

544526210   Lincoln Township       PO Box 239       Lake George, MI 48633

544519056   Master In Equity       102 Ribaut Road 2nd Floor       Beaufort, SC 29902

544526222   Medical University of South Carolina       1 Poston Rd Ste 220       Charleston, SC 29407

544545480   Melinda Oviatt       P.O. Box 5016       Rochester, MI 48326

544519101   Midland Credit Management       320 East Big Beaver Suite 300       Troy, MI 48083

544519102   Monevolnc       8910 University Cntr Lane Suite 400       San Diego, CA 92122

544519191   Morgan Lewis and Bockius LLP       Attn: Matt Hawes       One Oxford Centre, Thirty–Second FL       Pittsburg, PA 15219–6401

544519103   Morgan S. Templeton       145 King Street Suite 300       Charleston, SC 29402

544519104   Mr. Cooper       PO Box 619094       Dallas, TX 75261

544519192   Mutterer Law Firm, LLC       Jannine M. Mutterer, Esq       5 Red Cedar Street Suite 102       Bluffton, SC 29910

544519108   NES       2479 Edison Blvd Unit A       Twinsburg, OH 44087

544519112   NORTHSTAR LOCATION SERVICES       4285 GENESEE STREET       CHEEKTOWAGA, NY 14225–1943

544519105   National Credit Systems       Attn: Bankruptcy       PO Box 672288       Marietta, GA 30006–0039

544526245   National Recovery Agency       2491 Paxton St       Harrisburg, PA 17111

544519106   Nationstar Mortgage       PO Box 199111       Dallas, TX 75219–9111

544547091   Nationstar Mortgage LLC       Bankruptcy Department       PO Box 619096       Dallas TX 75261–9741

544519193   Nationstar Mortgage, LLC       Attn: Bankruptcy Department       PO Box 619096       Dallas, TX 75261–9741

544519174   Nationstar Mortgage, LLC       James Page       Bell Carrington Price & Gregg, LLC       339 Heyward St, Second Floor       Columbia, SC 29201–4390

544519107   Nationwide Credit Inc       1225 Washington St Ste 301       Tempe, AZ 85288

544519175   Norman Jewelry and Loan       24777 Telegraph Suite B       Southfield, MI 48034

544519109   Norman's       24777 Telegraph Rd       Southfield, MI 48033

544519117   Office Depot       P.O. Box 78004       Phoenix, AZ 85062

544519113   Office Depot Business Credit       Dept563–8406380360       P.O. Box 70612       Philadelphia, PA 1917 6–0612

544519114   Office of Sheriff Beaufort County       P.O. Box 1758       Beaufort, SC 29901

544519118   Ohio Turnpike EZ Pass       PO Box 94672       Cleveland, OH 44101

544519119   PA Dept of Revenue       Bureau of Individual Taxes       PO. BOX 280504       Harrisburg, PA 17128–0504

544519120   PA Turnpike Toll By Plate       PO. Box 645631       Pittsburgh, PA 15264–5254

544519128   PLYMOUTH ROCK ASSURANCE       695 ATLANTIC AVE       BOSTON, MA 02111

544519129   PNC Bank       1900 E 9th St       Cleveland, OH 44114

544526241   PNC Bank       PO Box 609       Pittsburgh, PA 15230–9738

544548340   PNC Bank NA       Bankruptcy Department       PO BOX 94982       Cleveland, OH 44101

544526242   PNC National Association       PO Box 5570       Cleveland, OH 44101–0570

544526246   PODS Enterprises, LLC       13535 Feather Sound Dr       Clearwater, FL 33762

544526223   Pacer Service Center       PO Box 780549       San Antonio, TX 78278

544519176   Palmetto Electric       Attn: Michelle Tyler       111 Matthews Drive       Hilton Head Island, SC 29926

544526244   Palmetto Electric Cooperative, Inc       PO Box 70878       Charlotte, NC 28272–0878

544544977   Penn Power       5001 NASA Blvd       Fairmont, WV 26554

544526232   Penn Power       PO Box 3687       Akron, OH 44309–3687

544519123   Peoples Gas       PO. Box 644760       Pittsburgh, PA 15264–4 760

544519124   Pioneer Foot Care       2021 Freepo Rd       Arnold, PA 15068

544519125   Pittsburgh Water and Sewer       1200 Penn Ave       Pittsburgh, PA 15222

544519130   Pods Legal Dept       280 Leetsdale Industrial Dr, Suite 200       Leetsdale, PA 15056

544519131   Pods Legal Dept       5585 Rio Vista Dr       Clearwater, FL 33760

544519177   Polly Nicola       2583 Lower Assembly Drive       Fort Mill, SC 29708

544519133   Portfolio Recovery       P.O. Box 8828       Wilmington, DE 19899–8828       Progressive Insurance

544519178   Progressive Insurance       30440 Lakeland Blvd       Wickliffe, OH 44092

544526247   Quantum3 Group LLC       PO Box 2489       Kirkland, WA 98083–2489

544519135   Quantum3 Group LLC agent for       Crown Asset Management LLC       PO Box 788       Kirkland, WA 98083–0788

544533833  Quantum3 Group LLC as agent for        Crown Asset Management LLC        PO Box 788        Kirkland, WA 98083–0788

544533548  Quantum3 Group LLC as agent for        MOMA Trust LLC        PO Box 788        Kirkland, WA 98083–0788

544519136  Radius Global Solutions        7831 Glenroy Road Suite 250        Minneapolis, MN 55439

544519137  Resurgent Receivables, LLC        Resurgent Capital Services        PO Box 10587        Greenville, SC 29603–0587

544519138  Ronald Zold        1 Long Cnnc Ct        Bluffton, SC 29909–7113

544519139  S.C. Dept of Revenue and Taxation        P.O. Box 125        Columbia, SC 29214

544519140  SC Department of Revenue        Office of General Counsel        300A Outlet Pointe Blvd        Columbia, SC 29210

544519141  Scott M. Wild        37 New Orleans Road Suite F        Hilton Head Island, SC 29928

544519142  Semina DeLaurentis        66 Quail Run        Torrington, CT 06790–2549

544519143  Shannon Cummings        302 N. Lake St        Harrison,MI 48625

544533101  Smith Debnam Narron Drake Saintsing        and Myers, LLP        ATTN: Lucas S. Fautua        171 Church St, Ste 120C        Charleston, SC 29401–3136

544519144  South Carolina Dept of Motor Vehicles        PO Box 1498        Blythewood, SC 29016–0028

544541040  Spa on Port Royal Sound Horizontal Property Regime        c/o Lucas S. Fautua, Esquire        Smith Debnam        171 Church Street, Suite 120C        Charleston, SC 29401

544519145  Spectrum Mobile        Credit Control, LLC        3300 Rider Trail S, Suite 500        Earth City, MO 63045

544526249  St. Barnabas        5850 Meridian Rd        Gibsonia, PA 15044

544519146  Synchrony Bank        PO Box 669809        Dallas, TX 75266–0170

544519147  Synergetic Communication        PO. Box 680608        Franklin, TN 3 7068

544526252  T–Mobile        Care of American Infosource, LP        4515 N Santa Fe Ave        Oklahoma City, OK 73118–7901

544519149  T–Mobile        PO Box 742596        Cincinnati, OH 45274–259

544526251  T–Mobile Customer Relations        PO Box 37380        Albuquerque, NM 87176–7380

544519153  TBOM–ATLS–Fortiva        6 Concourse Parkway        2nd Floor–mailroom        Atlanta, GA 30328–6117

544526242  TD Bank        PO Box 840        Columbus, GA 31908

544519154  TD Bank        PO Box 84037        Columbus, GA 31908–4037

544519155  TD Bank North NA        70 Gray Road        Falmouth, ME 041052299

544519156  TD Bank USA–Target Credit        POBox673        Minneapolis, MN 55440–0673

544519148  TMobile        CO American Infosource LP        4515 N Santa Fe Ave        Oklahoma City, OK 73118–7901

544519150  Tamara Slank        14686 Oakwood Drive        Shelby Township, MI 48315–1530

544526248  Target Card Services        PO Box 660170        Dallas, TX 75266–0170

544519151  Tate and Kirlin Assoc        4800 East Street Rd Suite 170        Trevose, PA 19053

544519179  Taybron Law Firm LLC        3399 Churchview Ave        Pittsburgh, PA 15227–4358

544519157  The Hertz Corporation        8501 Williams Road        Estero, FL 33928–3325

544519158  The Huntington National Bank        5555 Cleveland Avenue GW4W25        Columbus, OH 43231

544519159  The Huntington National Bank        PO Box 89424 OPC856        Cleveland, OH 44101–8539

544519182  The Spa on Port Royal Sound        Board of Directors        239 Beach City Road        Hilton Head, SC 29926–4707

544519160  Ticket Division        PA Turnpike EZ Pass        3 00 East Park Dr        Harrisburg, PA 17111

544519183  Title Max Corporation        155 Bill St        Savannah, GA 31401–2685

544519161  Traffic Magistrate        4819 Bluffton Parkway        Bluffton, SC 29910–4622

544521096  U.S. Department of Education c/o Nelnet        121 South 13th Street        LINCOLN, NE 68508

544519162  UPMC        Credit Management Company        P.O. Box 16348

544519126  UPMC        P.O. Box 371472        Pittsburgh, PA 15242

544526243  US Courts, PACER        PO Box 5208        Portland, OR 97208

544519163  US Department of Education        CO Nelnet        121 South 13th Street        Lincoln, NE 68508

544526253  US Department of Education        PO Box 2837        Portland, OR 97208

544526255  University of Michigan Deaborn        4901 Evergreen Rd        Dearborn, MI 48128

544526231  Valor Intelligent Processing, LLC        12005 Ford Rd 700        Dallas, TX 75234

544526256  Verizon        1095 Avenue of the Americans        New York, NY 10036

544519165  Verizon Wireless Bankruptcy Admin        500 Technology Drive, Suite 550        Weldon Spring, MO 63304

544519166  Viking Client Services        Hertz Damage Recovery Team        7500 Office Ridge Circle, Suite 100        Eden Prairie, MO 55344–3763

544523152  WEST–AIRCOMM FEDERAL CREDIT UNION        c/o Weltman, Weinberg & Reis Co., LPA        5990 West Creek Rd, Suite 200        INDEPENDENCE, OH 44131

544526211  Wayne Co Treasurer        400 Monroe 5th Floor        Detroit, MI 48226

544545481  Wayne County Treasurer        400 Monroe Street, Fifth Floor        Detroit, MI 48226

544519168  Wells Fargo Bank        PO. Box 5058        Portland, OR 97208–5058

544519169  West Virgina Trafc Division        300 Spruce St        Morgantown, WV 26505

544519170  West Virginia EZ Pass        PO Box 1469        Charleston, WV 25325

544519203  West–Aircomm FCU        CO Weitman, Weinberg And. Reis Co LPA        5990 West Creek Road Suite 200        Independence, OH 44131

544519204  Westlake Financial        2 Equity Way Ste 200        Westlake, OH 44145–1045

544551316  Westlake Services, LLC dba Westlake Financial Serv        4751 Wilshire Blvd, Suite 100        Los Angeles, CA 90010

544519171  Woodlands at St Barnabas        Attn: Tom Breth        128 West Cunningham Street        Butler, PA 16001

544519205  Wright's Custom Body Shop LLC        1216 Leeson Ave        Cadillac, MI 49601–9097

544519172  Youngstown State University        1 Tressel Way        Youngstown, OH 44555

544519173  Zeidmans        2669 Gratiot Ave        Detroit, MI 48207

544519206  Zeidmans Jewelry        Thomas LaBret and–or Current President        24810 Evergreen Road        Southfield, MI 48075

TOTAL: 230

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF SOUTH CAROLINA

IN RE:

Jacqueline Elizabeth Ard and Terry
Frank Nicola,

                            Debtor(s).

C/A No. 25-01384-JD

Chapter 13

**ORDER DENYING
CONFIRMATION AND
CONVERTING CASE TO
CHAPTER 7**

THIS MATTER is before the Court on the Continued Confirmation Hearing,[1] the Order Denying Motion to Impose the Automatic Stay and Providing Notice of Conversion or Dismissal to Bar Further Refiling,[2] and the Motion to Convert filed by Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Port Royal Sound HPR" or "Movant").[3] Objections to confirmation were filed by Port Royal Sound HPR,[4] the Chapter 13 Trustee,[5] Zeidman's Jewelry & Loan of Michigan ("Zeidman's"),[6] TMX Finance dba Titlemax of South Carolina, Inc. ("Titlemax"),[7] and Hilton Head Resort Four Seasons Centre Horizontal Property Regime Counsel of Co-Owners, Inc. ("Hilton Head Resort HPR").[8] A hearing was held on August 20,

---

[1] ECF No. 90.
[2] ECF No. 58. Debtors have appealed the denial of the imposition of the stay. ECF No. 55. This Order considers the unresolved question of whether this case should be converted or dismissed, as raised in the Order Denying the Motion to Impose the Stay.
[3] ECF No. 70.
[4] ECF No. 67.
[5] ECF No. 72.
[6] ECF No. 75.
[7] ECF No. 76.
[8] ECF No. 79.

1

2025.  Jacqueline Elizabeth Ard ("Ard") and Terry Frank Nicola ("Nicola")

(collectively "Debtors") appeared, along with counsel for the Chapter 13 Trustee,

counsel for Port Royal Sound HPR, counsel for Zeidman's, counsel for Titlemax, and

counsel for the Estate at Westbury Owners Association, Inc. ("Westbury HOA").

 The Court heard testimony from the Debtors and arguments from counsel,

and, at the conclusion of the hearing, took the matters under advisement.

## <u>FINDINGS OF FACT</u>

 Debtors have filed two previous bankruptcy cases under Chapter 13 within

the past 12 months—one in this District, and one in the Eastern District of

Michigan. Case No. 24-03611-JD was filed in this District on October 4, 2024, and

dismissed pursuant to 11 U.S.C. § 521(i) on November 21, 2024, for Debtors' failure

to file documents required under 11 U.S.C. § 521(a).[9] Case No. 25-40952-MLO was

filed in the Eastern District of Michigan on January 31, 2025, and was also

dismissed for Debtors' failure to file required documents on March 3, 2025.[10] In both

of these cases, Debtors filed successive motions to extend the deadline to file the

schedules, statements, and disclosures required by 11 U.S.C. § 521(a). The first two

motions to extend were granted in Case No. 24-03611-JD,[11] and granted and denied

---

[9] Specifically, Debtors failed to file a Chapter 13 plan, a Declaration about an Individual Debtor(s)
Schedules, Schedules D-J, a Statement of Financial Affairs, Copies of Payment Advices, Chapter 13
Statement of Income/Calculation, and a Statement of Increased Income/Expenses. Case No. 24-03611-
JD, ECF No. 46.
[10] Debtors failed to file a Chapter 13 Plan, the Chapter 13 Statement of Debtors' Current Monthly
Income and Calculation of Commitment Period Form 122C-1, the Declaration About an Individual
Debtor(s)' Schedules, Schedules A-J, a Statement of Financial Affairs for Individuals Filing for
Bankruptcy, and a Summary of Debtors' Assets and Liabilities and Certain Statistical Information.
Case No. 25-40952-MLO, ECF No. 64.
[11] Case No. 24-03611-JD, ECF Nos. 23, 36.

in part in Case No. 25-40952-MLO.[12] The third motion to extend was denied in each case.[13]

Debtors then filed this case on April 10, 2025. The continued confirmation hearing and the Motion to Convert concern the modified plan filed by Debtors on May 8, 2025 ("Plan").[14]

Because this case is Debtors' third case within a one-year period, there is no automatic stay. Debtors moved to impose the stay but failed to appear at the hearing on their motion before a decision was rendered.[15] The motion to impose the stay was denied.[16] The Order Denying the Motion to Impose the Stay stated the Plan, as it was filed, could not be confirmed under the Bankruptcy Code, explained why the Plan was unconfirmable, and stated the Court's intent to consider conversion of the instant case to chapter 7. At the hearing on the motion to impose the stay, the Court raised the issue of whether this case should be converted to one under chapter 7. Port Royal Sound HPR subsequently moved to convert this case to chapter 7.[17]

Debtors' schedules and statements sought exemptions of Debtors' equity in

---

[12] Case No. 25-40952-MLO, ECF Nos. 40, 58.

[13] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.

[14] ECF No. 47.

[15] A notice of the hearing on Debtors' motion to impose the automatic stay was entered on the docket on April 21, 2025. ECF No. 18. The hearing was scheduled for 11:00AM on May 22, 2025. Debtors were not present when the matter was called. With the consent of the objecting parties, the matter was continued to 11:30AM and Debtors were not present. An oral decision was rendered denying the motion to impose the automatic stay. Debtors arrived at Court after the record was closed and all hearings adjourned. The Court went back on the record to restate the prior decision denying the requested relief.

[16] ECF No. 57. All findings made in the order denying Debtors' motion to impose the automatic stay are hereby incorporated by reference into this Order.

[17] ECF No. 70. Port Royal Sound HPR's Motion to Convert was rescheduled to coincide with the continued confirmation hearing.

in part in Case No. 25-40952-MLO.[12] The third motion to extend was denied in each case.[13]

Debtors then filed this case on April 10, 2025. The continued confirmation hearing and the Motion to Convert concern the modified plan filed by Debtors on May 8, 2025 ("Plan").[14]

Because this case is Debtors' third case within a one-year period, there is no automatic stay. Debtors moved to impose the stay but failed to appear at the hearing on their motion before a decision was rendered.[15] The motion to impose the stay was denied.[16] The Order Denying the Motion to Impose the Stay stated the Plan, as it was filed, could not be confirmed under the Bankruptcy Code, explained why the Plan was unconfirmable, and stated the Court's intent to consider conversion of the instant case to chapter 7. At the hearing on the motion to impose the stay, the Court raised the issue of whether this case should be converted to one under chapter 7. Port Royal Sound HPR subsequently moved to convert this case to chapter 7.[17]

Debtors' schedules and statements sought exemptions of Debtors' equity in

---

[12] Case No. 25-40952-MLO, ECF Nos. 40, 58.

[13] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.

[14] ECF No. 47.

[15] A notice of the hearing on Debtors' motion to impose the automatic stay was entered on the docket on April 21, 2025. ECF No. 18. The hearing was scheduled for 11:00AM on May 22, 2025. Debtors were not present when the matter was called. With the consent of the objecting parties, the matter was continued to 11:30AM and Debtors were not present. An oral decision was rendered denying the motion to impose the automatic stay. Debtors arrived at Court after the record was closed and all hearings adjourned. The Court went back on the record to restate the prior decision denying the requested relief.

[16] ECF No. 57. All findings made in the order denying Debtors' motion to impose the automatic stay are hereby incorporated by reference into this Order.

[17] ECF No. 70. Port Royal Sound HPR's Motion to Convert was rescheduled to coincide with the continued confirmation hearing.

real and personal property. The chapter 13 Trustee filed objections to Debtors'

exemptions;[18] the Trustee's objections were granted.[19] Similarly, the Plan elicited

objections from their creditors and the chapter 13 trustee including, but not limited

to:

- Noncompliance with 11 U.S.C. § 1325(a)(3) in that the Plan was not proposed in good faith;[20]
- Noncompliance with 11 U.S.C. § 1325(a)(5) in that a creditor holds an allowed secured claim, does not accept the plan, and the plan does not propose to pay the creditor the value of its allowed secured claim;[21]
- Noncompliance with 11 U.S.C. § 1325(a)(5)(B)(iii)(I) in that the Plan proposes to pay secured claims "pro rata" which does not meet the requirements of the code section;[22]
- Noncompliance with 11 U.S.C. § 1325(a)(6) in that the Debtors failed to prove feasibility;[23]
- Noncompliance with 11 U.S.C. § 1322(a)(2) in that the Plan does not provide for payment in full of claims entitled to priority;[24]
- Noncompliance with 11 U.S.C. § 1322(b)(1) in that the Plan provides separate treatment of certain general unsecured claims without showing that the separate treatment does not unfairly discriminate as to the other general unsecured creditors;[25]
- Noncompliance with 11 U.S.C. § 1308(a) in that Debtors failed to provide tax returns to the Trustee;[26] and
- Noncompliance with SC LBR 3015-6, in that the Plan fails to provide the *Till* interest rate of 9%.[27]

Debtors did not file a substantive response to the objections to exemptions, the

Motion to Convert, or any of the objections to confirmation, and did not modify the

---

[18] ECF No. 74.
[19] ECF No. 104.
[20] ECF No. 67, filed by Port Royal Sound HPR.
[21] ECF No. 67, filed by Port Royal Sound HPR. Failure to comply with 11 U.S.C. § 1325(a)(5) was also raised by Titlemax at ECF No. 75, and Hilton Head Resort HPR at ECF No. 79.
[22] *Id.*
[23] ECF No. 72, filed by the Chapter 13 Trustee.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

Plan.

A hearing on confirmation of the Plan and the issue of conversion was held on August 20, 2025.[28] Debtors were present for the hearing. Debtor Ard verbally requested that the undersigned recuse himself from this case. This request was denied from the bench but is more fully addressed in this Order. Debtors' sworn testimony was their only evidence in support of confirmation.

Debtors' testimony concerning their scheduled property was not consistent with the schedules or the Plan. In the schedules, Debtors disclose a fractional interest in nine parcels of real property.[29] Debtor Ard's testimony at the hearing, however, indicated that, except for one parcel,[30] she owned all scheduled property either individually or jointly with Debtor Nicola. Debtor Ard also confirmed that the actual value of most of their scheduled property was higher than the values recorded in the schedules. For example, Debtors' schedules indicate that Debtors own a partial interest 5140 Oak Run, Farwell, MI 48622. The schedules value the property at $94,100.00 but state Debtors' interest as only $47,050.00. However, Debtor Ard testified that this property is titled jointly in her name and Nicola's

---

[28] The confirmation hearing in this case was originally scheduled for June 25, 2025. ECF No. 12. On June 18, 2025, Debtors filed a motion titled "Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions pursuant to ADA Title II (42 U.S.C. § 12132)." ECF No. 88. In its order addressing Debtors' requested accommodations, the Court continued the confirmation and conversion hearing dates to August 20, 2025, which provided Debtors with additional time to modify their Plan in a way that comported with the Bankruptcy Code. ECF No. 90. The Court also provided Debtors with notice that they could, on a hearing-by-hearing basis, request to appear remotely.
[29] Four of the parcels are located in South Carolina. Of these, three are in foreclosure. The rest of Debtors' property portfolio is located in Michigan and Pennsylvania.
[30] Debtor Ard stated on the record that she and her aunt own 15826 Appoline St., Detroit, MI 48227. All other properties are either titled in the name of Debtor Ard, Debtor Nicola, or both.

name, and that the property is worth approximately $150,000.

Similarly, Debtors' testimony concerning their income conflicted with the income reported in their schedules. Schedule I shows $13,429.01 per month in income for Debtor Ard on line 8a, where "net income from rental property and from operating a business, profession or farm" is disclosed. Debtor Nicola discloses $3,482.00 per month in social security income and $3,053.00 per month in pension or retirement income. The total family income is shown as $19,964.01 per month. Debtor Ard testified that their short-term rentals yield anywhere from $8,000 to $14,000 per month. However, further questioning revealed that many of the income-producing properties are tied up in litigation and at risk of loss. At least one property needs substantial repair. Debtor Ard also testified that one of their properties in Michigan property is a long-term rental, seemingly included at line 8a on Schedule I, but the lease is neither disclosed as an executory contract in Schedule G nor properly assumed in the Plan.[31]

The hearing highlighted additional barriers to confirmation. Debtor Ard conceded that she has not filed tax returns for the last four years and Debtor Nicola also admitted that he has not filed a tax return since 2021. The Trustee noted that the proposed Plan payments would have been sufficient in Case No. 24-03611-JD, where creditors filed claims totaling $420,667.54, but are insufficient in this case,

---

[31] Debtor Ard testified Debtors hold assets of the estate in a storage unit. If a contract for this storage unit exists, it is neither disclosed as an executory contract in Schedule G nor assumed in the Plan.

which has received claims totaling $633,113.12 to date.[32] The Trustee also noted

Debtors were $8,540.32 past due on Plan payments on the day of confirmation.

Debtor Ard conceded that the Debtors were behind on payments to the Trustee

because Debtors believed that they had until the end of August to become current.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court

may enter a final order.

### A. Recusal is Denied

Debtors orally moved for recusal. In support of this relief, Debtors appear to

primarily rely on several adverse rulings as evidence of personal bias or lack of

impartiality. Those decisions were rendered out of fidelity to the requirements of

the Bankruptcy Code, nothing more. 28 U.S.C. § 455, made applicable by Fed. R.

Bankr. P. 5004, governs recusal. The Fourth Circuit has held that "bias must derive

from an extra-judicial source" and "result in an opinion on the merits on a basis

other than that learned by the judge from his participation in this matter." *In re*

*Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *United States v. Grinnell Corp.*, 384

U.S. 563, 583 (1966) and *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)).

Considering Debtors' arguments and the controlling law, the motion to recuse is

denied. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

---

[32] The date for government entities to file claims will not pass until October 7, 2025. While the first
case was dismissed prior to the claims' bar date, many common creditors have filed claims that have
increased in amount.

### B. Confirmation is Denied

"Except as provided in subsection (b), the court shall confirm a plan if the plan complies with the provisions of this chapter and with other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). This Plan fails to fulfill multiple provisions of § 1325. Denial of confirmation would be appropriate based on any one of the deficiencies outlined below; considered together, these deficiencies mandate denial of confirmation.

### I.    Tax Returns

First, Debtors have not filed applicable tax returns as required for confirmation.[33] "[T]he court shall confirm a plan if the Debtor has filed all applicable federal, state, and local tax returns as required by Section 1308." 11 U.S.C. § 1325(a)(9). "Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under Section 341(a), if the debtor was required to file a tax return under applicable non-bankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a). The 341 Meeting was scheduled for May 19, 2025. Debtors have not yet filed applicable tax returns and therefore fail to meet the requirements of § 1308(a). The Plan is therefore not confirmable under § 1325(a)(9).[34]

---

[33] *See* ECF No. 72.

[34] Debtors' failure to file tax returns also implicates whether this Plan has met other standards for confirmation. Debtors' current tax liability for the last four years is not known. Therefore, the Court cannot determine if taxing authorities have been appropriately treated under the Plan and whether the Plan is feasible.

## II.   Ability to Make Plan Payments

Second, Debtors have not demonstrated that they will be able to make all payments required by the Plan. The Trustee noted that the proposed payment in the Plan will not be sufficient to repay their creditors. Debtors' testimony regarding their income indicated that the proposed Plan payments will exceed their disposable income for most of the case. This income would be further diminished by Debtors' failure to assume the long-term lease in the Plan and the unstayed, ongoing foreclosure proceedings. "[T]he court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of filing of the plan or the order for relief, whichever is earlier, in the amount proposed by the plan to the trustee." 11 U.S.C. § 1326(a)(1)(A). The record shows Debtors are not currently able to make all payments under the Plan and indicates they will not become able to do so. The Plan is therefore not confirmable under § 1325(a)(6).

Moreover, Debtors are not current with payments due under the Plan. "[T]he court shall confirm a plan if any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation has been paid." 11 U.S.C. § 1325(a)(2). Debtors' arrearage to the Trustee renders the plan unconfirmable under § 1325(a)(2).

## III.  Treatment of Secured Creditors

Third, the Plan fails to pay multiple secured claims as required by 11 U.S.C. § 1325(a)(5). 11 U.S.C. § 1325(a)(5) sets forth the possible treatments for a secured

debt: (a) the creditor may consent to its treatment under the plan;[35] (b) the debtor may surrender the collateral;[36] or (c) the debtor may "cram down" the debt, whereby the creditor receives a distribution of property over the life of the plan with a present value of not less than the allowed amount of its secured claim.[37] *In re Gardner*, No. CV 22-02007-EG, 2022 WL 16952440, at *6 (Bankr. D.S.C. Nov. 15, 2022). Where a debtor "crams down" the secured debt and elects to distribute property to the creditor in periodic payments, those payments must be in equal monthly amounts. 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

"A creditor is deemed to receive 'present value' of its claim if the total amount of the deferred payments includes the amount of the underlying claim plus an appropriate amount of interest to compensate the creditor for the delayed payments." *Gardner*, 2022 WL 16952440 at *6; *see also Rake v. Wade*, 508 U.S. 464, 468 (1993). "After confirmation, the interest paid [on a claim] is designed to preserve the present value of the [creditor's claim] and must be provided pursuant to § 1325(a)(5)(B) and calculated as instructed by the Supreme Court in *Till v. SCS Credit Corporation*, 541 U.S. 465 (2004)." *Id*. The appropriate method for determining the adequate rate of interest to be paid on a crammed down secured claims under § 1325(a)(5)(B) is a "prime-plus" formula, calculated using the current national prime rate of interest plus a risk adjustment. *Till*, 541 U.S. at 466. "The 'prime-plus' formula is usually assumed to be the prime rate plus a risk adjustment

---

[35] 11 U.S.C. § 1325(a)(5)(A).
[36] 11 U.S.C. § 1325(a)(5)(C).
[37] 11 U.S.C. § 1325(a)(5)(B)(ii).

percentage of 1-3%." *Id.*

"In order to expedite the determination of an effective interest rate to be used by debtors in meeting the requirement of 11 U.S.C. § 1325, a presumed effective interest rate (Periodic Interest Rate) will be set by the Court with the assistance of a committee of trustees and members of the consumer bar. If applied to a secured claim in a chapter 13 plan, there will be a rebuttable presumption that the Periodic Interest Rate, for plan confirmation purposes, is reasonable." SC LBR 3015-6(a). Pursuant to Operating Order 23-02,[38] an "interest rate (Periodic Interest Rate) of nine percent (9.00%) per annum applied to a secured claim in a chapter 13 case will be presumed–for plan confirmation purposes–to be reasonable, effective for cases filed on or after June 1, 2023." As of September 5, 2025, the Federal Reserve's published prime rate of interest for bank loans is 7.50%. *Selected Interest Rates (Daily) – H.15*, THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE, https://www.federalreserve.gov/releases/h15/ (last visited September 8, 2025). The 9.00% Periodic Interest Rate set by Operating Order 23-02 accounts for the prime interest rate of 7.50% and a risk adjustment percentage of 1.50% and is therefore reasonable under *Till*.

The Plan does not ensure that secured creditors will receive 'present value' of their claims. Several creditors objected to their treatment in the Plan. Debtors have not modified their Plan to address the objections, nor argued that the current treatment complies with the Code. Many secured creditors are not even treated in

---

[38] A partial list of this Court's administrative and operating orders, including Operating Order 23-02, may be found at https://www.scb.uscourts.gov/op-adm-orders.

the Plan and one secured creditor is crammed down in violation of the hanging

paragraph in 11 U.S.C. § 1325(a). Where the Plan does provide for the treatment of

secured creditors, the proposed interest rates inexplicably range from 0.00% to no

more than 7.00%. These rates do not correspond with the allowed rates of interest

in the secured contracts nor the *Till* interest rate. Additionally, the Plan states the

amount each secured creditor will be paid per month is simply "pro-rata." The Plan

proposes that the Debtors' monthly payment amount range from $4,540.32 to

$10,540.32, which renders the monthly pro-rata distributions to each listed creditor

unequal. *See* 11 U.S.C. § 1325(a)(5)(B)(iii)(I). These errors are fatal to confirmation

under § 1325(a)(5).

## IV.  Treatment of Unsecured Claims

Fourth, the Plan, without explanation, discriminates between unsecured

claims. "Subject to subsections (a) and (c), the plan may designate a class or classes

of unsecured claims, as provided in section 1122 of this title, but may not

discriminate unfairly against any class so designated; however, such plan may treat

claims for a consumer debt of the debtor if an individual is liable on such consumer

debt with the debtor differently than other unsecured claims." 11 U.S.C.

§ 1322(b)(1). In Part 5.3 of the Plan, Debtors designated over 40 claims as "other

separately classified nonpriority unsecured claims." Debtors declined to provide any

details as to how the claims listed in Part 5.3 will be paid, by whom they will be

paid, and why they should be treated differently from the nonpriority unsecured

claims against them that are not separately classified. The Court has been provided

12

with no context for the classification of these claims and cannot determine if

Debtors' division of nonpriority unsecured claims constitutes unfair discrimination

against either class. The Plan is therefore not confirmable under §§ 1322(b)(1) and

1325(a)(1).

### C. Conversion to Chapter 7 is Appropriate

11 U.S.C. § 1307(c) establishes:

> …on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, for cause…

A non-exhaustive list of grounds justifying conversion or dismissal is

provided at §§ 1307(c)(1) – (11), including "unreasonable delay by the debtor that is

prejudicial to the creditors" and "denial of confirmation of a plan under section 1325

of this title and denial of a request made for additional time for filing another plan

or a modification of a plan." 11 U.S.C. §§ 1307(c)(1), (5). "A debtor's bad faith in

filing the petition also constitutes 'cause' to dismiss or convert under § 1307." *In re*

*Niemiec*, 662 B.R. 239, 248 (Bankr. D.S.C. 2024) (internal citations omitted). "A

Bankruptcy Court has considerable discretion in determining whether 'cause'

exists." *In re Blackmon*, 628 B.R. 804, 809 (Bankr. D.S.C. 2021) (quoting *In re*

*Demeza*, 567 B.R. 473, 477 (Bankr. M.D. Pa. 2017)).

"The analysis under § 1307(c) involves two steps: First, it must be determined

that there is 'cause' to act. Second, once a determination of 'cause' has been made, a

choice must be made between conversion and dismissal based on the 'best interests

of the creditors and the estate.'" *In re Richardson*, 649 B.R. 708, 713 (Bankr. D.S.C.

2023) (internal citations omitted). The moving party bears the burden of proof.

*Blackmon*, 628 B.R. at 808 (citing *In re Gravlin*, No. 17-41714, 2020 WL 3635579, at

*2 (Bankr. D. Mass. Mar. 6, 2020)).

## I.    There is Cause for Dismissal or Conversion Under 11 U.S.C. § 1307(c)

Debtors filed their case on April 10, 2025. On April 12, 2025, Debtors were

provided notice[39] that their case would be dismissed or converted at the

confirmation hearing if they failed to meet the requirements of the Code, local rules,

and Chambers Guidelines. In the order dated May 23, 2025, the Court noted the

Plan was "patently unconfirmable as it violate[d] multiple provisions of the

Bankruptcy Code," and that Debtors "must amend their Plan to comply with the

Bankruptcy Code no later than 28 days before the scheduled confirmation hearing

on June 25, 2025."[40] As the original confirmation hearing approached, Debtors filed

motions requesting sanctions against creditors for violations of the stay–

notwithstanding the fact that no stay was imposed in this case—but did not file a

modified plan.[41] The Court postponed the confirmation hearing to August 20, 2025,

providing Debtors with yet more time to file a confirmable plan.[42] Debtors have

made no attempt to modify the Plan so it could be confirmed.

"A debtor's failure to propose a confirmable plan after being given several

chances may constitute 'cause' under § 1307(c)." *In re Niemiec*, 662 B.R. 239, 248

---

[39] ECF No. 12.
[40] ECF No. 58. Debtors were provided notice of the Confirmation Hearing on April 10, 2025. *See* ECF No. 4.
[41] *See* ECF No. 88, "Notice of Medical Emergency and Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions."
[42] ECF No. 90.

(Bankr. D.S.C. 2024). Debtors' failure to propagate a confirmable Plan has created

an unreasonable delay that is prejudicial to their creditors. 11 U.S.C. § 1307(c)(1).

In chapter 13, creditors cannot receive a distribution from the plan until it is

confirmed. Since this case was filed, the estate has been diminished. A comparison

of allowed claims in this case with the allowed claims in Debtors' 2024 case reveals

that only one claim filed in the 2024 case has decreased in amount. Debtors'

contested foreclosure proceedings will presumably devour the equity of the estate

that may be available to creditors. That equity is best preserved by a chapter 7

trustee's orderly liquidation and distribution on allowed claims.

Debtors' unreasonable, prejudicial delay in filing a confirmable Plan is

compounded by Debtors' pattern of filing unfounded pleadings. 11 U.S.C. §

1307(c)(1). Instead of focusing their efforts on filing a confirmable plan, Debtors

have sought repeated delays, unreasonable accommodations, improper injunctive

relief and sanctions against creditors, and the removal of the chapter 13 trustee for

not making distributions to creditors, which he is flatly prohibited from doing

pursuant to 11 U.S.C. § 1326(a)(2).[43] Rather than endeavoring to comply with the

Bankruptcy Code and the Orders of this Court, Debtors continue to engage in a

pattern of obfuscation and delay identified in prior orders of this Court.

Debtors' lack of candor in their schedules likewise raises an inference of bad

faith. "Central to an evaluation of [a debtors'] proposed plans is an understanding of

the [debtors'] assets and the equity in those assets." *In re Brown*, No. 24-16596-

---

[43] ECF Nos. 88, 101, 127.

NVA, 2025 WL 2124399, at *8 (Bankr. D. Md. July 29, 2025). "Bankruptcy law requires debtors to be honest and to take seriously the obligation to disclose all matters. The bankruptcy schedules and statements of affairs are carefully designed to elicit certain information necessary to the proper administration and adjudication of the case." *In re Van Gompel*, 632 B.R. 730, 735 (Bankr. D.S.C. 2021) (internal citation omitted). "Bad faith constituting 'cause' under § 1307(c), also includes filing inaccurate or misleading schedules." *Niemiec*, 662 B.R. at 248 (citing *In re Loper*, C/A No. 08-03646-JW, slip op. at 4-5, 2009 WL 9084933 (Bankr. D.S.C. Feb.18, 2009)). Debtor Ard's testimony confirmed that the valuations provided on Schedule A/B were not accurate and the estate's interest in the real property was not fully and accurately disclosed.[44] Debtors attempted to fully exempt the equity in their real and personal property by asserting exemptions that were improper. Further, Debtors' disposable income is not ascertainable from the record—the income disclosed in the schedules do not comport with the testimony provided at the hearing. Under these circumstances, the Court finds Debtors' failures to file a confirmable plan or accurate schedules are "cause" to dismiss or convert under §§ 1307(c)(1), (5).

## II.   Conversion is in the Best Interests of the Creditors and the Estate

Having found "cause" under § 1307(c), the Court must determine whether dismissal or conversion is in the best interests of creditors and the estate. One creditor has requested dismissal, but several others support conversion.

---

[44] ECF No. 23.

"[D]ismissal of the bankruptcy case is the appropriate remedy when *neither* of the 'twin pillars' of bankruptcy are present. . . . (1) a discharge for the honest but unfortunate debtor, and (2) when assets are available for the satisfaction of valid claims against the estate." *Van Gompel*, 632 B.R. at 735 (quoting *In re Zimmer*, 623 B.R. 151, 162 (Bankr. W.D. Pa. 2020)). "Upon conversion, a disinterested person would be appointed as a trustee who is responsible to, *inter alia*, 'collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;' 'be accountable for all property received;' 'investigate the financial affairs of the debtor;' and 'if advisable, oppose the discharge of the debtor'." *In re Boyle*, 668 B.R. 117, 122 (Bankr. D.S.C. 2025) (quoting 11 U.S.C. § 704(a)). The record reflects equity, albeit of uncertain value, in real and personal property sufficient to make a meaningful distribution to creditors. With no automatic stay in place, secured creditors should not be impeded in pursuit of their state law remedies, with any proceeds being paid to the estate.[45] The case is ripe for a chapter 7 trustee to assess the estate and administer its assets.

Debtors have impressed upon this Court the toll this case has taken on them. While conversion may not be Debtors' desired outcome, appointment of a Chapter 7 trustee may remove some of their burden. The Plan filed May 8, 2025, is not confirmable. Debtors filed no timely objection to conversion, and they presented no

---

[45] Nothing herein should be interpreted as a determination that the automatic stay would not be imposed after conversion if the chapter 7 trustee filed such a motion. In that case, the Court would duly consider the motion and any objections thereto.

persuasive evidence in support of either remaining in their Chapter 13 case or

dismissal. The Movant has met its burden of proof under § 1307(c). This case is

therefore converted to one under chapter 7, so that a chapter 7 trustee can review if

assets can be liquidated and administered for the benefit of the creditors.[46]

**NOW THEREFORE, IT IS ORDERED**

1. Recusal is denied;

2. Confirmation of the Plan is denied;

3. This case is converted to chapter 7; and

4. Upon conversion, the Clerk of Court shall transmit a copy of this Order to

   the United States Trustee and the chapter 7 Trustee.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/09/2025**



US Bankruptcy Judge
District of South Carolina

Entered: 09/09/2025

---

[46] Nothing herein prejudices the future chapter 7 trustee's right to challenge any claims.

18

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re:

Jacqueline Elizabeth Ard and
Terry Frank Nicola,
                    Debtors.

Case No: 25-01384

Chapter 13

MOTION TO RECUSE
JUDGE L. JEFFERSON DAVIS IV
FOR BIAS, PREJUDICE, AND
ABUSE OF DISCRETION

Filed By The Court
08/20/2025 10:55 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# MOTION TO RECUSE JUDGE L. JEFFERSON DAVIS IV FOR BIAS, PREJUDICE, AND ABUSE OF DISCRETION

NOW COME the Debtors, **Jacqueline Elizabeth Ard and Terry Frank Nicola** ("Debtors"), proceeding *pro se*, and respectfully move this Honorable Court pursuant to **28 U.S.C. §§ 144, 455, Federal Rule of Bankruptcy Procedure 5004, and the Due Process Clause of the Fifth Amendment,** for the recusal of Judge L. Jefferson Davis IV from presiding over the above-captioned matter.

## I. INTRODUCTION

Debtors make this motion in good faith and not for purposes of delay. Judge Davis has demonstrated **personal bias and prejudice** against the Debtors, a pattern of **abuse of discretion,** and repeated **failures to uphold statutory and constitutional protections**. His conduct has created an appearance of partiality that undermines the integrity of these proceedings and deprives Debtors of their right to a fair hearing.

## II. LEGAL STANDARD

1. **28 U.S.C. § 455(a)** provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
2. **28 U.S.C. § 455(b)(1)** requires disqualification where a judge "has a personal bias or prejudice concerning a party."

3. **28 U.S.C. § 144** mandates recusal upon a timely and sufficient affidavit showing that the judge harbors "a personal bias or prejudice either against [the movant] or in favor of any adverse party."

4. The Supreme Court has long recognized that due process is violated where bias or the appearance of bias is present. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

## III. FACTUAL BACKGROUND & GROUNDS FOR RECUSAL

Debtors incorporate by reference **Exhibit A (Timeline of Incidents, Improper Rulings, and Violations of Law)**, which documents specific misconduct, including:

1. **Improper dismissal of automatic stay protections** – Judge Davis dismissed Debtors' valid stay violation claims arising from the post-petition towing of their commercial vehicle, contrary to **11 U.S.C. § 362(a)** and established case law (*In re Johnson*, 501 F.3d 1163 (10th Cir. 2007)).

2. **Denial of motion to reopen without cause** – Despite filing part of documents, Judge Davis denied Debtors' motion to reopen (ECF 56, 59, 71), without holding a hearing and allowing the debtors the opportunity to prosecute in good faith. This constitutes **abuse of discretion** under *In re Staffer*, 306 F.3d 967 (9th Cir. 2002).

3. **Disregard of ADA rights** – Judge Davis denied Debtors' request for reasonable ADA accommodations (ECF 89, 90), stating there was "no sufficient cause for special treatment," in direct violation of the **Americans with Disabilities Act (42 U.S.C. § 12132)** and *Tennessee v. Lane*, 541 U.S. 509 (2004).

4. **Denial of due process** – Judge Davis denied Debtors' motion for continuance due to documented medical necessity, then sustained Trustee objections for "failure to appear." This constitutes a denial of fundamental **due process rights** under *Alexander v. Choate*, 469 U.S. 287 (1985).

5. **Prejudgment of Chapter 13 plan** – Judge Davis declared Debtors' plan "patently unconfirmable" and "filed in bad faith" without affording an evidentiary hearing, in violation of *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982). Debtors had, in fact, made plan payments exceeding $17,000, demonstrating good faith.

This consistent pattern shows not isolated error, but a **clear and continuing prejudice** against Debtors, warranting recusal.

## IV. LEGAL ARGUMENT

1. A reasonable person, apprised of the facts, would **question Judge Davis's impartiality**. This alone mandates recusal under **28 U.S.C. § 455(a)**.

2. Judge Davis's rulings reflect **personal bias** against the Debtors, as demonstrated by his repeated dismissal of meritorious claims as "meritless" or "designed to delay," language that evidences hostility rather than neutral adjudication.

3. By denying ADA accommodations and a medical continuance, Judge Davis violated **federal law and constitutional protections**, further evidencing prejudice.
4. The cumulative record supports disqualification. Courts have recognized that even the **appearance of partiality** undermines confidence in the judiciary. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

## V. PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully request that this Court:

1. Enter an Order recusing Judge L. Jefferson Davis IV from all further proceedings in this case;
2. Assign this matter to the Chief Judge for impartial adjudication;
3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: _August 20_____, 2025

_____

**Jacqueline Elizabeth Ard, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

_____

**Terry Frank Nicola, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

**EXHIBIT A**

**CHRONOLOGY OF JUDICIAL MISCONDUCT, CREDITOR FRAUD, & DEBTORS' GOOD FAITH**

**In re: Ard & Nicola | Case Nos.: 24-03611, 25-40952, 25-01384**

**Presiding: Judge L. Jefferson Davis IV**

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| 10/04/24 | **Case 24-03611 Filed.** Automatic Stay imposed. | N/A | **11 U.S.C. § 362** – Automatic Stay effective. |
| 10/08/24 | **Creditors commit willful stay violations:** Hilton Head Resort (lockout), Estate at Westbury (towed commercial vehicle), Spa on Port Royal (fraudulent charges). Debtors notify Trustee. | **Trustee/Judge Inaction:** No enforcement action taken. | **11 U.S.C. § 362(k)** – Remedy for willful violation. Court's duty to protect estate integrity. |
| 11/19/24 | **Good Faith:** File Partial Schedules (ECF 43) despite active creditor harassment destroying business operations. | N/A | Demonstrates effort to comply under duress. |
| 11/21/24 | **Good Faith:** File Third Motion to Extend Time (ECF 49) detailing creditor-induced hardship. | **ECF 46: Case Dismissed.** ECF 50: Motion Denied. Ruling ignores creditor misconduct as cause for delay. | **11 U.S.C. § 105(a)** (equity powers); **FRBP 9006(b)(1)** (excusable neglect). *Pioneer Inv. Servs. Co.*, 507 U.S. 380. |
| 12/19/24 | **Good Faith:** File Amended Motion to Reopen (ECF 59) & Sealed ADA Affidavit (ECF 62) documenting disabilities. | N/A | Formal, documented request for accommodation per **42 U.S.C. § 12132.** |
| 01/05/25 | **Good Faith:** File Response (ECF 73) outlining | **ECF 74 (1/10/25): Motion to Reopen** | **28 U.S.C. § 455(a)** (appearance of |

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| | Trustee's failure to investigate fraud and preserve estate. | **Denied.** Court mischaracterizes motion as FRCP 60(b), ignores ADA affidavit and fraud claims. | bias); Misapplication of *In re Kapsin*, 265 B.R. 778. |
| 02/14/25 | **Good Faith (Case 25-40952):** File Schedules (ECF 30) & Motion to Seal re: medical disabilities (ECF 26). | **Orders Stricken.** Court denies reasonable ADA accommodation. | **42 U.S.C. § 12132 (ADA);** 28 C.F.R. § 35.160; *Tennessee v. Lane*, 541 U.S. 509. |
| 02/26/25 | **Good Faith:** File Motion to Extend (ECF 56) with proof of COVID-19 hospitalization. | ECF 58: Grants only a 3-day extension during medical crisis. | **Abuse of Discretion;** Lack of equitable consideration. |
| 03/03/25 | **Good Faith:** File Third Motion to Extend (ECF 61) in MI case. | ECF 63/64: Motion Denied. Case Dismissed despite filed schedules. | **Factual Error; Due Process** violation. |
| 04/06/25 | **Direct Harm from Judicial Inaction:** Debtor suffers severe injury (severed finger) due to no electricity (Palmetto Electric shutoff). | **Judge's Inaction:** Court was aware of stay violations but took no action to sanction creditors or prevent harm. | **11 U.S.C. § 362(k);** Court's duty to ensure safety and fairness. |
| 05/23/25 | **Good Faith:** Debtors medically unable to attend hearing. | ECF 57/58: Motion to Impose Stay Denied solely due to absence. Court refuses virtual hearing or continuance. | **28 C.F.R. § 35.160 (ADA); 5th Amend. Due Process;** *Goldberg v. Kelly*, 397 U.S. 254. |
| 05-07/25 | **Ultimate Good Faith:** Make every Chapter 13 plan payment on time, totaling **$17,620.96.** | **Court's Prejudgment:** Court repeatedly states plan is "patently unconfirmable" and sets hearings for dismissal. | **11 U.S.C. § 1322** (Plan requirements met); **Judicial Bias (28 U.S.C. § 455(b)(1)).** |
| 06/10/25 | N/A | **Creditor Fraud:** West Aircomm executes hostile repossession of Debtors' vehicle. | **11 U.S.C. § 362(a)(3)** – Willful stay violation. |

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|------|----------------------|-----------------------------------|------------------------------|
| 06/12/25 | **Good Faith:** File Medical Emergency Motion for ADA accommodations (ECF 88) with physician's documentation. | **ECF 90:** Motion Denied. **ECF 81:** Court grants retroactive Relief from Stay to West Aircomm, blessing the illegal repossession. | 18 U.S.C. § 157 (Bankruptcy fraud - retroactive approval); **Collusion.** |
| 07/23/25 | **Good Faith:** File Emergency ADA Motion (ECF 101) for continuance due to surgery recovery. | **ECF 103:** Motion Denied. Court holds hearing *ex parte* while Debtor hospitalized. **ECF 104:** Grants Trustee's objection to exemptions. | 28 U.S.C. § 455(a); Due Process; 11 U.S.C. § 522(l) (Exemptions presumed valid). |

## SUMMARY OF VIOLATIONS:

1. **Systemic ADA Violations:** 7 documented denials of accommodation requests.
2. **Judicial Bias & Prejudgment:** Demonstrated pattern of ruling for creditors and against disabled, pro se debtors.
3. **Collusion with Creditors:** Retroactive approval of illegal creditor acts (**18 U.S.C. § 157**).
4. **Denial of Due Process:** Assets stripped and case dismissed without meaningful hearings.
5. **Failure to Execute Judicial Duty:** Refusal to enforce the Automatic Stay or protect the estate from fraud.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted this 20th day of August, 2025.

Jacqueline Elizabeth Ard, Debtor Pro Se
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

Terry Frank Nicola, Debtor Pro Se
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com