Filed By The Court

12/6/2025 7:07 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

In re:
**Jacqueline Elizabeth Ard
and Terry Frank Nicola,**
                    **Debtor(s).**

Case No. 25-01384-JD
Chapter 7

**DEBTORS' OBJECTION AND REBUTTAL
TO NATIONSTAR MORTGAGE, LLC'S
MOTION TO COMPEL ABANDONMENT
OF PROPERTY**

## DEBTORS' OBJECTION AND REBUTTAL TO NATIONSTAR MORTGAGE, LLC'S MOTION TO COMPEL ABANDONMENT OF PROPERTY

**NOW COME the Debtors**, Jacqueline Ard and Terry F. Nicola, pro se, and respectfully submit this Objection and Rebuttal to Nationstar Mortgage, LLC's ("Nationstar" or "Movant") Motion to Compel Abandonment of real property. For the reasons below, the Motion is legally and factually defective, unsupported by evidence, and should be **denied or stricken** without a hearing.

### A. Movant's Filing Contains Material Inaccuracies, Including Identifying the Wrong State

Movant incorrectly asserts that the subject property is located in **North Carolina**. The property is, and has at all times been, located in **Hilton Head Island, South Carolina.**

This is a *material* misstatement in a motion seeking abandonment of bankruptcy-estate property. Such an error undermines the credibility and reliability of the filing and warrants striking the motion as facially defective.

### B. Movant Submitted No Exhibits, No Evidence, and No Supporting Documentation

Nationstar filed the motion without a single supporting exhibit, including:

- No recorded mortgage
- No proof of secured status

- No payment history
- No appraisal
- No valuation evidence
- No evidence showing lack of equity
- No evidence that abandonment benefits the estate

Under §554(b), the movant bears the burden to show the property is burdensome and of inconsequential value. Movant supplied none.

A motion without evidence must be denied.

## C. The Trustee Has Already Opposed Abandonment and Shown Equity Exists

The Chapter 7 Trustee has:

- Retained a licensed auctioneer
- Voided the improper post-petition deed via consent order
- Resolved transfer issues
- Prepared a Notice of Sale (to be filed imminently)
- Scheduled an anticipated auction date in mid-February 2026
- Affirmatively stated there is sufficient value to:
    - Pay Nationstar in full, and
    - Produce surplus funds for distribution to creditors

When the Trustee establishes estate equity, **abandonment is legally improper.**

## D. Movant's Statements About the Automatic Stay Are Incorrect

Movant states: **"NO AUTOMATIC STAY IS IN PLACE."**

This is misleading and legally incorrect.

Even if §362(c)(4) may limit the stay *as to actions against the Debtors personally*, the automatic stay absolutely does protect property of the estate.

Under §§ 362(a)(3), 362(c)(1), and 541:

- Property of the Chapter 7 estate is protected until it is
  **(1) abandoned by the Trustee, (2) relief from stay is granted, or (3) the case closes.**

Movant conflates (1) stay termination as to the Debtors,
(2) stay continuation as to property of the estate, and
(3) the standards for abandonment.

Movant provides no legal analysis, no case law, and no evidence supporting its position.

## E. Movant's Request for In Rem Relief Under §362(d)(4) Is Wholly Unsupported

In-rem relief is an extraordinary remedy requiring proof of:

1. **A scheme,**
2. to delay, hinder, or defraud creditors,
3. involving either
   - o   unauthorized transfers, or
   - o   multiple filings as part of a coordinated effort.

Movant provides:

- **No evidence of a scheme**
- **No evidence of intent**
- **No evidence of bad faith**
- **Only conclusory allegations and mischaracterizations**

The Trustee's own objection confirms:

- The Debtors **did not** engage in a scheme to hinder or delay Nationstar
- The improper transfer was voided and resolved
- The estate is being properly administered
- The property will be sold in a standard public auction that benefits all creditors

Thus, **in-rem relief is not only unsupported—it is wholly improper.**

## F. Abandonment Under §554(b) Is Improper and Directly Opposed by the Trustee

Movant appears to argue that because it wishes to foreclose, the Trustee should abandon the property. That is not the law.

To obtain abandonment under §554(b), Movant must show:

1. The property is **burdensome,** *and*
2. The property is **of inconsequential value** to the estate.

Movant proves neither.

In fact:

- The Trustee has determined the property has substantial equity.
- A Trustee-run auction will likely pay Movant in full and generate surplus for unsecured creditors.
- Movant provided no valuation, no appraisal, and no evidence that the estate lacks value.

A secured creditor is not entitled to abandonment simply to expedite foreclosure.

## G. The Trustee Has Exclusive Authority Over Property of the Estate

Under §§ 704, 541, 549, and 363, the Trustee—not Movant—controls estate property and its disposition.

The Court has already:

- Addressed the improper transfer
- Entered a Consent Order voiding it
- Authorized the Trustee's administration
- Recognized the Trustee's exclusive authority to sell estate assets

The Trustee has:

- Retained a licensed auctioneer
- Prepared a Notice of Sale
- Set an anticipated public auction date

Nationstar's motion attempts to **circumvent, disrupt, and preempt the Trustee's court-approved administration**, which is improper under the Bankruptcy Code.

## H. Request to Deny or Strike the Motion Without a Hearing

Given the:

- Material inaccuracies
- Lack of evidence
- Legal deficiencies
- Trustee's detailed objection
- Clear record
- Absence of factual disputes

The Debtors respectfully request that the Court deny or strike the motion based solely on the filings, without the need for a hearing.

Judicial economy and the interests of the estate support resolving the motion on the papers.

**WHEREFORE, the Debtors respectfully request that this Court:**

1. **DENY** Nationstar Mortgage, LLC's Motion to Compel Abandonment;
2. **STRIKE** the Motion for being unsupported, inaccurate, and legally defective;
3. **ISSUE a ruling without a hearing,** as the record is complete and undisputed; and
4. Grant such other and further relief that the Court deems just and proper.

Respectfully submitted this ___6___ day of December, 2025.

_____
Signature of Jacqueline E. Ard *Pro Se* Debtor

JACQUELINE E. ARD
_____
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

_____
Signature of Terry F. Nicola *Pro Se* Debtor

Terry F. Nicola
_____
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

## CERTIFICATE OF SERVICE

**I hereby certify that I have served a true and correct copy of the foregoing document entitled:**

- **DEBTORS OBJECTION TO NATIONSTARS MOTION TO COMPEL ABANDONMENT**

**in the above-captioned matter on December 6, 2025 to the following persons and/or entities at the last known addresses in this bankruptcy proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, priority mail, postage prepaid, and by delivery of electronic mail to the following perons:**

**US Trustee's Office Strom Thurmond Federal Building
1835 Assembly Street Suite 953
Columbia, SC 29201**

**Elizabeth Parrott
1544 Old Alabama Rd
Roswell GA  30076**

**Kevin Campbell
PO Box 684
Mount Pleasant, SC 29465**