Filed By The Court

2/23/2026 9:06 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

**Jacqueline Ard and
Terry F. Nicola,**

        **Debtor(s)**

)
)
)
)
)
)
)
)
)
)
)
)
)

BK CASE NO.:25-01384-JD
CHAPTER 7

**DEBTORS' OBJECTION TO
TRUSTEE'S PROPOSED ORDER
AUTHORIZING SALE**

## DEBTORS' OBJECTION TO TRUSTEE'S PROPOSED ORDER AUTHORIZING SALE

Debtors Jacqueline E. Ard and Terry F. Nicola, appearing pro se, respectfully object to the

Trustee's Proposed Order Authorizing Sale and state as follows:

## I. INTRODUCTION

The Trustee's proposed order should not be entered in its current form because it:

1. improperly treats all property as non-exempt despite Debtors' amended schedules;
2. fails to account for Debtors' statutory exemption rights under **11 U.S.C. § 522** and applicable South Carolina law;
3. contains overbroad findings regarding abandonment and personal property;
4. seeks to waive the **Rule 6004(h)** stay without specific findings; and
5. includes premature "good faith purchaser" protections unsupported by evidence.

Debtors have **amended Schedules A/B, C, and G** to cure the issues raised by the Trustee. The

proposed order, as drafted, does not reflect the corrected record and would improperly divest

Debtors of property the Bankruptcy Code protects.

Debtors do not oppose a properly structured sale limited to the estate's non-exempt interest.

However, the proposed order exceeds what the current record supports and fails to preserve

Debtors' statutory rights.

## II. OBJECTION — INSUFFICIENT FINDINGS UNDER 11 U.S.C. § 363

Debtors respectfully object because the proposed order lacks the specific factual findings required under 11 U.S.C. § 363(b) and § 363(f).

As drafted, the order relies on conclusory assertions rather than the supported, particularized findings required for approval of a free-and-clear sale.

### A. Legal Standard

A trustee seeking to sell property outside the ordinary course must demonstrate a sound business purpose and that the sale is in the best interests of the estate.

**In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 147–50 (3d Cir. 1986).**

Courts routinely require express findings that the proposed sale:

- reflects a valid exercise of business judgment;
- is supported by a sound business purpose;
- is reasonably calculated to obtain fair value;
- is in the best interests of the estate and unsecured creditors; and
- satisfies at least one subsection of § 363(f).

See also:

- **In re KVN Corp., 514 B.R. 1, 5–6 (B.A.P. 9th Cir. 2014)**
- **In re Scimeca Found., Inc., 497 B.R. 753, 781–82 (Bankr. E.D. Pa. 2013)**

Because a sale free and clear is an **extraordinary remedy**, courts require a clear evidentiary record and specific findings.

### B. The Proposed Order Contains Conclusory — Not Supported — Findings

### 1. Sound Business Purpose

The order does not articulate specific facts demonstrating why liquidation of each property represents sound business judgment. Missing findings include:

- current equity analysis for each property;
- comparison of sale proceeds versus secured and priority claims;

- analysis of whether liquidation maximizes estate value versus alternatives.

Without these findings, the § 363(b) standard is not satisfied on the face of the order.

## 2. Best Interests of the Estate and Unsecured Creditors

The proposed order contains no meaningful liquidation analysis showing benefit to unsecured creditors after accounting for:

- secured claims;
- HOA/regime claims;
- auctioneer and closing costs;
- trustee compensation; and
- properly claimed exemptions.

Courts scrutinize sales that primarily benefit secured or administrative claimants.

**KVN Corp., 514 B.R. at 5–6.**

The absence of such findings renders the order procedurally deficient.

## 3. Fair and Reasonable Sale Process

Although an online auction is proposed, the order lacks findings regarding:

- scope and duration of marketing;
- exposure to the market;
- competitiveness of bidding procedures;
- why the process will maximize value.

Courts generally require these findings before approving real property liquidation.

## 4. Statutory Basis for Sale Free and Clear Under § 363(f)

The order authorizes a sale free and clear of interests but does not identify which subsection(s) of 11 U.S.C. § 363(f) are satisfied as to each affected property or lienholder. Section 363(f) permits a free-and-clear sale only if the trustee establishes at least one of the statute's five enumerated grounds. The Trustee bears the burden of demonstrating that a qualifying subsection applies.

Here, the order contains no specific findings addressing, for example:

- whether each lienholder has consented (§ 363(f)(2));

3

- whether any interest is subject to a **bona fide dispute** (§ 363(f)(4));
- whether the **sale price exceeds the aggregate value of liens** (§ 363(f)(3)); or
- whether any other statutory basis under § 363(f) has been satisfied.

General language stating that liens will attach to sale proceeds does not substitute for the required statutory analysis. Without property-specific and lienholder-specific findings under § 363(f), the record does not clearly establish the legal basis for authorizing a free-and-clear sale.

## 5. Failure to Address Debtors' Amended Exemptions

The proposed order's notation that Debtors' exemptions are "N/A" does not address the Debtors' **amended schedules and cure filings**, which are part of the operative record and must be evaluated before determining the scope of the estate's interest. Under 11 U.S.C. § 541(a)**,** property becomes property of the estate only to the extent of the estate's legal and equitable interests; correspondingly, any sale under § 363 may reach only the estate's interest**,** not interests that are properly exempted.

Where amended exemptions have been filed and remain pending or unresolved, the Court must analyze their effect before authorizing disposition of the property. The absence of findings addressing the amended exemptions leaves the record incomplete as to **what portion of the property, if any, remains in the estate** and therefore subject to sale. Without that analysis, the proposed order does not fully determine the estate's interest as required by the Bankruptcy Code and applicable procedure.

## C. Relief Requested (as to § 363 findings)

Debtors respectfully request that the Court:

- **Deny entry** of the Proposed Order in its current form; or
- Require the Trustee to supplement the record with property-specific findings regarding:
    - business justification;
    - net benefit to the estate;
    - adequacy of the sale process;
    - precise statutory basis under § 363(f); and
    - impact of Debtors' amended exemptions.

**4**

# III. LEGAL STANDARD —EXEMPTIONS MUST BE HONORED UNDER § 522

## A. Statutory Text

Section 522(l) establishes the procedural mechanism by which exemptions become effective in bankruptcy. The statute requires the debtor to file a list of property claimed as exempt and then places the burden on parties in interest to timely object. If no proper and timely objection is sustained, the property claimed as exempt is deemed exempt by operation of law.

The Supreme Court has repeatedly emphasized that § 522(l) is strictly applied. Once the debtor lists property as exempt and the objection period passes without a successful challenge, the exemption is generally final—even if the exemption might have been legally questionable. See *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992).

Accordingly, the key inquiry under § 522(l) is not whether the exemption was ultimately correct on the merits, but whether:

- the debtor properly claimed the exemption on the schedules; and
- a party in interest timely and successfully objected.

Absent sustained objection and proper findings addressing the amended exemption filings, treating exemptions as categorically "N/A" risks overlooking the statutory mechanism that governs when exemptions become effective.

## B. Controlling Supreme Court Authority

The Supreme Court has repeatedly held that the exemption scheme in **11 U.S.C. § 522** must be applied strictly according to the statutory text and procedural rules, and that courts may not alter or override exemptions based on equitable considerations.

- **Taylor v. Freeland & Kronz, 503 U.S. 638 (1992)**
  The Court held that if a trustee fails to timely object to a claimed exemption under Rule 4003, the exemption is allowed—even if the exemption may have been legally improper. Taylor emphasizes the **finality and rule-based nature** of § 522 and the importance of enforcing the statutory objection process.
- **Schwab v. Reilly, 560 U.S. 770 (2010)**
  The Court clarified that exemption rights are determined by the **value and interest**

5

**claimed on Schedule C**, reinforcing that § 522 operates through precise statutory mechanics. Schwab underscores that parties must follow the **structured framework Congress created** rather than rely on assumptions or equitable adjustments.

- **Law v. Siegel, 571 U.S. 415, 425 (2014)**
  The Court held that a bankruptcy court **may not use its equitable powers under § 105(a)** to surcharge or deny exemptions in a manner inconsistent with § 522, even in the face of debtor misconduct. Law confirms that **§ 522's protections cannot be overridden by equitable concerns** and must be enforced as written.

**Taken together**, these decisions establish that:

- Exemption rights are governed by the statutory text and procedural rules**,**
- Courts must apply § 522 as written**,** and
- Equitable considerations **cannot be used to circumvent the exemption scheme Congress enacted**.

In **Law v. Siegel**, the Court held:

"Federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code."

The Court further held that § 105(a) cannot override § 522.

## C. Fourth Circuit Application

Courts within the Fourth Circuit consistently apply § 522 according to its plain statutory framework, emphasizing that exemption determinations must be grounded in the Bankruptcy Code rather than administrative convenience or case-management concerns.

In *In re Nguyen*, 211 F.3d 105 (4th Cir. 2000), the Fourth Circuit underscored that exemption rights are governed by the structure and timing requirements of § 522 and Rule 4003, and that courts must adhere closely to the statutory scheme when evaluating exemption claims and objections.

Bankruptcy courts within the Circuit have followed the same approach. In *In re Anderson*, 609 B.R. 643 (Bankr. D. Md. 2019), the court reiterated that exemption disputes turn on the statutory process—particularly proper scheduling and timely objection—rather than equitable preferences or administrative expediency. Similarly, *In re Bunn-Rodemann*, 491 B.R. 132 (Bankr. E.D. Va.

2013), recognized that exemption outcomes are dictated by the Code's framework and the parties' compliance with it.

Taken together, these authorities confirm a consistent principle in this Circuit: exemption rights rise or fall based on the Bankruptcy Code's statutory requirements and the procedural record. They do not depend on administrative shorthand or conclusory treatment of the debtor's amended exemption filings.

## D. Application to This Case

In this case, Debtors took affirmative steps to cure any previously identified deficiencies by timely amending Schedules A/B and C, correcting the legal bases for the claimed exemptions, removing inapplicable exemptions, and providing clarifying disclosures to ensure the record accurately reflects the nature and extent of the claimed interests. These corrective actions were designed to bring the schedules into full compliance with the requirements of the Bankruptcy Code and Rules.

Notwithstanding these cures, the proposed order proceeds as if the subject assets are entirely non-exempt and authorizes relief that risks extinguishing Debtors' protected interests before the exemption issues have been fully and finally adjudicated. That approach is inconsistent with the statutory framework.

Under 11 U.S.C. § 522(l)**,** property claimed as exempt becomes exempt unless a party in interest timely and properly objects. Moreover, the Supreme Court has made clear that bankruptcy courts may not use equitable considerations to override the exemption scheme established by Congress. **Law v. Siegel, 571 U.S. 415, 425 (2014).** Accordingly, where amended exemptions have been filed and remain subject to the statutory objection process, treating the property as wholly non-exempt without full analysis and adjudication is improper and risks depriving Debtors of rights the Code expressly protects.

## IV. OBJECTION — OVERBREADTH AND RISK OF IRREPARABLE PREJUDICE

## A. Improper Presumption of Non-Exempt Status

The proposed order appears to treat the subject real and personal property as entirely non-exempt. That approach is procedurally premature under the structure of the Bankruptcy Code.

The Code establishes a sequential framework:

- Property initially becomes property of the estate under **11 U.S.C. § 541**.
- The debtor retains the right to claim exemptions under **11 U.S.C. § 522**.
- Upon allowance of exemptions, the exempt portion is withdrawn from the estate.

The Supreme Court has emphasized that this process must be respected. See **Taylor v. Freeland & Kronz, 503 U.S. 638 (1992)** (exemptions control absent timely objection), and **Schwab v. Reilly, 560 U.S. 770 (2010)** (the estate retains only the non-exempt portion of property).

By proceeding as though the assets are wholly non-exempt, the proposed order risks authorizing liquidation of interests that may ultimately be determined to be partially or fully exempt. At minimum, any sale authorization should expressly limit the transaction to the estate's non-exempt interest only**,** with all properly claimed exemption rights preserved pending final adjudication.

## B. Turnover and Disposal Provisions Are Broader Than Necessary

The proposed order requires immediate turnover, surrender of possession, and potential disposal of personal property. While the Court possesses authority under **11 U.S.C. §§ 363 and 542**, **that authority must be exercised in a manner that is precisely and narrowly tailored to property of the estate**.

As currently drafted, the order appears to authorize:

- automatic forfeiture of personal property;
- unilateral disposal authority; and
- possession relief untethered to final exemption determinations.

Such broad relief creates a material risk of sweeping in property that may not properly be subject to estate administration, including property that is:

- fully exempt under **§ 522**;

8

- partially exempt;
- owned by third parties; or
- outside the bankruptcy estate under **§ 541**.

Courts consistently recognize that turnover and sale authority extends only to property of the estate and must account for unresolved exemption and ownership issues. See **11 U.S.C. §§ 541, 542, 522**.

Accordingly, any turnover or possession relief should be expressly limited to non-exempt property of the estate as finally determined**,** and should preserve the Debtors' and any third parties' rights pending resolution of exemption and ownership disputes.

## Debtors' Cooperation

Critically, the extraordinary and harsh measures contemplated in the proposed order are unnecessary under the present record. The Debtors have acted in good faith and have demonstrated ongoing cooperation with the administration of the estate. Specifically, Debtors have:

- cooperated with the Chapter 7 Trustee;
- provided access to the properties and requested information;
- permitted inspections without hesitation; and
- refrained from any conduct obstructing marketing or administration efforts.

Where debtors are cooperating and there is no showing of concealment, dissipation, or obstruction, courts generally **require proportional and narrowly tailored remedies**, rather than precautionary dispossession or automatic forfeiture provisions. See **11 U.S.C. §§ 363, 542** (authorizing turnover and sale relief limited to property of the estate and subject to appropriate protections).

Accordingly, the record does not support the imposition of sweeping possession or disposal authority at this stage, and any relief should be carefully tailored to preserve potentially exempt or disputed property interests while allowing the Trustee to proceed in an orderly and lawful manner.

## C. Risk of Irreparable Prejudice

If entered as drafted, the proposed order would authorize:

- turnover of fully furnished units;
- disposal of Debtors' personal property; and
- liquidation of assets prior to a final determination of exemption rights.

Such relief carries a substantial risk of **irreparable prejudice**. Once property is sold or personal contents are discarded, exemption rights—though legally preserved—cannot be meaningfully restored in practical terms. See **11 U.S.C. §§ 522, 541**; **Schwab v. Reilly**, 560 U.S. 770 (2010) (exemption process determines what property ultimately leaves the estate).

Because the consequences of premature liquidation are effectively irreversible, courts require **careful scrutiny and narrowly tailored relief** before authorizing turnover and disposal measures that may sweep in exempt or disputed property interests.

## V. RULE 6004(h) WAIVER IS UNSUPPORTED

The proposed order seeks to waive the 14-day stay imposed by Fed. R. Bankr. P. 6004(h) but does not provide specific findings establishing cause for such extraordinary relief. Rule 6004(h) is designed to preserve the status quo and protect appellate rights following authorization of a sale. Courts in this Circuit routinely require an articulated, case-specific justification—such as demonstrated exigency or risk of material loss—before eliminating that protection.

Here, the proposed order contains no particularized findings of urgency, prejudice, or other cause sufficient to support waiver. In the absence of such findings, immediate effectiveness would be procedurally premature and risks impairing Debtors' ability to seek meaningful review.

## VI. PREMATURE GOOD-FAITH FINDINGS

The order includes good-faith purchaser protections under **§ 363(m)** without an evidentiary record establishing:

- arm's-length negotiation;
- absence of collusion;
- purchaser good faith.

**10**

Such findings are premature at this stage.

## VII. REQUESTED RELIEF

Debtors respectfully request that the Court:

1. Decline to enter the Proposed Order in its current form;
2. Require revision to:

   - clarify that any sale is limited to the estate's non-exempt interest;
   - preserve Debtors' claimed exemptions pending final determination;
   - ensure exemptions attach to identifiable proceeds;
   - narrowly tailor turnover and disposal provisions;
   - provide specific § 363 findings; and
   - remove or justify any Rule 6004(h) waiver and § 363(m) findings;

3. Grant such other and further relief as the Court deems just and proper.


Dated ___2 - 22 - 2026___

**Respectfully submitted,**

**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

|  |  |  |
|---|---|---|
| **IN RE:** | ) ) ) ) ) ) ) ) ) ) ) ) ) | BK CASE NO.:25-01384-JD<br>CHAPTER 7 |
| **Jacqueline Ard and<br>Terry F. Nicola,** | | |
| Debtor(s) | | **DEBTORS' MEMORANDUM IN<br>SUPPORT OF OBJECTION TO<br>TRUSTEE'S PROPOSED ORDER<br>AUTHORIZING SALE** |

## DEBTORS' MEMORANDUM IN SUPPORT OF OBJECTION TO TRUSTEE'S PROPOSED ORDER AUTHORIZING SALE

Debtors Jacqueline E. Ard and Terry F. Nicola, appearing pro se, respectfully submit this Memorandum in Support of their Objection to the Trustee's Proposed Order Authorizing Sale and state as follows:

## I. INTRODUCTION

The Trustee's proposed order seeks authority to liquidate multiple properties outside the ordinary course of business and to do so free and clear of interests. While the Bankruptcy Code permits such relief in appropriate circumstances, it does not permit approval based on conclusory or boilerplate findings.

Here, the proposed order:

- improperly treats all property as non-exempt despite Debtors' amended schedules;
- fails to account for Debtors' statutory exemption rights under 11 U.S.C. § 522 and applicable South Carolina law;
- contains overbroad findings regarding turnover and disposal;
- seeks free-and-clear relief without property-specific statutory findings; and
- does not demonstrate a meaningful benefit to unsecured creditors.

1

Debtors do **not** oppose the Trustee's administration of **non-exempt** assets. Debtors' narrow concern is that the proposed order proceeds as though all property interests are fully non-exempt and fails to preserve rights mandated by the Bankruptcy Code.

Appendix A is submitted to assist the Court in reviewing the controlling authorities supporting this memorandum.

## II. LEGAL STANDARD GOVERNING § 363 SALES

A trustee does not obtain authority to sell a debtor's property on a hunch or through boilerplate language. When property is sold outside the ordinary course of business, the trustee bears the burden of demonstrating — with facts — that the proposed sale is justified and beneficial to the estate.

Courts describe this burden clearly.

In **In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 147–50 (3d Cir. 1986)**, the court explained that a trustee must come forward with a **sound business justification** supported by evidence. The bankruptcy court is not to "rubber-stamp" a proposed sale merely because the trustee requests it.

Accordingly, courts expect sale orders to contain **specific factual findings**, not generalized conclusions. Proper findings typically demonstrate that:

1. the trustee exercised reasoned business judgment;
2. a sound business purpose supports the timing of the sale;
3. the sale process is reasonably calculated to obtain fair value;
4. the sale is in the best interests of the estate and unsecured creditors; and
5. if the sale is free and clear, at least one subsection of § 363(f) is satisfied.

Other courts reinforce the same principle: where a sale will not produce a meaningful benefit to unsecured creditors, or where findings are conclusory, approval is improper. See **In re KVN Corp., 514 B.R. 1, 5–6 (B.A.P. 9th Cir. 2014)**; **In re Scimeca Found., Inc., 497 B.R. 753, 781–82 (Bankr. E.D. Pa. 2013)**.

Because a free-and-clear sale is an **extraordinary remedy**, the evidentiary record — and the order itself — must contain specific, supported findings.

In short, before the Court authorizes a forced sale, the Trustee must demonstrate with facts, not assumptions, that:

- the sale is justified,
- the process is fair,
- the estate will benefit, and
- the statute is satisfied.

## III. THE PROPOSED ORDER CONTAINS CONCLUSORY — NOT SUPPORTED — FINDINGS

The Trustee seeks authority to liquidate multiple properties outside the ordinary course. However, upon review, the Debtors identified critical gaps in the proposed findings.

### A. No Concrete Showing of Sound Business Purpose

The proposed order does not articulate specific facts demonstrating why liquidation of each property represents sound business judgment.

Missing findings include:

- current equity analysis for each unit;
- comparison between anticipated sale proceeds and secured and priority claims; and
- analysis of whether liquidation — rather than abandonment or alternative administration — maximizes estate value.

Without these facts, the business-judgment requirement of § 363(b) is not satisfied on the face of the order.

### B. No Demonstrated Benefit to Unsecured Creditors

The order also fails to show that the proposed sales are in the best interests of the estate and unsecured creditors.

There is no meaningful liquidation analysis addressing what, if anything, unsecured creditors are expected to receive after accounting for:

3

- secured claims;
- HOA/regime claims;
- auctioneer commissions and closing costs;
- trustee compensation; and
- Debtors' properly claimed exemptions.

Courts routinely scrutinize sales that primarily benefit secured or administrative claimants rather than unsecured creditors. **KVN Corp., 514 B.R. at 5–6.**

The absence of this analysis renders the order procedurally incomplete.

## C. Insufficient Findings Regarding Sale Process

Although the Trustee proposes an online auction, the order lacks findings demonstrating that the process is reasonably calculated to obtain fair value.

The order contains no findings regarding:

- scope and duration of marketing;
- market exposure;
- competitiveness of bidding procedures; or
- why the process will maximize value.

Courts generally require such findings before approving real property liquidation.

## D. Failure to Tie Free-and-Clear Relief to § 363(f)

The proposed order authorizes sale free and clear of liens and interests but does not identify which subsection(s) of § 363(f) are satisfied for each property.

The Trustee bears the burden of establishing at least one statutory ground. Yet the order contains no property-specific findings regarding:

- lienholder consent;
- bona fide dispute;
- whether the sale price exceeds lien value; or
- any other qualifying subsection.

General language that liens attach to proceeds is not a substitute for the required statutory findings.

4

**E. Failure to Address Debtors' Amended Exemptions**

The order states Debtors' exemptions are "N/A" but does not address the Debtors' amended Schedules A/B and C and cure filings.

Under **11 U.S.C. § 541(a)**, the estate may administer only the estate's interest in property. Debtors, in turn, retain the statutory right to exempt property under **§ 522(b)**, and properly claimed exemptions control unless disallowed under **§ 522(l)**.

The Supreme Court has made clear:

"Federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code."
— **Law v. Siegel, 571 U.S. 415, 425 (2014)**

The proposed order proceeds as though the subject assets are wholly non-exempt and authorizes relief that risks extinguishing Debtors' protected interests. That approach conflicts with the statutory framework.

Courts within the Fourth Circuit routinely permit sales while preserving exemption rights in proceeds. See, e.g., **In re Bunn-Rodemann, 491 B.R. 132 (Bankr. E.D. Va. 2013).**

The requested clarification simply preserves the statutory structure Congress enacted.

## IV. STATUTORY FRAMEWORK REQUIRES PRESERVATION OF EXEMPT VALUE

The Bankruptcy Code establishes a clear sequence:

- **11 U.S.C. § 541(a)** — property enters the estate;
- **11 U.S.C. § 522(b)** — the debtor may exempt property;
- **11 U.S.C. § 522(l)** — properly claimed exemptions control unless disallowed.

Thus, even where a sale proceeds, **exempt value must follow the proceeds**.

Debtors emphasize:

- Debtors do **not** oppose administration of non-exempt assets;
- Debtors seek only preservation of rights guaranteed by § 522 and **Law v. Siegel**;
- The proposed order presently treats all property as fully non-exempt without the required analysis.

A narrow, standard clarification resolves the issue without prejudice to any creditor.

## V. REQUESTED PRESERVATION LANGUAGE

Debtors respectfully request insertion of standard language providing:

**"To the extent any exemption is ultimately allowed, such exemption shall attach to the Debtors' share of the net sale proceeds consistent with 11 U.S.C. § 522."**

This language:

- protects statutory rights,
- preserves estate administration, and
- reflects common practice in this Circuit.

## VI. RELIEF REQUESTED

For the foregoing reasons, Debtors respectfully request that the Court:

1. **Decline to enter** the Proposed Order in its current form; **or alternatively**,
2. Require the Trustee to supplement the record and proposed order with property-specific findings addressing:
    o business justification;
    o net benefit to the estate;
    o adequacy of the sale process;
    o precise statutory basis under § 363(f); and
    o the impact of Debtors' amended exemptions;
3. Insert clarifying language preserving any allowed exemptions in sale proceeds; and
4. Grant such other and further relief as the Court deems just and proper.

A brief and targeted clarification will not prejudice creditors but will ensure the sale order rests on the fully developed findings the Bankruptcy Code requires.

Dated ___2-22-2026___

**Respectfully submitted,**

**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076

6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| **IN RE:** | ) | BK CASE NO.:25-01384-JD |
|  | ) | CHAPTER 7 |
| **Jacqueline Ard and** | ) |  |
| **Terry F. Nicola,** | ) |  |
| **Debtor(s)** | ) | **APPENDIX A** |
|  | ) |  |
|  | ) | **CONTROLLING LAW** |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## APPENDIX A — CONTROLLING LAW

### Purpose of Appendix A

Appendix A is provided to assist the Court in efficiently reviewing the controlling statutory framework and precedential authorities governing (i) exemption rights and (ii) approval of sales under 11 U.S.C. § 363. Each authority below is summarized in plain, case-specific terms to show how the Bankruptcy Code structures the analysis and why targeted modification of the proposed order is warranted.

## A. Property of the Estate — 11 U.S.C. § 541(a)

**Statutory Text (in relevant part):**
Section 541(a) provides that the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."

**What the Statute Means**

Section 541 is the starting point of every bankruptcy case. It broadly brings the debtor's property interests into the bankruptcy estate so the trustee can evaluate and administer them.

But § 541 is only the first step — not the final word.

**Why It Matters Here**

The Trustee may administer only **the estate's interest** in property. Section 541 does not eliminate the debtor's separate statutory right to remove property from the estate through exemptions. That function is governed by § 522.

## B. Debtor's Right to Exempt Property — 11 U.S.C. § 522(b)

**Statutory Framework**

Section 522(b) expressly authorizes individual debtors to exempt certain property from the bankruptcy estate under applicable federal or state law.

**What the Statute Means**

Congress created a two-track system:

1. Property initially enters the estate (§ 541), but
2. Debtors are then permitted to withdraw protected property through exemptions (§ 522).

Courts consistently describe exemptions as a core protection of the Bankruptcy Code intended to give honest debtors a meaningful fresh start.

**Why It Matters Here**

Even where a trustee seeks to liquidate assets, the court must determine **what portion of the property actually belongs to the estate after exemptions are considered.**

## C. Effect of Properly Claimed Exemptions — 11 U.S.C. § 522(l)

**Verbatim Statutory Text**

"The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.
Unless a party in interest objects, the property claimed as exempt on such list is exempt."

**What the Statute Means**

Section 522(l) establishes a structured, burden-shifting process:

**Step 1 — Debtor claims the exemption**

The debtor must:

- list the property on Schedule C, and
- cite the statutory basis.

Once done, the exemption is presumptively valid.

2

**Step 2 — Objecting party must prevail**

The trustee must:

- timely object, and
- sustain the objection on the merits.

If not, the exemption stands.

**Why It Matters Here**

Debtors have amended their schedules to address the Trustee's concerns. The proposed order, however, proceeds as though the assets are fully non-exempt without analyzing the amended exemption claims.

Section 522(l) requires the Court to respect properly claimed exemptions unless and until they are disallowed on legally recognized grounds.

# D. Supreme Court Authority — Taylor v. Freeland & Kronz, 503 U.S. 638 (1992)

**Holding**

The Supreme Court held that if no timely objection is sustained, the exemption is allowed — even if the debtor had no colorable basis for claiming it.

**Short Explanation**

In Taylor, the trustee believed the debtor had overreached in claiming an exemption but failed to properly stop it. The Supreme Court enforced the statute strictly: deadlines and procedures matter, and exemptions cannot be undone informally.

**Why It Matters Here**

Taylor underscores that exemption rights are governed by the statutory framework — not by assumption or administrative convenience.

# E. Supreme Court Authority — Schwab v. Reilly, 560 U.S. 770 (2010)

**Holding**

The Court clarified that trustees must object if they dispute the scope of an exemption; otherwise, the claimed exempt interest is protected.

**What the Case Means**

Schwab teaches that the exemption process is precision-driven. Trustees must engage the statutory framework directly — they cannot rely on general assumptions about value or entitlement.

**Why It Matters Here**

The proposed order treats the properties as wholly non-exempt without engaging the amended exemption claims in the manner Schwab contemplates.

# F. Supreme Court Authority — Law v. Siegel, 571 U.S. 415 (2014)

**Key Holding**

"Federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code."
— *Law v. Siegel*, 571 U.S. at 425.

**Short Explanation**

In Law v. Siegel, the debtor engaged in serious misconduct. Even so, the Supreme Court unanimously held that the bankruptcy court could not surcharge the debtor's homestead exemption using its equitable powers. Congress wrote the exemption rules, and courts must follow them as written.

**Why It Matters Here**

Law v. Siegel establishes a controlling principle:

- Courts may administer non-exempt assets,
- but they may not nullify exemptions outside the statutory framework.

Debtors rely on this principle narrowly — not to block administration — but to ensure any sale order preserves exemption rights where required by § 522.

# G. Standard for Sales Outside the Ordinary Course — 11 U.S.C. § 363(b)

**Statutory Framework**

Section 363(b) permits a trustee to sell estate property outside the ordinary course of business **after notice and a hearing.**

**Judicial Interpretation**

4

Courts require a demonstrated **sound business purpose** supported by facts.

### In re Abbotts Dairies of Pa., Inc., 788 F.2d 143 (3d Cir. 1986)

**Holding**

The trustee must articulate a sound business justification for the sale.

**Short Explanation**

Abbotts Dairies teaches that a bankruptcy court is not a rubber stamp. Before approving a sale, the court must see evidence that the trustee made a reasoned business decision that benefits the estate.

**Required Findings Typically Include**

- valid business judgment
- sound business purpose
- fair value process
- benefit to the estate
- compliance with § 363(f) if free and clear

**Why It Matters Here**

Debtors' objection focuses on the absence of these property-specific findings in the proposed order.

## H. Meaningful Benefit Requirement — In re KVN Corp., 514 B.R. 1 (B.A.P. 9th Cir. 2014)

**Holding**

Courts scrutinize sales that primarily benefit secured creditors or administrative claimants without producing a meaningful benefit for unsecured creditors.

**Short Explanation**

KVN warns against sales where the estate does all the work but unsecured creditors receive little or nothing.

**Why It Matters Here**

The proposed order does not include a liquidation analysis showing the expected benefit to unsecured creditors after all senior obligations.

# I. Requirement of Adequate Record — In re Scimeca Found., Inc., 497 B.R. 753 (Bankr. E.D. Pa. 2013)

**Holding**

A sale must be supported by a clear evidentiary record demonstrating the transaction is justified and beneficial.

**Why It Matters**

Because free-and-clear sales are extraordinary, courts require specific factual support — not generalized conclusions.

# J. Fourth Circuit Principle — Exemptions Governed by Statute

Courts within the Fourth Circuit consistently apply the rule that exemption rights rise or fall under the statutory framework of § 522 and may not be disregarded through procedural shortcuts.

See, e.g.:

- **In re Nguyen, 211 F.3d 105 (4th Cir. 2000)**
- **In re Anderson, 609 B.R. 643 (Bankr. D. Md. 2019)**

**What This Means**

Even where a sale proceeds, courts routinely ensure that:

- the debtor's exemption interest is preserved, and
- any allowed exemption attaches to sale proceeds.

# K. Governing Structural Principle

Putting the statutes together, the Bankruptcy Code creates this required sequence:

1. Property enters the estate — § 541(a)
2. Debtor may exempt property — § 522(b)
3. Properly claimed exemptions control — § 522(l)
4. Trustee may sell only the estate's remaining interest — § 363

**Practical Rule**

A sale may proceed.

But **exempt value must follow the proceeds.**

6

## CONCLUSION OF APPENDIX A

The authorities above establish a consistent rule:

- Trustees may administer non-exempt assets;
- courts must require fact-supported § 363 findings; and
- properly claimed exemptions must be honored and preserved consistent with § 522 and **Law v. Siegel**.

Debtors respectfully submit that targeted modification of the proposed order — rather than wholesale denial — will ensure full compliance with the Bankruptcy Code while allowing the Trustee to administer any non-exempt value.

Dated ___2-22 2026___

**Respectfully submitted,**

**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076

7

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

**CASE NO.: 25-01384-JD**

**IN RE:**

**Jacqueline Ard and**
**Terry F. Nicola,**

        **Debtor(s)**

# Certificate of Service

**(Pursuant to 28 U.S.C. § 1746)**

I, Jacqueline Ard, hereby certify that on this 21th day of February 2026, I caused to be served a true and correct copy of the following documents upon the following parties by depositing same in the United States Mail, first-class postage prepaid, properly addressed as follows and via Electronic Mail:

- **DEBTORS' OBJECTION TO TRUSTEE'S PROPOSED ORDER AUTHORIZING SALE.**
- **DEBTORS' MEMORANDUM IN SUPPORT OF OBJECTION TO TRUSTEE'S PROPOSED ORDER AUTHORIZING SALE**
- **APPENDIX A — CONTROLLING LAW**
- **NOTICE OF FILING EMERGENCY MOTION FOR STAY PENDING APPEAL IN THE UNITED STATE DISTRICT COURT**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

10

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Tel: (843) 884-6874
Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803
Tel: (843) 884-6874
Email: mconrady@campbell-law-firm.com

Executed on this 23 day of February , 2026.

_____
**Jacqueline E. Ard**
Mailing Address:
21215 Dartmouth Dr
Southfield MI 48076
Email: jacquelineard72@gmail.com
Telephone: (313)770-7051

11