UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | B/K Case No. 25-01384-JD |
| JACQUELINE ELIZABETH ARD and | ) | |
| TERRY FRANK NICOLA | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |

**OBJECTION TO DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO MANAGE AND PERFORM PRE-EXISTING SHORT TERM RENTAL CONTRACTS**

Kevin Campbell, the duly appointed and acting Chapter 7 Trustee for the above Debtors, hereby objects to the Motion of Jacqueline Ard (the "Debtor") seeking an Order authorizing the Debtor to manage and perform all duties necessary to execute four (4) existing, finite, pre-petition short term rental contracts through April 30, 2026 and would show unto this Court the following:

The Debtors filed for Chapter 13 relief on April 10, 2025. On April 25, 2025, under the penalty of perjury, the Debtors filed with the Bankruptcy Court Schedule G which disclosed no pre-petition executory contracts.

The case was converted to one under Chapter 7 on September 9, 2025. Since the conversion of the case the Debtors never amended Schedule G to disclose any pre-petition executory contracts.

On February 23, 2026, this Court approved the Trustee's sale of (a) 100 Kensington Blvd., Unit 1106, Bluffton, SC 29910; (b) 663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC 29928; (c) 239 Beach City Road, Unit 3218, Hilton Head Island, SC 29926; and (d) 663 William Hilton Parkway, Unit 4405, Hilton Head Island, SC 29928 by public auction to be concluded on March 26, 2026.

The Trustee, through his Court appointed auctioneer, successfully concluded the public auction by selling all four units for gross sales price, including a buyer's premium, for $866,800. Each of the highest bidders have 30 days after the conclusion of the auction to close on the transactions.

As part of the bidding process, potential bidders were given access to each of the units wherein they were able to view and inspect the condition of the properties. Based upon this inspection, they were able to place bids based upon their then existing condition.

In the afternoon of March 30, 2026, the Debtor, unannounced and without an appointment, showed up to the Trustee's office demanding to meet with Trustee. Although the Trustee had no available time, he met with her for approximately two hours after normal business hours. At that meeting the Trustee discussed the four properties, including the Debtor's desire to schedule a time to remove some personal affects from the properties. Notwithstanding the fact that the Order approving the sale required the Debtors to remove all personal affects by March 1, 2026, to try to accommodate the Debtors, he indicated a willingness to provide them with supervised access to the property at a date and time to be determined with the auctioneer.

At that meeting, the Debtor notified the Trustee that the Debtor had placed, without the knowledge or consent of the Trustee, the four properties as available for short term rentals through her account with Airbnb. At approximately 1:30 a.m. on Tuesday, March 31, 2026, the Debtor emailed to the Trustee a list of the upcoming rentals. In that email it was disclosed that the total revenue would be $3,114.76. After taking into consideration costs of cleaning the units, the net to be received would be approximately $2,514.76.

Later that morning the Trustee spoke with the Debtor about these rentals and indicated that he would have to investigate whether or not it would be in the best interest of the estate to seek authorization from the Court to allow these short term rentals to take place.

Thereafter, the Trustee had a consultation with Alex Bourland, the auctioneer, and instructed his counsel to have a conversation with the Office of the United States Trustee. Based upon all information available to the Trustee, using his best business judgment, he determined that the risks associated with allowing unknown third parties unrestricted access to the properties for a relatively de minimis amount of $2,500, while the Trustee had over $850,000 in executed binding contracts for sale of the properties, did not justify the risk.

At approximately 3:00 p.m. on March 31, 2026, Trustee's counsel sent an e-mail to the Debtors advising them of the Trustee's decision to not allow the short term rental. The Debtors were requested to immediately contact Airbnb to advise them of the cancellations, and to confirm Airbnb's receipt of the cancellation.

Rather than cancelling the reservations with Airbnb as requested by the Trustee, at approximately 8:30 a.m. on April 1, 2026, the Debtors sent an email to the Trustee and others purportedly serving the Emergency Motion. The pleadings were filed with the Court at approximately 1:01 p.m. on April 1, 2026.

Pursuant to 11 U.S.C. §721, "the court may authorize the trustee to operate the business of the debtor for a limited period of time, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." This code section does not allow the Court to authorize a debtor to operate the business. As indicated herein, the Trustee does not believe that the operation of the business to allow for these

short term rentals is in the best interest of the estate.

Attached to the pleadings was a Proof of Service, which purportedly served certain parties by mail and electronic means. It does not appear that the pleadings were served on the approximately 228 creditors and other parties in interest included on the mailing matrix.

Further, the case caption used only reflects that Jaqueline Ard as the Debtor, it does not include Terry Frank Nicola, who is also a co-Debtor in this case. The Emergency Motion only includes Jacqueline Ard and does not include Terry Frank Nicola, the co-Debtor and co-owner of the four properties.

WHEREFORE, the Trustee prays that this Court deny the Motion and for such other and further relief this Court deems just and equitable.

Respectfully submitted,

CAMPBELL LAW FIRM, P.A.

/s/ Michael Conrady
MICHAEL H. CONRADY
Attorney for the Trustee
P.O. Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/884-0997(fax)
District Court I.D. No. 5560
mconrady@campbell-law-firm.com

Mt. Pleasant, South Carolina
This 2nd day of April, 2026.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | B/K Case No. 25-01384-JD |
| JACQUELINE ELIZABETH ARD and | ) | |
| TERRY FRANK NICOLA | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |

**CERTIFICATE OF SERVICE**

I, Michael H. Conrady, attorney with the Campbell Law Firm, P.A. hereby certify that on this day the Debtors were served electronically with a true and correct copy of the following:

**OBJECTION TO EMERGENCY MOTION**

/s/ Michael Conrady
MICHAEL H. CONRADY, ESQ.
Campbell Law Firm, PA
Post Office Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/ (843) 884-0997 fax

Mt. Pleasant, South Carolina
Dated: April 2, 2026